O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#46 (04/29 hrg off); reset #33

CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | April 25, 2013 |
|---|---|---|---|
| Title | Jun-En Enterprise, *et al.* v. Peter K. Lin, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Granting Plaintiffs' Motion for Relief from Order of Dismissal

Before the Court is Plaintiffs' motion for relief from order of dismissal pursuant to Fed. R. Civ. P. 60(b). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS the motion.

I.     Background

Plaintiffs Agape Industry Co., Ltd. ("Agape Industry") and Jun-En Enterprise ("Jun-En") (collectively "Plaintiffs") are Taiwanese corporations doing business internationally, including in California and the rest of the United States. *SAC* ¶ 1-2. Plaintiffs manufacture and sell metal products and machinery that produces metal products. *Id.* ¶¶ 10, 11. Jun-En entered into an agreement with Defendant Peter K. Lin ("Lin"), whereby Lin was engaged to market and sell Plaintiffs' metal products and machinery (the "Agreement"). *Id.* ¶ 12. Lin was to generate orders and transmit those orders to Plaintiffs in Taiwan. *Id.* To carry out the terms of the Agreement, Lin established two California corporations, Defendant Agape Industrial, Inc. ("Agape Industrial") and Jun-En Enterprise (USA), Inc. *Id.* ¶ 13.

Plaintiffs allege that Lin and Agape Industrial (collectively "Defendants") have diverted Plaintiffs' customers to competitor businesses, that Lin took steps to conceal Defendants' actions

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#46 (04/29 hrg off); reset #33

CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | April 25, 2013 |
|---|---|---|---|
| Title | Jun-En Enterprise, *et al.* v. Peter K. Lin, *et al.* | | |

from Plaintiffs and Plaintiffs' existing and potential customers, and that Lin created Agape Industrial so as to appear to be associated with Agape Industry. *Id.* ¶ 14.

Plaintiffs filed a First Amended Complaint ("FAC") against Defendants alleging: trademark infringement, unfair competition, breach of contract, breach of duty of loyalty, misappropriation of trade secrets, unfair business practices, and tortious interference with prospective business advantage. *See* Dkt. # 13. Defendants filed a motion to dismiss the FAC, *see* Dkt. # 22, which this Court granted in part and denied in part. *See* Dkt. # 26.

Shortly thereafter, Plaintiffs filed a Second Amended Complaint ("SAC"), *see* Dkt. # 30 and Defendants filed a motion to dismiss five of the seven causes of action. *See* Dkt. # 33. On February 1, 2013, the Court granted the motion to dismiss because Plaintiffs failed to file a timely opposition. *See* Dkt. # 44. A week later, Plaintiffs filed this motion for relief from the February 1, 2013 Order on the grounds of excusable neglect because Plaintiffs' counsel did not realize that Defendants had filed their Motion to Dismiss. *See* Dkt. # 46.

II. Legal Standard

Excusable neglect encompasses situations where the failure to comply with a filing deadline is attributable to negligence and includes omissions caused by carelessness. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)). Under the Ninth Circuit's *Pioneer–Briones* standard, courts must consider at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id.* (citing *Pioneer*, 507 U.S. at 395; *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). The determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Id.*

III. Discussion

Turning to the *Pioneer* factors—first, the Court finds that Defendants would be minimally prejudiced if the Court grants Plaintiffs' motion. The Ninth Circuit has recognized that losing a previous "quick but unmerited victory" is not considered prejudicial. *Ahanchain v.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#46 (04/29 hrg off); reset #33

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2734 PSG (SSx) | Date | April 25, 2013 |
|---|---|---|---|
| Title | Jun-En Enterprise, *et al.* v. Peter K. Lin, *et al.* | | |

*Xenon Pictures, Inc.* 624 F.3d 1253, 1262 (9th Cir. 2010). Although the motion to dismiss only pertained to five of Plaintiffs' claims, the victory would nonetheless be "quick but unmerited."

Second, Plaintiffs' delay in filing the Opposition was minimal. The Opposition Plaintiffs ultimately filed concurrently with their motion for relief was only eighteen days late, and only one week after they realized they had made an error. *See Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding that a month long delay was insufficient to deny request for relief).

Third, while Plaintiffs' reason for the delay is particularly weak, it is still excusable neglect. Plaintiffs' counsel claims that he "erroneously assumed that [the CM/ECF notice] related to some of the six, hand-filed documents [he] had received via e-mail from Ms. Bacani earlier that day [and] [a]s a result, [he] failed to realize that Defendants [sic] had filed a Motion to Dismiss in addition to their Answer." *Mot.* 8:22-26. Because Plaintiffs' counsel did not realize a motion had been filed, he also "failed to calendar the matter for response." *Mot.* 9:12-14. While the Ninth Circuit has recognized that a calendaring mistake is a "weak justification for an attorney's delay", it has recognized that a calendaring error constitutes excusable neglect. *Ahanchain*, 624 F.3d at 1262 (citing *Bateman*, 231 F.3d at 1225; *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004)); *cf. Sanchez v. Stryker Corp.*, No. 2:10-cv-08832 ODW (JCGx), 2012 WL 1570569, at *3 (C.D. Cal. May 2, 2012) (denying a motion for relief based on an "inadvertent calendaring error").

Fourth, there is no indication that Plaintiffs' failure to file a timely Opposition was the result of bad faith. Plaintiffs' counsel had no history of missing deadlines or disobeying the district court's orders. *See Ahanchain*, 624 F.3d at 1262. Accordingly, Plaintiffs' motion under Rule 60(b)(1) is GRANTED.

IV.  Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for relief from the order of dismissal. **The Motion to Dismiss previously set for hearing on February 11, 2013 is reset for hearing on June 10, 2013**. The parties are directed to file all necessary moving papers in accordance with the local rules.

**IT IS SO ORDERED.**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#46 (04/29 hrg off); reset #33**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2734 PSG (SSx) | Date | April 25, 2013 |
|---|---|---|---|
| Title | Jun-En Enterprise, *et al.* v. Peter K. Lin, *et al.* | | |