

FILED
CLERK, U.S. DISTRICT COURT

JUL - 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

H.G. Robert Fong, 53535
bobfong@ix.netcom.com
Ku & Fong
444 South Flower Street, Suite 1500
Los Angeles, California 90071
(213) 488-1400

Russell J. Cole, 136981
Paul R. DePasquale, 47671
prdrjclaw@yahoo.com
DePasquale & Cole
523 West Sixth Street, Suite 707
Los Angeles, California 90014
(213) 629-3550

Attorneys for Plaintiffs
JUN-EN ENTERPRISE and
AGAPE INDUSTRY CO., LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., LTD., a Taiwan Corporation,<br><br>       Plaintiffs,<br><br>      vs.<br><br>PETER K. LIN, AGAPE INDUSTRIAL, INC., and DOES 1 through 10,<br><br>       Defendants. | No.  CV 12-2734 PSG (SSx)<br><br>**THIRD AMENDED COMPLAINT FOR INFRINGEMENT OF REGISTERED TRADEMARK (15 U.S.C. §1114[1]); UNFAIR COMPETITION (15 U.S.C. §1125[a]); BREACH OF CONTRACT;  BREACH OF DUTY OF LOYALTY; UNFAIR BUSINESS PRACTICES; TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; CONVERSION; and FRAUD** |

COME NOW Plaintiffs JUN-EN ENTERPRISE and AGAPE INDUSTRY CO.,

LTD., by counsel, and allege as follows:

# JURISDICTIONAL ALLEGATIONS

1.      At all times relevant, Plaintiff AGAPE INDUSTRY CO., LTD., (hereinafter "AGAPE INDUSTRY") was, and is, a corporation organized pursuant to the laws of the Republic of China (Taiwan), with its principal place of business in Kaohsiung, Taiwan, and doing business internationally, including in interstate commerce in California and the rest of the United States.

2.      At all times relevant, Plaintiff JUN-EN ENTERPRISE (hereinafter JUN-EN) was, and is, a corporation organized pursuant to the laws of the Republic of China (Taiwan), with its principal place of business in the Renwu Township in Taiwan, and doing business internationally, including in interstate commerce in California and the rest of the United States.

3.      Plaintiffs are informed and believe and thereupon allege that at all times relevant herein Defendant PETER K. LIN (hereinafter "LIN") was a competent adult, a citizen of the United States and the State of California, domiciled in California, and a resident of the County of Los Angeles.

4.      Plaintiffs are informed and believe and thereupon allege that, at all times relevant herein, Defendant AGAPE INDUSTRIAL, INC., was and is a corporation organized under the laws of the State of California, doing business in the County of Los Angeles, with a principal place of business in Rolling Hills Estates.

5.      Plaintiffs are informed and believe, and thereupon allege, that the amount in

- 2 -

controversy, without interest and costs, exceeds the $75,000.00 threshold specified in 28

U.S.C. section 1332, so that this District Court has jurisdiction over the matter based

upon the diversity of citizenship of the parties.

6.     This action involves a claim for trademark infringement and other unfair

competition under the Trademark Act of 1946, as amended (The Lanhan Act, 15 U.S.C.

sections 1051, et seq.), for which this District Court has jurisdiction pursuant to 15

U.S.C. section 1121(a).

7.     Venue is proper in the Central District of California in that the Defendants

are subject to the jurisdiction of this District Court, and a substantial part of the events or

omissions giving rise to the claim occurred in this District.

8.     The true names and capacities of those Defendants denominated as DOES 1

through 10 are presently unknown to Plaintiffs, who are informed and believe, and

thereupon allege, that each of the fictitiously named Defendants has participated in the

acts alleged in this Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiffs incorporate the allegations of Paragraphs 1 through 8, above, as if

fully set forth here.

10.     At all times relevant, Plaintiff JUN-EN was and is in the business of

manufacturing and selling machinery for the production of metal products such as

expanded metal, metal mesh products, perforated-metal sheets, metal netting, woven wire cloth, metal mesh conveyor belts and chain link fencing.

11.    At all times relevant, Plaintiff AGAPE INDUSTRY was and is in the business of, and existed for, facilitating Plaintiff JUN-EN's business of manufacturing and selling industrial machinery, and is in the nature of a liaison company for JUN-EN.

12.    Prior to the acts and events giving rise to this litigation, Plaintiff JUN-EN entered into an agreement with Defendant LIN, whereby LIN was employed to market and sell machinery manufactured by JUN-EN.  LIN was to generate orders and transmit those orders to JUN-EN and/or AGAPE INDUSTRY in Taiwan.  This agreement was never reduced to writing, so that no written contract between the parties exists. However, numerous written documents related to the Plaintiffs' business conducted by Defendant LIN document and support the existence and operation of the agreement.

13.    To accomplish the purposes of his employment, LIN caused two California corporations to be established, Agape Industry, Inc., and Jun-En Enterprise (USA), Inc., which were wholly-owned subsidiaries of the parent companies in Taiwan.

14.    Plaintiffs are informed and believe and thereupon allege that, as more fully alleged below, Defendants LIN, AGAPE INDUSTRIAL, INC., and Doe Defendants have diverted customers of JUN-EN and AGAPE INDUSTRY to businesses other than either JUN-EN or AGAPE INDUSTRY.  Further, LIN and the Doe Defendants took steps to conceal these actions from JUN-EN and AGAPE INDUSTRY, and from

- 4 -

existing or potential customers of the Plaintiffs, by falsely passing themselves off as being related to, or authorized to conduct business on behalf of, the Plaintiffs. Such deception included the formation by Defendant LIN of a subsequent California corporation, Defendant AGAPE INDUSTRIAL, INC., so as to appear to be associated with AGAPE INDUSTRY in Taiwan and with the Plaintiffs' California subsidiary corporation, Agape Industry, Inc.

15.    In or about 2009, Plaintiffs became aware of LIN's tortious and dishonest conduct toward them as alleged herein. They came into possession of a copy of the hard drive from LIN's computer (provided to Plaintiffs by the Taiwan Police Department) which revealed that LIN had been diverting customers and otherwise violating his duties toward Plaintiffs, misappropriating their money and property, since at least as early as 2007. Plaintiffs therefore terminated the contract and business relationship with LIN in early 2010. At or near this same time, LIN thereupon tried to cover up and provide ostensible justification for his deceitful and tortious activity. Shortly after his termination, in February 2010, Defendant LIN caused to be filed with the California Secretary of State an amended Statement of Information for Agape Industry, Inc., which purported to amend prior corporate filings for the corporation to show LIN as the Chief Executive Officer, Secretary and Chief Financial Officer of the corporation, rather than Hsiu-Ying Lu, who had previously been reported to the Secretary of State as properly holding such offices in the corporation. Further, Plaintiffs are informed and believe that,

in 2011, in a further attempt to cover up his tortious activities, LIN caused himself to be listed on late-filed 2008, 2009 and 2010 California and federal income tax returns for Agape Industry, Inc., as the owner of one hundred percent (100%) of the voting shares of stock for the corporation, even though the corporation and its assets were the property of Plaintiffs, with all of the stock being held for Plaintiffs in the name of Hsiu-Ying Lu. Again, these purported alterations of the corporate structure were undertaken without Plaintiffs' knowledge or consent, and were done by LIN in order to enable him to loot the subsidiary corporation, Agape Industry, Inc., and to divert Plaintiffs' assets to himself and third parties.

### FIRST CAUSE OF ACTION
**Infringement of Registered Trademark (15 U.S.C. § 1114[1])**
**By AGAPE INDUSTRY CO., LTD., Against Defendants PETER K.**
**LIN, AGAPE INDUSTRIAL, INC., and Does 1 through 10**

16.     Plaintiffs incorporate the allegations of Paragraphs 1 through 8, and 10 through 15, above, as if fully set forth here.

17.     Plaintiff AGAPE INDUSTRY is the owner of United States Trademark Registration No. 3,969,166, first used in commerce on or about March 1, 2005, and registered May 31, 2011, for, among other things, metal working machines manufactured by Plaintiff JUN-EN, namely machines for production of metal mesh products, in Class 7, a true and correct copy of which is attached hereto as Exhibit "A" (such trademark hereinafter "the AG trademark"). This registration is now valid,

- 6 -

subsisting, not canceled or revoked.

18.     Continuously since on or about March 1, 2005, Plaintiff AGAPE INDUSTRY has used the AG trademark in connection with its products and services, including machinery manufactured by JUN-EN and sold through AGAPE INDUSTRY, to identify them and to distinguish them from similar products and services offered by other companies. The AG trademark was displaying on products and advertizing and on promotional materials distributed in California and throughout the United States. AGAPE INDUSTRY and JUN-EN have been, and are, actively engaged in expanding the use of the AG trademark in connection with products in interstate commerce throughout the United States and elsewhere.

19.     Plaintiffs are informed and believe that Defendant LIN, along with Defendants AGAPE INDUSTRIAL, INC., and DOES 1 through 10, have represented that Plaintiffs JUN-EN and/or AGAPE INDUSTRY are the manufacturer of machinery which Defendant is selling, when, in fact, the machinery was manufactured by competitors of AGAPE INDUSTRY and/or JUN-EN. The machinery sold by Defendants was virtually identical to the products offered by AGAPE INDUSTRY and/or JUN-EN, and was sold under the AG trademark, or under a mark so similar as to cause confusion or mistake, or otherwise to deceive customers of AGAPE INDUSTRY and/or JUN-EN. Unless enjoined by this District Court, such infringement will continue to cause irreparable injury to the AG trademark. Plaintiff AGAPE INDUSTRY

therefore has a right of action against Defendants for infringement of a registered

trademark pursuant to 15 U.S.C. 1114(1).

## SECOND CAUSE OF ACTION
### Unfair Competition (15 U.S.C. §1125[a])
### By JUN-EN ENTERPRISE and AGAPE INDUSTRY CO., LTD.,
### Against Defendants PETER K. LIN, AGAPE INDUSTRIAL, INC.,
### and Does 1 through 10

20.     Plaintiffs incorporate the allegations of Paragraphs 1 through 8, 10 through

15,  and 17 through 19, above, as if fully set forth here.

21.     Plaintiffs are informed and believe that Defendant LIN, along with

Defendants AGAPE INDUSTRIAL, INC., and DOES 1 through 10, falsely represented

that the manufacturers of machinery being sold by Defendants were either Plaintiffs

JUN-EN or AGAPE INDUSTRY, when, in fact, Defendants were providing machinery

manufactured by competitors of JUN-EN and AGAPE INDUSTRY.  Defendant LIN

represented himself as being Plaintiffs' representative in order to generate orders for

machinery.  In furtherance of this deception, Defendants formed a California

corporation, "Agape Industrial, Inc.," to deceive customers into believing that they were

doing business with Plaintiff AGAPE INDUSTRY and the Plaintiffs' subsidiary, Agape

Industry, Inc.  LIN and the other Defendants utilized the same physical address, very-

similar letterhead and other trade dress, and otherwise purport to be Plaintiffs' agents.

However, Defendants instead delivered machinery built by Plaintiffs' competitors,

giving rise to a cause of action for unfair competition pursuant to 15 U.S.C. 1125(a).

## THIRD CAUSE OF ACTION
### Breach of Contract
### By Plaintiffs Against Defendant PETER K. LIN

22. Plaintiffs incorporates the allegations of Paragraphs 1 through 8, 10 through 15, 17 through 19, and 21, above, as if fully set forth here.

23. Plaintiffs have performed all of their obligation under the contract with LIN, including, but not limited to, paying his salary and otherwise paying the expenses of LIN's efforts as a salesman for Plaintiffs. However, by his actions as alleged herein, Defendant LIN has breached his contract to be the agent for JUN-EN and AGAPE INDUSTRY in California and the United States, thereby causing damage to JUN-EN and AGAPE INDUSTRY in an amount subject to proof at trial.

## FOURTH CAUSE OF ACTION
### Breach of Duty of Loyalty
### By Plaintiffs Against Defendant PETER K. LIN

24. Plaintiffs incorporate the allegations of Paragraphs 1 through 8, 10 through 15, 17 through 19, 21, and 23, above, as if fully set forth here.

25. By agreeing to be employed and act as the sales person for Plaintiffs JUN-EN and AGAPE INDUSTRY, Defendant LIN voluntarily entered into a relationship with Plaintiffs whereby they were the principals and he was the agent. As such, LIN owed a duty of loyalty to JUN-EN and AGAPE INDUSTRY, including, but not limited

to, a duty not to compete with Plaintiffs in matters connected with such agency. As set forth above, LIN has breached this duty of loyalty by diverting Plaintiffs' business to competing companies. Specifically, but not by way of limitation, LIN has deprived Plaintiffs of the benefit of potential customers developed as a result of marketing actions taken on behalf of Plaintiffs by failing to market and sell Plaintiffs' machinery to such potential customers despite LIN's obligation and fiduciary duty to Plaintiffs resulting from his agency relationship to the Plaintiffs. LIN and the other unknown Defendants have thereby caused damage to JUN-EN and AGAPE INDUSTRY in an amount subject to proof at trial.

### FIFTH CAUSE OF ACTION
**Unfair Business Practice**
**By Plaintiffs Against Defendants PETER K. LIN, AGAPE**
**INDUSTRIAL, INC., and Does 1 through 10**

26. Plaintiffs incorporate the allegations of Paragraphs 1 through 8, 10 through 15, 17 through 19, 21, 23 and 25, above, as if fully set forth here.

27. In committing the acts and/or omissions alleged herein, Defendants LIN, AGAPE INDUSTRIAL, INC., and DOES 1 through 10 engaged in unlawful, unfair or fraudulent business practices, by engaging in a course of conduct which could properly be called Defendants' business practices, and which were at the same time forbidden by law, giving rise to a cause of action pursuant to California Business and Professions Code sections 17200, et seq., creating in Plaintiffs a right of action for disgorgement of

- 10 -

profits obtained through such unfair business practices and for injunctive relief to enjoin the further unfair and deceptive business practices by Defendants, and each of them. Such unfair business practices include, but are not limited to, failing to market and sell machinery to potential customers of Plaintiffs which have been developed through the efforts of Plaintiffs and Plaintiffs' officers, agents and employees, including LIN.

## SIXTH CAUSE OF ACTION
**Tortious Interference with Prospective Business Advantage**
**By Plaintiffs Against Defendants PETER K. LIN, AGAPE**
**INDUSTRIAL, INC., and Does 1 through 10**

28.    Plaintiffs incorporate the allegations of Paragraphs 1 through 8, 10 through 15, 17 through 19, 21, 23, 25 and 27, above, as if fully set forth here.

29.    Defendants LIN, AGAPE INDUSTRIAL, INC., and DOES 1 through 10 were aware, or reasonably should have been aware, of the relationship between Plaintiffs JUN-EN and AGAPE INDUSTRY and their customers, and had a duty to act reasonably so as to not interfere with such relationships and the business advantage that JUN-EN and AGAPE INDUSTRY would enjoy as a result.  Nonetheless, as alleged herein, said Defendants negligently and/or intentionally interfered with such business relationships between Plaintiffs and their current and/or prospective customers, causing injury and damage to JUN-EN and AGAPE INDUSTRY in an amount subject to proof at trial.

/ / /

/ / /

- 11 -

## SEVENTH CAUSE OF ACTION
### Conversion
**By Plaintiffs Against Defendants PETER K. LIN, AGAPE INDUSTRIAL, INC., and Does 1 through 10**

30. Plaintiffs incorporate the allegations of Paragraphs 1 through 8, 10 through 15, 17 through 19, and 21, 23, 25, 27 and 29, above, as if fully set forth here.

31. Ostensibly in order to further Plaintiffs' business, Defendant LIN, acting as agent for Plaintiffs JUN-EN and AGAPE INDUSTRY, caused the California corporation Agape Industry, Inc., to be formed. That corporation and its assets were the property of Plaintiffs, with all of the stock being held for Plaintiffs in the name of Hsiu-Ying Lu. However, Defendant LIN tortiously took such property from Plaintiffs and converted it to his own possession and benefit, using the corporation and its assets as if they were his own and for his own benefit (or the benefit of third parties, including Plaintiffs' business competitors), rather than for the benefit of Plaintiffs. Such actions by LIN were unknown to Plaintiffs, and were not authorized by Plaintiffs. Plaintiffs did not consent to such actions by LIN, which were a substantial cause of harm to Plaintiffs in an amount subject to proof at trial.

## EIGHTH CAUSE OF ACTION
### Fraud (Concealment)
**By Plaintiffs Against Defendant PETER K. LIN**

32. Plaintiffs incorporate the allegations of Paragraphs 1 through 8, 10 through 15, 17 through 19, 21, 23, 25, 27, 29 and 31, above, as if fully set forth here.

- 12 -

33. Defendant LIN, as the agent of Plaintiffs, had a fiduciary relationship to them. Although LIN provided some information to Plaintiffs regarding the operation of the Plaintiffs' business, Agape Industry, Inc., LIN nonetheless failed to disclose to Plaintiffs the crucial fact that he was surreptitiously assuming ownership of Agape Industry, Inc., treating the business as his own, and otherwise taking and using the assets of the corporation, and therefore Plaintiffs assets, for his (or third parties') benefits, rather than for the benefit of Plaintiffs. The Plaintiffs were unaware of these facts, and reasonably relied upon the representations of Defendant LIN, which were made with the intent to deceive Plaintiffs as to the true nature of their business and LIN's dealings as their ostensible agent. Such fraudulent concealment was a substantial cause of harm to the Plaintiffs in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff AGAPE INDUSTRY CO., LTD., demands Judgment against Defendants as follows:

1. Injunctive relief in the form of an order of this District Court enjoining Defendants, and each of them, from further infringement of Plaintiffs' trademark or otherwise passing themselves as related to, or authorized to conduct business on behalf of, Plaintiffs.

WHEREFORE Plaintiffs JUN EN ENTERPRISE and AGAPE INDUSTRY CO., LTD., demand judgment against Defendants as follows:

2.  General damages in an amount subject to proof at trial, but not less than Ten Million Dollars ($10,000,000.00);

3.  Injunctive relief in the form of an order of the District Court enjoining Defendants, and each of them, from further use of Plaintiffs' trade secrets;

4.  For reasonable royalties for the misappropriation of Plaintiffs' trade secrets;

5.  For disgorgement of profits acquired through unfair business practices;

6.  For general and special damages according to proof;

7.  For exemplary damages in an amount sufficient to punish Defendants, and to make an example of them to others;

8.  For an award of reasonable attorneys' fees;

9.  For cost of suit herein; and

10.  For such other and further relief as the Court deems just and proper.

DATED:  July 8, 2013

                               Ku & Fong
                               DePasquale & Cole

By: _____
                               Russell J. Cole
                               Attorneys for Plaintiffs
                               JUN-EN ENTERPRISE and
                               AGAPE INDUSTRY CO., LTD.

# DEMAND FOR JURY TRIAL

Plaintiffs JUN-EN ENTERPRISE and AGAPE INDUSTRY CO., LTD., by counsel, hereby demand a trial by jury herein.

DATED:   July 8, 2012

Ku & Fong
DePasquale & Cole

By: _____
Russell J. Cole
Attorneys for Plaintiffs
JUN-EN ENTERPRISE and
AGAPE INDUSTRY CO., LTD.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, RUSSELL J. COLE, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 523 West Sixth Street, Suite 707, Los Angeles, California 90014.

On July 8, 2013, I served the document described as **THIRD AMENDED COMPLAINT FOR INFRINGEMENT OF  REGISTERED TRADEMARK (15 U.S.C. §1114[1]); UNFAIR COMPETITION (15 U.S.C. §1125[a]); BREACH OF CONTRACT; BREACH OF DUTY OF LOYALTY; UNFAIR BUSINESS PRACTICES; TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; CONVERSION; and FRAUD** by placing  a true copy thereof enclosed in a sealed envelope addressed as follows:

> Lena Bacani
> Thomas Chan
> Fox Rothchild LLP
> 1055 W. Seventh St, Ste 1880
> Los Angeles, CA 90017

\_\_\_   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

\_\_\_   (By FedEx) I deposited such document in an envelope designated by FedEx with delivery fees provided for at the FedEx facility located at Grand Avenue, Los Angeles, California 90014

\_\_\_   (By personal service) I caused such envelope to be delivered by hand to the offices of the addressee.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 8, 2013, at Los Angeles, California.

RUSSELL J. COLE