1  Thomas T. Chan (SBN 129606)
     tchan@foxrothschild.com
2  Lena N. Bacani (SBN 213556)
     lbacani@foxrothschild.com
3  FOX ROTHSCHILD LLP
   1055 West 7th Street, Suite 1880
4  Los Angeles, CA 90017-2544
   Telephone:  213-624-6560
5  Facsimile:   213-622-1154

6  Attorneys for Defendants/Third Party Plaintiffs,
   PETER K. LIN and AGAPE INDUSTRIAL, INC.

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 | JUN-EN ENTERPRISE, a Taiwan           | Case No.: CV 12-02734-PSG-SS
12 | Corporation, AGAPE INDUSTRY CO.,      |
   | LTD., a Taiwan Corporation,           | Hon. Judge Philip S. Gutierrez
13 |                                       |
   |             Plaintiffs,               | **DEFENDANTS' NOTICE OF**
14 |                                       | **MOTION AND MOTION TO**
   |        v.                             | **DISMISS CAUSES OF ACTION 3, 4,**
15 |                                       | **AND 6-8 OF PLAINTIFFS' THIRD**
   | PETER K. LIN, AGAPE INDUSTRIAL,       | **AMENDED COMPLAINT;**
16 | INC., and DOES 1 through 10,          | **MEMORANDUM OF POINTS AND**
   |                                       | **AUTHORITIES IN SUPPORT**
17 |             Defendants.               | **THEREOF**

18

19 | PETER K. LIN, an individual, and      | Date:              9/9/13
   | AGAPE INDUSTRIAL, INC.,               | Time:              1:30 p.m.
20 |                                       | Courtroom:         880, Roybal
   |        Counter-Claimants/Third Party  |
21 |        Plaintiffs,                    | Date Complaint Filed: 03/29/12
   |                                       | Discovery Cutoff:     10/15/13
22 |        v.                             | Trial Date:           01/21/14
23 | JUN-EN ENTERPRISE, a Taiwan           |
   | Corporation, AGAPE INDUSTRY CO.,      |
24 | LTD., a Taiwan Corporation, SHI RU    |
   | YANG aka TONY YANG, an individual,    |
25 | HSIU-YING LU, an individual, and Moes |
   | 1 through 10,                         |
26 |                                       |
   |        Counter-Defendants and Third   |
27 |        Party Defendants.              |

28
_____
              DEFENDANTS' MEMO OF P'S & A'S ISO MOTION TO DISMISS
ACTIVE 21840369v1 07/22/2013                    1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 9, 2013 at 1:30 p.m., or as soon thereafter as this motion may be heard, Defendants Peter K. Lin and Agape Industrial, Inc. (hereafter "Defendants") will bring on for hearing this Motion to Dismiss, before the Honorable Philip S. Gutierrez, in courtroom 880 at 255 East Temple Street, Los Angeles, CA 90012-3332.  Defendants, by and through undersigned counsel, will move, and hereby do move, this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing with prejudice the third, fourth, and sixth through eighth causes of action asserted in Plaintiffs Jun-En Enterprise and Agape Industry Co., Ltd. (hereafter "Plaintiffs'") Third Amended Complaint.  This Motion is made on the ground that Plaintiffs' third, fourth, and sixth through eighth causes of action fail to state claims upon which this Court may grant relief.

Plaintiffs filed the Complaint on March 29, 2012, and a First Amended Complaint on May 9, 2012.  *See* Dkt. No. 13.  Defendants filed a Motion to Dismiss this First Amended Complaint on August 20, 2012.  *See* Dkt. No. 22.  This Court subsequently granted in part, and denied in part, Defendants' Motion to Dismiss.  *See* October 17, 2012 Civil Minutes Order, Dkt. No. 26 ("October 17 Order").

In its October 17 Order, the Court held, in part, that:  (1) Plaintiffs' Breach of Duty of Loyalty claim was preempted by the California Uniform Trade Secrets Act ("CUTSA"); (2) Plaintiffs' Misappropriation of Trade Secrets cause of action "fail[ed] to state the allegedly misappropriated trade secret with sufficient particularity;" and (3) "[t]o the extent Defendants used proprietary information that Plaintiffs have identified as trade secrets to divert customers away from Plaintiffs, Plaintiffs' common law claims are based on the same nucleus of facts as Plaintiff' trade secret misappropriation claim and are, thus, superseded by CUTSA."  *See* Order at Sections C, D, and E, p. 5-7.  The Court dismissed Plaintiffs' claims for Unfair Competition, Breach of Duty of Loyalty, Unfair Business Practices and

1   Tortious Interference with Prospective Business Advantage with leave to amend.

2   *Id.*

3        Plaintiffs then filed a Second Amended Complaint on November 13, 2012,

4   which failed to correct many of the issues addressed by this Court. *See* Dkt. No.

5   30. Defendants filed a Motion to Dismiss this Third Amended Complaint on

6   December 11, 2012. *See* Dkt. No. 33. This Court subsequently granted

7   Defendants' Motion to Dismiss. *See* June 17, 2013 Civil Minutes Order, Dkt. No.

8   64 ("June 17 Order").

9        In its June 17 Order, the Court once again dismissed Plaintiffs' claims for

10  Unfair Competition, Breach of Duty of Loyalty, Unfair Business Practices and

11  Tortious Interference with Prospective Business Advantage, as well as Plaintiffs'

12  claim for Trade Secret Misappropriation, while providing Plaintiffs with yet

13  another leave to amend.

14       Plaintiffs then filed a Third Amended Complaint ("TAC") on July 8, 2013,

15  which dropped the misappropriation of trade secret claim, but added new claims

16  for Conversion and Fraud.

17       The parties have met and conferred regarding this fourth motion in

18  accordance with L.R. 7-3 but have been unable to reach agreement. This Motion is

19  based on the attached Memorandum of Points and Authorities, the pleadings filed

20  in this case, and upon any matters of which this Court may take judicial notice, and

21  such additional evidence or argument as may be presented at or before the hearing

22  on this matter.

23  Dated: July 22, 2013               FOX ROTHSCHILD LLP

24

25

26                   By  /s/ Thomas T. Chan
                    Thomas T. Chan

27                      Lena N. Bacani
                    Attorneys for Defendants/Third Party

28                      Plaintiffs, PETER K. LIN and AGAPE
                    INDUSTRIAL, INC.

ACTIVE 21840369v1 07/22/2013

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES.................... 1

I.  INTRODUCTION................................................................ 1

II. ARGUMENT..................................................................... 2

   A.  Legal Standard.................................................... 2

   B.  Plaintiffs' Third Cause of Action for Breach of
       Contract Fails to Meet the Statute of Frauds................... 3

   C.  Plaintiffs' Third, Fourth, and Sixth Causes of
       Action are Barred by the Statute of Limitations.............. 5

       1.  Plaintiffs' Third, Fourth, and Sixth Causes
           Of Action are Governed by a Two-year
           Statute of Limitations....................................... 5

       2.  Plaintiffs' Third, Fourth, and Sixth Causes of
           Action Began to Run on December 31, 2009,
           At the Latest................................................ 6

   D.  Plaintiffs' Addition of the Seventh and Eighth
       Causes of Action Exceed the Scope of the Court's
       Leave to Amend and Should be Dismissed.................... 7

   E.  Plaintiffs' Seventh Claim for Conversion Should
       Be Dismissed Because Plaintiffs Fail to Plead
       Ownership Rights............................................... 8

   F.  Plaintiffs' Seventh and Eighth Claims Should Also
       Be Dismissed Under Rule 12(b)(1) Because
       Plaintiffs Lack Standing to Assert Them, or
       Alternatively, Should be Dismissed Under Rules
       12(b)(7) and 19 for Failure to Join a Necessary and
       Indispensable Party............................................ 9

|  |  | 1. | Plaintiffs Lack Standing to Assert Claims 7 and 8.................................................. | 9 |
|  |  | 2. | Alternatively, Claims 7 and 8 Should be Dismissed Because Plaintiffs Failed to Join A Necessary Party...................................... | 10 |
|  | G. |  | Plaintiffs' Claims Should be Dismissed With Prejudice Due to Plaintiffs' Continued Misconduct....... | 12 |
| III. |  |  | CONCLUSION....................................................... | 13 |

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*3W S.A.M. Tout Bois v. Rocklin Forest Products, Inc.*,
   Case No. 2:10-CV-01070, 2011 WL 489735 (E.D.Cal. Feb. 7, 2011) ...............4

*Aguilar v. Los Angeles County*,
   751 F.2d 1089 (9th Cir. 1985) ......................................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................3

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*,
   459 U.S. 519 (1983) ............................................................3

*Augusta v. United Serv. Auto. Assn.*,
   13 Cal. App. 4th 4 (Cal. Ct. App. 1993) ...............................6

*Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*,
   2009 U.S. Dist. LEXIS 2667 (N.D.Cal. Jan. 7, 2009)..................... 2, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................2-3

*Benton v. Baker Hughes*,
   2013 WL 3353636 (C.D. Cal. June 30, 2013)...........................7

*Cachil Dehe Band of Wintun Indians v. California*,
   547 F.3d 962 (9th Cir. 2008) ....................................... 11

*Cheske v. Waring*,
   2010 WL 4916611 (C.D. Cal. Nov. 24, 2010)...........................5

*Crane v. Yarborough*,
   2012 WL 1067965 (C.D. Cal. Feb. 6, 2012) ......................7-8

*Cypress Semiconductor Corp. v. Superior Court*,
   163 Cal. App. 4th 575 (Cal. Ct. App. 2008)........................ 6, 7

*Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*,
   276 F.3d 1150 (9th Cir. 2002) .......................................... 10

*DeLeon v. Wells Fargo Bank, N.A.*,
   2010 WL 4285006 (N.D. Cal. Oct. 22, 2010) .......................................7

*Eldredge v. Carpenters 46 N. Cal. Count. Joint Apprenticeship & Training
   Comm.*,
   662 F.2d 534 (9th Cir. 1981) ......................................... 11

*Epstein v. Wash. Energy Co.*,
   83 F.3d 1136 (9th Cir. 1990) ........................................3

*Guillory v. WFS Financial, Inc.*,
   Case No. C06-06963, 2007 WL 879017 (N.D. Cal. Mar. 21, 2007).....................4

*Jolly v. Eli Lilly & Co.*,
   44 Cal.3d 1103 (Cal. 1988).........................................6

*Knoell v. Petrovich*,
   76 Cal. App. 4th 164 (Cal. Ct. App. 1999) ........................... 5-6

*Kolani v. Gluska*,
   64 Cal. App. 4th 402 (Cal. Ct. App. 1998) .............................6

*Lopez v. Martin Luther King, Jr. Hosp.*,
   97 F.R.D. 24 (C.D. Cal. 1983) ...................................... 11

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).............................................. 9, 10

*Mattel, Inc. v. MGA Entm't, Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2011) ...............................5

*Oganyan v. Square Two Financial*,
   2012 WL 4466607 (C.D. Cal. Sept. 26, 2012) ........................ 13

*Olenicoff v. UBS AG*,
   2009 WL 481281 (C.D. Cal. Feb. 24, 2009) ..........................9

*Parks Sch. of Bus., Inc. v. Symington*,
   51 F.3d 1480 (9th Cir. 1995) .......................................3

*PB Farradyne, Inc. v. Peterson*,
   2006 WL 2578273 (N.D. Cal. Sept. 6, 2006) .........................8

*San Diego Police Officers' Ass'n v. Aguirre*,
   2005 WL 3180000 (S.D. Cal. Nov. 5, 2005) .........................9

DEFENDANTS' MEMO OF P'S & A'S ISO MOTION TO DISMISS

ACTIVE 21840369v1 07/22/2013

*Simon v. Eastern KY Welfare Rights Org.,*
    426 U.S. 26 (1976) ..................................................................................9

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,*
    88 F.3d 780 (9th Cir. 1996) ...................................................................2

*United Nat. Ins. Co. v. R&D Latex Corp.,*
    242 F.3d 1102 (9th Cir. 2001) ...............................................................4

**STATUTES**

California Civil Code §1624 ...........................................................................4

California Civil Code §1624(a)(7) ..................................................................5

California Code of Civil Procedure § 339(1) ...............................................5-6

California Commercial Code §2201(1) ............................................................5

Civil Code §1738 ...........................................................................................5

Uniform Commercial Code ............................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 1 .........................................................................................1-2

Fed. R. Civ. P. 12(b)(6) ..............................................................................1, 2

Fed. R. Civ. P. 12(b)(7) .............................................................................9-10

Federal Rules of Civil Procedure 15 ..............................................................7

Federal Rules of Civil Procedure 11 ..........................................................4, 13

Federal Rules of Civil Procedure 12(b)(1) .....................................................9

Federal Rules of Civil Proceure 19 .......................................................9, 10, 11

Federal Rules of Civil Procedure 19(a)(1)(B) ...............................................11

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Peter K. Lin and Agape Industrial, Inc. (collectively, "Defendants") hereby bring their Motion to Dismiss the Third Amended Complaint (Dkt. No. 65) brought by Plaintiffs Jun-En Enterprise and Agape Industry Co., Ltd (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

On October 17, 2012, this Court granted in part, and denied in part, Defendants Motion to Dismiss Plaintiffs Jun-En Enterprise and Agape Industry Co., Plaintiffs' First Amended Complaint ("FAC"). *See* Oct. 17, 2012, Civil Minutes, Dkt. No. 26 ("October 17 Order").

In the October 17 Order, the Court denied Defendants' motion to dismiss Plaintiffs' breach of contract claim as failing to meet California's statute of frauds. *Id.* The Court based this holding on the fact that the Plaintiffs' FAC did "not state whether or not the Agreement was in writing" and therefore, the FAC did "not present an 'insurmountable bar' to Plaintiff's breach of contract claim with respect to the statute of frauds, as Plaintiffs can still provide evidence of a written agreement." *Id.* at Section A, p. 3. The Court noted, however, that "had Plaintiffs' FAC alleged a non-written agreement, Defendants' affirmative defense could have provided a viable basis under the statute of frauds." *Id.*

Plaintiffs' counsels failed to meet their duty to conduct good faith investigation prior to filing the lawsuit and despite having ample opportunity to do so at any time since that October 17 Order, Plaintiffs failed to own up to the fact that a written contract never existed between the parties until filing their SAC more than nine months after first filing their claim against Defendants. *See* Dkt. No. 27, at ¶ 12. This unreasonable and inexcusable delay in coming clean has wasted Defendants' resources in attempting to defend against a clearly time-barred breach of contract claim and, more importantly, this Court's resources in hearing this claim in direct violation of the Federal Rules of Civil Procedure. *See* Fed. R. Civ.

1  P. 1 (noting that federal rules of civil procedure "should be construed and

2  administered to secure the just, speedy, and inexpensive determination of every

3  action and proceeding").

4      Without the existence of a written contract, the Plaintiffs' breach of contract

5  claim is barred as not complying with the statute of frauds.  Additionally, because

6  the Plaintiffs' breach of contract and breach of duty of loyalty claims are based on

7  an oral contract, they are barred by the applicable two-year statute of limitations.

8  Similarly, Plaintiff's tortious interference with prospective business advantage

9  claim is also barred by the applicable two-year statute of limitations.

10      Further amplifying their misconduct in this case, the Plaintiffs have

11  exceeded the bounds of this Court's leave to amend their complaint by adding a

12  Seventh Cause of Action for Conversion and an Eighth Cause of Action for fraud.

13  The Court's order, dated June 17, 2013, granting Defendants' most recent motion

14  to dismiss the Second and Fourth through Seventh causes of action of Plaintiffs'

15  Second Amended Complaint ("SAC"), did not give Plaintiffs leave to add these

16  new claims, and therefore, they should be dismissed.

17      Accordingly, Defendants request that this Court dismiss Plaintiff's Third,

18  Fourth, and Sixth through Eighth Causes of Action, with prejudice.

19  **II.**  **ARGUMENT**

20      **A.**  **Legal Standard**

21      A complaint may be dismissed as a matter of law pursuant to Federal Rules

22  of Civil Procedure 12(b)(6) for one of two reasons:  (1) lack of a cognizable legal

23  theory; or (2) insufficient facts under a cognizable legal theory.  *SmileCare Dental*

24  *Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996); *Axis*

25  *Imex, Inc. v. Sunset Bay Rattan, Inc.*, 2009 U.S. Dist. LEXIS 2667 at *4-5

26  (N.D.Cal. Jan. 7, 2009). A complaint survives a motion to dismiss if it contains

27  "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

28

1  *v. Twombly*, 550 U.S. 544, 570 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662,

2  678 (2009).

3  "The plausibility standard is not akin to a 'probability requirement,' but it

4  asks for more than a sheer possibility that a defendant has acted unlawfully."

5  *Iqbal*, 556 U.S. at 678.

6  In determining the sufficiency of the pleading, all allegations of material fact

7  in the complaint are taken as true and construed in the light most favorable to the

8  non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th

9  Cir. 1995); *Axis Imex,* 2009 U.S. Dist. LEXIS 2667 at *5. Notwithstanding this

10  deference, the reviewing court need not accept "legal conclusions" as true. *Iqbal*,

11  556 U.S. at 678. "[C]onclusionary allegations of law and unwarranted inferences

12  are insufficient to defeat a motion to dismiss for failure to state a claim," and are

13  not entitled to the presumption of truth. *Epstein v. Wash. Energy Co.*, 83 F.3d

14  1136, 1140 (9th Cir. 1990); *Iqbal*, 556 U.S. at 678-679. Moreover, it is improper

15  for a court to assume "the [plaintiff] can prove facts that it has not alleged."

16  *Associated General Contractors of California, Inc. v. California State Council of*

17  *Carpenters*, 459 U.S. 519, 526 (1983).

18  **B.  Plaintiffs' Third Cause of Action for Breach of Contract Fails to**

19  **Meet the Statute of Frauds**

20  As this Court noted in its Order, "[a] court should dismiss a breach of

21  contract claim based on the statute of frauds only 'if it is clear from the face of the

22  complaint or the documents attached thereto that the statute of frauds presents an

23  insurmountable bar to plaintiff's cause of action.'" Order, at Section A, p. 3

24  (quoting *Garden State Equitites, Inc. v. Ross*, No. Civ.A.05-0085 JAG, 2006 WL

25  1128707, at *8 (D.N.J. Mar. 31, 2006). The Court denied dismissing the Breach of

26  Contract claim because "the Plaintiffs [could] still provide evidence of a written

27  agreement." *Id.* Therefore, Plaintiffs' greatly delayed admission that no written

28  contract exists between the parties serves two purposes. First, there is no doubt the

1   conditions are now ripe for the Court to dismiss this claim.  Second, Plaintiffs'

2   dilatory conduct exemplifies  sanctionable behavior they have exhibited throughout

3   this litigation.

4        As stated in Defendants Motion to Dismiss Causes of Action 2 through 7 of

5   Plaintiffs' First Amended Complaint (Dkt. No. 22), where the complaint seeks to

6   enforce an agreement required to be in writing under the statute of frauds, a motion

7   to dismiss will lie.  *See, e.g., 3W S.A.M. Tout Bois v. Rocklin Forest Products, Inc.*,

8   Case No. 2:10-CV-01070, 2011 WL 489735, *3 (E.D.Cal. Feb. 7, 2011)

9   (dismissing claim after applying Uniform Commercial Code statute of frauds);

10  *Guillory v. WFS Financial, Inc.*, Case No. C06-06963, 2007 WL 879017, *6 (N.D.

11  Cal. Mar. 21, 2007) (dismissing claim after applying statute of frauds under

12  California Civil Code §1624).

13       To avoid the Defendants' first motion to dismiss Plaintiffs' breach of

14  contract claim, Plaintiffs purposely failed to inform the Court that no written

15  agreement existed between the parties, while surely knowing that one did not exist.

16  *See* Opposition to Motion to Dismiss, Dkt. No. 23.  This omission of fact before

17  the Court by Plaintiffs and their attorneys has caused Defendants to have to

18  repeatedly defend against an objectively frivolous breach of contract claim.  Such

19  misrepresentation before the Court to ensure delay in the ultimate dismissal of this

20  claim and needlessly jack up the defense cost is sanctionable conduct.  *See United*

21  *Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001) ("Rule 11

22  prohibits lawyers from filing papers with the court that are (1) 'presented for any

23  improper purpose, such as to harass or to cause unnecessary delay or needless

24  increase in the costs of litigation,' or (2) not 'warranted by existing law or by a

25  nonfrivolous argument for the extension, modification, or reversal of existing

26  law.'") (quoting Fed. R. Civ. P. 11(b)(1)-(2)).

27       Like Plaintiffs' FAC and SAC, the TAC still claims damages in excess of

28  $10 million dollars although California's statute of frauds requires a writing for

1   amounts in excess of $100,000.  California Civil Code §1624(a)(7).  Further, the

2   sales of goods between merchants (such as between Plaintiffs and Defendants)

3   require a writing for sales in excess of $500.  California Commercial Code

4   §2201(1).

5         Accordingly, because Plaintiffs have finally conceded that no written

6   agreement exists between the parties after wasting the Defendants' and this Court's

7   time and resources, the Court should dismiss Plaintiffs' Third Cause of Action for

8   Breach of Contract as failing to meet California's statute of fraud requirements

9   under Civil Code §1624(a)(7), Commercial Code §2201(1), or Civil Code §1738.

10   **C.   Plaintiffs' Third, Fourth, and Sixth Causes of Action are Barred**

11   **by the Statute of Limitations**

12         1.   <u>Plaintiffs' Third, Fourth, and Sixth Causes of Action are</u>

13   <u>Governed by a Two-year Statute of Limitations</u>

14         Under California Code of Civil Procedure § 339(1), an "action upon a

15   contract, obligation or liability not founded upon an instrument of writing" has a

16   two-year statute of limitations.  Cal. Code Civ. Proc. § 339(1).  Therefore, to the

17   extent that Plaintiffs are now admitting that their Third Cause of Action is for

18   breach of an oral contract, the claim is governed by a two-year statute of

19   limitations.  *See Cheske v. Waring*, 2010 WL 4916611, *1 (C.D. Cal. Nov. 24,

20   2010) ("[U]nder California law, claims for breach of an implied or oral contract are

21   governed by a two-year statute of limitations.") (*citing* Cal. Code Civ. Pro.

22   § 339(1)).  Similarly, Plaintiffs' Fourth Cause of Action for breach of duty of

23   loyalty is also governed by Section 339(1) two-year statute of limitations.  *See*

24   *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 1001 (C.D. Cal. 2011)

25   ("[Defendant's] state law counterclaim[] . . . for breach of duty of loyalty . . . must

26   have been brought within two years of the alleged wrongdoing.") (*citing* Cal. Code

27   Civ. Pro. § 339(1)).  Further, it is well settled that claims for tortious interference

28   are governed by this same two-year statute of limitations.  *Knoell v. Petrovich*, 76

1    Cal. App. 4th 164, 168 (Cal. Ct. App. 1999); *Kolani v. Gluska*, 64 Cal. App. 4th

2    402, 407 (Cal. Ct. App. 1998) ("[C]laims for interference with prospective

3    advantage are subject to a two-year limitation period) (citing Cal. Code Civ. Proc.

4    §339(1)); *Augusta v. United Serv. Auto. Assn.*, 13 Cal. App. 4th 4, 10 (Cal. Ct.

5    App. 1993) ("It is now well established that a cause of action for interference with

6    prospective economic advantage, an action involving a property right, is governed

7    by the two-year limitations period of section 339, subdivision 1.").

8              2.    <u>Plaintiffs' Third, Fourth, and Sixth Causes of Action Began to</u>

9                    <u>Run on December 31, 2009, at the Latest</u>

10         The statute of limitations begins to run when the cause of action accrues, *i.e.*,

11   "'when, under the substantive law, the wrongful act is done,' or the wrongful result

12   occurs, and the consequent 'liability arises.'" *Cypress Semiconductor Corp. v.*

13   *Superior Court*, 163 Cal. App. 4th 575, 585 (Cal. Ct. App. 2008) (quoting *Norgart*

14   *v. Upjohn Co.*, 21 Cal.4th 383, 397 (Cal. Ct. App. 1999)).  As elucidated by the

15   California Supreme Court:

16              [T]he statute of limitations begins to run when the

17              plaintiff suspects or should suspect that her injury was

18              caused by wrongdoing, that someone has done something

19              wrong to her. . . . A plaintiff need not be aware of the

20              specific 'facts' necessary to establish the claim; that is a

21              process contemplated by pretrial discovery.  Once the

22              plaintiff has a suspicion of wrongdoing, and therefore an

23              incentive to sue, she must decide whether to file suit or

24              sit on her rights.  So long as a suspicion exists, it is clear

25              that the plaintiff must go find the facts; she cannot wait

26              for the facts to find her.

27   *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110-11 (Cal. 1988).

28

1    In the TAC, Plaintiffs admit that they became aware of Defendants' conduct
2 that forms the basis for these claims "in or about 2009." *See* TAC, at ¶ 15. In
3 California, the statute of limitations begins to run when the cause of action accrues,
4 i.e., "'when, under the substantive law, the wrongful act is done,' or the wrongful
5 result occurs, and the consequent 'liability arises.'" *Cypress Semiconductor Corp.*
6 *v. Superior Court*, 163 Cal. App. 4th 575, 585 (Cal. Ct. App. 2008) (quoting
7 *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 397 (Cal. Ct. App. 1999)). Therefore, at
8 the latest, the statute of limitations for these claims admittedly started to run on
9 December 31, 2009. The original Complaint in this case was not filed until March
10 29, 2012, well after the two-year statute of limitations ran. For at least this reason,
11 Plaintiffs' breach of contract, breach of duty of loyalty, and tortious interference
12 claims are barred by the statute of limitations and, accordingly, must be dismissed
13 as a matter of law.

14    **D.    Plaintiffs' Addition of the Seventh and Eighth Causes of Action**
15         **Exceed the Scope of the Court's Leave to Amend and Should be**
16         **Dismissed**

17    Rule 15 of the Federal Rules of Civil Procedure provides that "a party may
18 amend his pleading once as a matter of course within twenty-one days after serving
19 it, or after a pleading or motion responsive to it has been filed, whichever is
20 earlier." *Benton v. Baker Hughes*, 2013 WL 3353636, *2 (C.D. Cal. June 30,
21 2013) (citing Fed. R. Civ. P. 15(a)). "In all other cases, a party can amend his
22 pleading only with the opposing party's written consent, or leave of court." *Id.*
23 (citing Fed. R. Civ. P. 15(a)(2)).

24    "[W]here leave to amend is given to cure deficiencies in certain specified
25 claims, courts have agreed that new claims alleged for the first time in the amended
26 pleading should be dismissed or stricken." *DeLeon v. Wells Fargo Bank, N.A.*,
27 2010 WL 4285006, *3 (N.D. Cal. Oct. 22, 2010) (citing *Kennedy v. Full Tilt*
28 *Poker*, 2010 WL 3984749, *1 (C.D. Cal. Oct. 12, 2010)); *see also Crane v.*

1   *Yarborough*, 2012 WL 1067965, *13 n.14 (C.D. Cal. Feb. 6, 2012) ("[I]t would be

2   appropriate to strike plaintiff's First Amendment retaliation claim because the

3   addition of such claim which has been raised for the first time in the Second

4   Amended Complaint exceeds the scope of the leave to amend granted in the

5   November 30 Order, plaintiff has not otherwise sought or been afforded leave to

6   add such new claim or theory of liability, and permitting the addition of such claim

7   and requiring defendants to mount a defense at this late juncture would be unfair

8   and prejudicial to defendants."); *PB Farradyne, Inc. v. Peterson*, 2006 WL

9   2578273, *3 (N.D. Cal. Sept. 6, 2006) (striking, without leave to amend, new

10   theory of liability alleged in third amended complaint because new claim was

11   "outside the scope of the leave to amend granted" when the court dismissed second

12   amended complaint).

13        Here, the Court's Order dated June 17, 2013, granted Defendants' motion to

14   dismiss the second and fourth through seventh causes of action of the SAC, yet

15   expressly gave Plaintiffs leave to amend and cure the deficiencies of Plaintiffs'

16   claim for trade secret misappropriation and specify how the facts supporting their

17   trade secret misappropriation claim are unique form those supporting their

18   common law claims. *See* June 17, 2013, Civil Minutes, Dkt. No. 64 ("June 17

19   Order"). After insisting on the merits of its trade secret claim in two consecutive

20   motions spanning 1 ½ years and persuading the court to give Plaintiffs leave to

21   amend its trade secret claim, Plaintiff dropped the trade secret claim entirely!

22   Instead, Plaintiffs added two entirely new claims to the TAC, blatantly

23   disregarding the June 17 Order. Accordingly, these two claims should be

24   dismissed.

25      **E.**    **Plaintiffs' Seventh Claim for Conversion Should Be Dismissed**

26             **Because Plaintiffs Fail to Plead Ownership Rights**

27        Plaintiffs' seventh claim alleges that Defendants converted the stock of

28   Agape Industry, Inc. to his own possession. *See* TAC, at ¶ 31. In California, it is

---

DEFENDANTS' MEMO OF P'S & A'S ISO MOTION TO DISMISS

ACTIVE 21840369v1 07/22/2013

well established that to state a claim for conversion, a plaintiff must allege: "(1) [the plaintiff's] ownership or right to possession of the property at the time of the conversion; (2) the [defendant's] conversion by a wrongful act or disposition of property rights; and (3) damages." *Olenicoff v. UBS AG*, 2009 WL 481281, *8 (C.D. Cal. Feb. 24, 2009) (citing *Oakdale Village Group v. Fong*, 43 Cal. App. 4th 539, 643-44 (1996)).  While a plaintiff does not have to allege absolute ownership over the property, it still must allege "that it is 'entitled to immediate possession at the time of conversion.'"  *See San Diego Police Officers' Ass'n v. Aguirre*, 2005 WL 3180000, *11 (S.D. Cal. Nov. 5, 2005) (quoting *Farmer Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 452 (1997)).

Here, Plaintiffs admit in the TAC that the alleged stock of Agape Industry, Inc. was "held for Plaintiffs in the name of Hsiu-Ying Lu." TAC, at ¶ 31.  Such averment does not rise to the level of stating that Plaintiffs had ownership of the stock or were somehow entitled to immediate possession of the stock.  Therefore, Plaintiffs failed to plead the first element for their conversion claim and, accordingly, Plaintiffs' Seventh Cause of Action should be dismissed.

**F.**    **Plaintiffs' Seventh and Eighth Claims Should Also be Dismissed Under Rule 12(b)(1) Because Plaintiffs Lack Standing to Assert Them or, Alternatively, Should be Dismissed Under Rules 12(b)(7) and 19 For Failure to Join a Necessary and Indispensable Party**

1.    Plaintiffs Lack Standing To Assert Claims 7 and 8

A motion to dismiss for want of standing implicates the Court's subject matter jurisdiction and is therefore appropriately brought under Fed. R. Civ. P. 12(b)(1).  *See Simon v. Eastern KY Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976).  Because standing is not merely a pleading requirement but rather an indispensable part of plaintiff's case, each element must be supported in the same

1   way as any other matter on which the plaintiff bears the burden of proof. *See*

2   *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

3     Plaintiffs' newly-added Seventh and Eighth causes of action should be

4   dismissed because Plaintiffs lack standing to assert them. The basis for Plaintiffs'

5   newly-added conversion claim is that Mr. Lin "tortuously took such property

6   [Agape Industry] from Plaintiffs and converted it to his own possession and

7   benefit...." TAC at ¶ 31. Similarly, the basis for Plaintiffs' fraud/concealment

8   claim is that Mr. Lin "failed to disclose to Plaintiffs the crucial fact that he was

9   surreptitiously assuming ownership of Agape Industry, Inc." TAC at ¶ 33.

10   Plaintiffs admit that they ***never owned*** any stock in the U.S. companies created by

11   defendant Mr. Lin, including Agape Industry, Inc. *Id.* Rather, Plaintiffs allege that

12   Ms. Hsiu-Ying Lu ("Ms. Lu") owned 100% of the Agape Industry, Inc. stock. *Id.*

13   However, Ms. Lu is not a named Plaintiff in this action. Although Defendants

14   have named Ms. Lu as a defendant in their Third Party Complaint, Ms. Lu has

15   continued to refuse to respond to Defendants' Third Party claims, or otherwise

16   appear in this action. Because Ms. Lu – not Plaintiffs – allegedly owned the stock

17   in Agape Industry, Plaintiffs lack standing to sue for conversion of ownership of

18   Agape Industry or concealment.

19       2. <u>Alternatively, Claims 7 and 8 Should be Dismissed Because</u>

20        <u>Plaintiffs Failed to Join a Necessary Party</u>

21     Even if the late addition of claims 7 and 8 was proper and Plaintiffs are

22   determined to have standing to assert them, these claims should be dismissed

23   because Plaintiffs have failed to name an indispensable party to the lawsuit.

24     Under Fed. R. Civ. P. 12(b)(7), dismissal is proper for "failure to join a party

25   under Rule 19." The Ninth Circuit has outlined a two-part analysis for determining

26   whether an action should be dismissed under Rule 19. *See, e.g., Dawavendewa v.*

27   *Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155 (9th

28   Cir. 2002). First, as part of this "practical and fact-specific" inquiry, a court must

1   determine whether an absent party should be joined as a "necessary" party to the

2   lawsuit.  Second, if the court concludes that the nonparty is necessary and cannot

3   be joined for practical or jurisdictional reasons, then it must evaluate whether the

4   nonparty is "indispensable" and thus in "equity and good conscience" the case

5   should be dismissed.  *See, e.g., Eldredge v. Carpenters 46 N. Cal. Count. Joint*

6   *Apprenticeship & Training Comm.,* 662 F.2d 534, 537 (9th Cir. 1981); *see also*

7   *Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 969 n.6 (9th Cir.

8   2008) (explaining that while Rule 19 no longer uses terms "necessary" or

9   "indispensable," courts continue to use those labels as terms of art in Rule 19

10  analysis).

11      Under Rule 19(a)(1)(B), a non-party is "necessary" when "that person

12  claims an interest relating to the subject of the action and is so situated that

13  disposing of the action in the person's absence may . . . as a practical matter impair

14  or impede the person's ability to protect the interest."  "What constitutes an

15  'interest relating to the subject of the action' has not been clearly defined, although

16  it has been suggested that this interest requirement be broadly construed in order to

17  require joinder of all conditionally necessary parties." *Lopez v. Martin Luther*

18  *King, Jr. Hosp.*, 97 F.R.D. 24, 29 (C.D. Cal. 1983); *see also Aguilar v. Los Angeles*

19  *County*, 751 F.2d 1089, 1093 (9th Cir. 1985) (holding it correct to construe

20  "'interest' requirement as not limited to a 'legal' interest, but one to 'be determined

21  from a practical perspective, not through the adoption of strict legal definitions and

22  technicalities.'").

23      Here, Plaintiffs contend that Ms. Lu's ownership of 100% of the stock in

24  Agape Industry, Inc. gives rise to an ownership interest by Plaintiffs in the

25  company and to a fiduciary duty owed by Mr. Lin to Plaintiffs which required Mr.

26  Lin to inform Plaintiffs – not just Ms. Lu – of his formation of Agape Industry, Inc.

27  TAC at ¶¶ 31, 33.  Plaintiffs admit they never owned any of Agape Industry, Inc.'s

28  stock.  *Id.*  Clearly, Plaintiffs' conversion and concealment claims depend on Ms.

1  Lu's alleged ownership of the Agape Industry, Inc. stock.  Therefore, it is crucial

2  that Ms. Lu be joined as a necessary party because she has an interest "relating to

3  the subject of the action" and is so situated that her absence would make it

4  difficult, if not impossible, for Mr. Lin to defend against these claims.  Moreover,

5  Ms. Lu cannot claim the benefit of this forum through her role as a shareholder in

6  one of the Plaintiff companies while at the same time refuse to appear in her

7  individual capacity to respond to Mr. Lin's third party claims.  Because Plaintiffs

8  have refused to join Ms. Lu, or allow her to respond to Defendants' third party

9  claims, Plaintiffs' seventh and eighth claims should be dismissed.

10  ### G.   Plaintiffs' Claims Should be Dismissed With Prejudice Due to

11  ### Plaintiffs' Continued Misconduct

12  The Court should not allow Plaintiffs any more opportunities to amend their

13  pleadings to avoid dismissal as this will only allow Plaintiffs to continue their

14  underhanded tactic of unnecessarily delaying this case and increasing the litigation

15  costs borne by the much smaller Defendants in continuously defending against

16  objectively baseless claims.  As noted above, Plaintiffs have unreasonably

17  maintained their breach of contract claim while, at the same time, failing to

18  disclose to Defendant, and more importantly, the Court for over seven months

19  from the filing of the claim that no written agreement ever existed between the

20  parties.  The omission of this critical fact by Plaintiff was done for the purpose of

21  avoiding Defendants' statute of frauds defense, as well as avoiding the two year

22  statute of limitations for Plaintiffs breach of contract, breach of duty of loyalty, and

23  tortious interference claims.

24  Plaintiffs' misconduct is further amplified in their decision to finally

25  abandon their frivolous trade secret misappropriation claim that was present in the

26  original Complaint, the FAC, and the SAC.  Plaintiffs' preservation of this baseless

27  claim for fifteen months forced Defendants to twice move to dismiss it, wasting

28  both the Defendants' and the Court's valuable time and precious resources.  This

despite the fact Plaintiffs, as evidenced by their decision now to drop this claim, never had a reasonable objective basis to allege misappropriation of trade secret, and obviously never performed a reasonable and competent inquiry prior to filing the claim *three separate times*. *See Oganyan v. Square Two Financial*, 2012 WL 4466607, *2 (C.D. Cal. Sept. 26, 2012) ("To determine whether an attorney should be sanctioned under Rule 11 for certifying a purportedly frivolous complaint, the Court must 'conduct a two-prong inquiry [determining] (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'") (quoting *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005)) (alteration in original).

Plaintiffs already have three strikes. To allow Plaintiffs to once again amend their complaint, the Court would allow the Plaintiffs' continued bad faith conduct to the detriment of both Defendants and the Court. Accordingly, the Court should not reward the Plaintiffs for their sanctionable conduct and should dismiss the Third, Fourth, and Sixth through Eighth Causes of Action with Prejudice.

## III.   CONCLUSION

Based upon the foregoing, Defendants respectfully request the Court to dismiss with prejudice the following causes of action in the Third Amended Complaint:

- Third Cause of Action for breach of contract for failing to comply with the statute of frauds and because it is barred by the statute of limitations;

- Fourth Cause of Action for breach of duty of loyalty because it is barred by the statute of limitations;

- Sixth Cause of Action for tortious interference with prospective business advantage because it is barred by the statute of limitations;

- Seventh Cause of Action for conversion because it exceeds the scope of this Court's leave to amend the Second Amended Complaint;
- Eight Cause of Action for fraud because it exceeds the scope of this Court's leave to amend the Second Amended Complaint.

Dated:  July 22, 2013

Respectfully submitted,

FOX ROTHSCHILD LLP


By   /s/ Thomas T. Chan
     Thomas T. Chan
     Lena N. Bacani
     Attorneys for Defendants/Third Party
     Plaintiffs, PETER K. LIN and AGAPE
     INDUSTRIAL, INC.