

FILED COPY

2013 JUL 22 PM 4: 24

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Thomas T. Chan (SBN 129606)
     tchan@foxrothschild.com
2  Lena N. Bacani (SBN 213556)
     lbacani@foxrothschild.com
3  FOX ROTHSCHILD LLP
   1055 West 7th Street, Suite 1880
4  Los Angeles, CA 90017
   Telephone:  213-624-6560
5  Facsimile:  213-622-1154
6
7  Attorneys for Defendants/Third Party Plaintiffs
   Peter K. Lin and Agape Industrial, Inc.
8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11

| 12 JUN-EN ENTERPRISE,  a Taiwan | Case No.  CV 12-02734-PSG-(SSx) |
|---|---|
| 13 Corporation, AGAPE INDUSTRY CO., | |
| 14 LTD., a Taiwan Corporation, | **DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT; COUNTER-CLAIMS AND THIRD PARTY COMPLAINT** |
| 15                          Plaintiffs, | |
| 16 PETER K. LIN, AGAPE | |
| 17 INDUSTRIAL, INC. and Does 1 | |
| 18 through 10, | **Demand for Jury Trial** |
| 19                          Defendants. | |
| 20 —————————————— | |
| 21 PETER K. LIN, an individual, and | |
| 22 AGAPE INDUSTRIAL, INC., | |
| 23       Counter-Claimant/Third Party | |
| 24                          Plaintiff, | |
| 25    vs. | |
| 26 | |
| 27 JUN-EN ENTERPRISE, a Taiwan | |
| 28 Corporation, AGAPE INDUSTRY | |

1  CO., LTD., a Taiwan Corporation,
2  SHI RU YANG aka TONY YANG,
   an individual, HSIU-YING LU, an
3  individual, and Moes 1 through 10,

4
5      Counter-Defendants and Third Party
       Defendants.
6

7          Defendants, Counter-Claimant and Third Party Plaintiffs PETER K. LIN and
8  AGAPE INDUSTRIAL, INC. (hereafter "Defendants" or "Lin") by the undersigned
9  counsel, hereby submit their Answer to Plaintiff Jun-En Enterprise and Agape
10 Industry Co., Ltd. (hereafter "Plaintiffs'") Third Amended Complaint ("TAC"), and
11 further submit Defendants' Counterclaims and Third Party Complaint as follows:

12            **ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**
13         Except as otherwise admitted in this Answer, Defendants deny each and every
14 allegation by Plaintiffs.

15                              **JURISDICTION**
16         1.  Defendants admit that Plaintiff AGAPE INDUSTRY CO., LTD.  does
17 business in interstate commerce, including California.  Upon information and belief,
18 Defendants deny that Plaintiff AGAPE INDUSTRY is qualified to do business in
19 California as required by Cal. Corp. Code § 2100, *et seq*.  Defendants are without
20 information or knowledge sufficient to form a belief as to the truth regarding where
21 AGAPE INDUSTRY is incorporated, and thus denies the remaining allegations of
22 Paragraph 1.
23         2.  Defendants admit that Plaintiff JUN-EN ENTERPRISE does business in
24 interstate commerce, including California.  Upon information and belief, Defendants
25 deny that Plaintiff JUN-EN ENTERPRISE is qualified to do business in California as
26 required by Cal. Corp. Code § 2100, *et seq*.  Defendants are without information or
27 knowledge sufficient to form a belief as to the truth regarding where JUN-EN
28

ENTERPRISE is incorporated, and thus denies the remaining allegations of Paragraph 2.

   3.  Defendants admit Paragraph 3 of the TAC.

   4.  Defendants admit Paragraph 4 of the TAC.

   5.  Defendants are without information or knowledge sufficient to form a belief as to the truth regarding Paragraph 5, and thus deny it.

   6.  Defendants admit that this action purports to allege claims for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. sections 1051, *et seq.,* for which this Court has jurisdiction.

   7.  Defendants admit Paragraph 7 of the TAC.

   8.  Paragraph 8 contains no allegations against Defendants to which a response is required, but to the extent that a response may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements contained in Paragraph 8, and therefore, deny them.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

   9.  Defendants incorporate by reference the responses stated in the preceding paragraphs as if fully set forth herein.

   10.  Defendants admit Paragraph 10 of the TAC.

   11.  Defendants admit that plaintiff Agape Industry is in the business of manufacturing and selling industrial machinery and is in some way related to plaintiff Jun-En.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining statements contained in paragraph 11 and, therefore, deny them.

   12.  Defendant Lin admits that, prior to events giving rise to this litigation, he entered into an oral employment agreement with Plaintiffs to market and sell machinery and to generate orders for Agape Industrial Co., Ltd. and place orders to Plaintiffs in Taiwan.  Defendants are without sufficient information to form a belief as to whether the parties' original agreement was memorialized in writing.  Defendants

further admit that there are written documents that support the existence of the parties'
later commission-only agreement reached in May 2009 after Lin's earlier relationship
with Plaintiffs was terminated by Plaintiffs.   Defendants are without sufficient
information to form a belief as to the truth of the remaining statements contained in
Paragraph 12 and, therefore, deny them.

    13.  Defendant admits that he established Agape Industry, Inc. and Jun-En
Enterprise (USA), Inc.  Defendant denies the remaining allegations of Paragraph 13.

    14.  Defendants deny Paragraph 14 of the TAC.

    15.  Defendants admit that Plaintiffs were aware of Lin's business operations at
least as early as May 2009 and that Lin formed U.S. companies Agape Industry, Inc.,
filed all U.S. income tax returns for the company, and was sole shareholder of the
corporation.  Defendants deny the remaining allegations of Paragraph 15.

## FIRST CAUSE OF ACTION
### Infringement of Registered Trademark (15 U.S.C. § 1114[1])
### Against Defendants Peter K. Lin, Agape Industrial, Inc.

    16.  Defendants incorporate by reference the responses to Paragraphs 1 through
15 above, as if fully set forth herein.

    17.  Defendants deny Agape Industry is the rightful owner of United States
Trademark Registration No. 3,969,166, and deny the registration is valid, but admit
the registration is subsisting, not canceled or revoked, and is without information
sufficient to admit or deny the remaining allegations of Paragraph 17 of the TAC and
therefore denies them.

    18.  Defendants deny Paragraph 18 of the TAC.

    19.  Defendants deny Paragraph 19 of the TAC.

## SECOND CAUSE OF ACTION
### Unfair Competition (15 U.S.C. § 1125[a])
### Against Defendants Peter K. Lin, Agape Industrial, Inc.

    20.  Defendants incorporate by reference the responses to Paragraphs 1 through
19 above, as if fully set forth herein.

21.  Defendant Lin admits he formed a California corporation called "Agape Industrial, Inc."  Defendants deny all remaining allegations of Paragraph 21 of the TAC.

### THIRD CAUSE OF ACTION
**Breach of Contract**
**Against Defendant Peter K. Lin**

Defendants believe this claim is barred by the statute of frauds and the two-year statute of limitations of Cal. Code Civ. P. § 399 and have filed a motion to dismiss this claim under separate cover.

22.  Defendant Peter Lin incorporates by reference the responses to Paragraphs 1 through 21 above, as if fully set forth herein.

23.  Defendant Peter Lin denies Paragraph 23 of the TAC.

### FOURTH CAUSE OF ACTION
**Breach of Duty of Loyalty**
**Against Peter K. Lin**

Defendants believe this claim is barred by the two-year statute of limitations of Cal. Code Civ. P. § 399 and have filed a motion to dismiss this claim under separate cover.

24.  Defendant Peter Lin incorporates by reference the responses to Paragraphs 1 through 23 above, as if fully set forth herein.

25.  Defendant Peter Lin admits that he voluntarily entered into a relationship with Plaintiffs.  Defendant Peter Lin denies all remaining allegations of Paragraph 25 of the TAC.

### FIFTH CAUSE OF ACTION
**Unfair Business Practice**
**Against Peter K. Lin and Agape Industrial, Inc.**

26.  Defendants incorporate by reference the responses to Paragraphs 1 through 25 above, as if fully set forth herein.

27.  Defendants deny Paragraph 27 of the TAC.

## SIXTH CAUSE OF ACTION
**Tortious Interference with Prospective Business Advantage**
**Against Defendants Peter K. Lin and Agape Industrial, Inc.**

Defendants believe this claim is barred by the two-year statute of limitations of Cal. Code Civ. P. § 399 and have filed a motion to dismiss this claim under separate cover.

28.  Defendants incorporate by reference the responses to Paragraphs 1 through 27 above, as if fully set forth herein.

29.  Defendants deny Paragraph 29 of the TAC.

## SEVENTH CAUSE OF ACTION
**Conversion**
**Against Defendants Peter K. Lin and Agape Industrial, Inc.**

Defendants believe the addition of this claim for the first time in Plaintiffs' TAC is impermissible and have filed a motion to dismiss this claim under separate cover.

30.  Defendants incorporate by reference the responses to Paragraphs 1 through 29 above, as if fully set forth herein.

31.  Defendant Lin admits  he formed U.S. corporations Jun-En and Agape Industry.  Defendants deny the remaining allegations of Paragraph 31 of the TAC.

## EIGHT CAUSE OF ACTION
**Fraud (Concealment)**
**Against Defendants Peter K. Lin and Agape Industrial, Inc.**

Defendants believe the addition of this claim for the first time in Plaintiffs' TAC is impermissible and have filed a motion to dismiss this claim under separate cover.

32.  Defendants incorporate by reference the responses to Paragraphs 1 through 31 above, as if fully set forth herein.

33.  Defendants deny the remaining allegations of Paragraph 32 of the TAC.

# PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief sought in their prayer for relief.

# AFFIRMATIVE DEFENSES

Defendants assert the following defenses in response to the allegations in Plaintiffs' TAC without admitting, acknowledging, or assuming the burden of proof on such defenses that would otherwise rest on Plaintiffs.  Defendants reserve the right to amend or supplement their Answer and defenses as may be warranted by the information developed through subsequent discovery.  All such defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief.

A. The TAC fails to state a claim upon which relief may be granted.

B. The breach of contract claim is barred by the Statute of Frauds.

C. The breach of contract, breach of duty of loyalty and intentional interference with business relationships claims are barred by the 2-year statute of limitations for oral contracts under California Code of Civil Procedure Section 399.

D. Plaintiffs' conversion and fraud claims were not timely pled and should be stricken.

E. Plaintiffs lack standing to sue in this jurisdiction.

F. Plaintiffs' registered trademark is invalid and unenforceable.

G. Defendants do not infringe Plaintiffs trademark as alleged in the TAC.

H. Defendant Peter Lin is excused from performance under any agreement between the parties by Plaintiffs' breach and/or nonperformance under the agreement.

I. Plaintiffs are legally and equitably estopped from proceeding with their alleged cause of action against Defendants.

J. Plaintiffs have unclean hands, such that they are barred from asserting claims in their TAC and from seeking equitable relief.

K. Plaintiffs' claims against Defendants are barred by the doctrine of waiver.

1    L.  Plaintiffs' claims against Defendants are barred by the doctrine of laches.

2    M. Any injuries, damages or losses alleged in the TAC are not the result of

3  negligent, reckless, wrongful or intentional acts or omissions by Defendants.

4    N. Defendants breached no duty owed to Plaintiffs.

5    O. Plaintiffs have failed to set forth facts or legal allegations sufficient to justify

6  injunctive relief.

7    P.  Plaintiffs have failed to mitigate their alleged injuries, damages or other

8  losses.

9    Q. To the extent not already pled, Defendants reserve their rights to add

10  additional defenses pending further investigation and discovery.

## COUNTERCLAIMS AND THIRD PARTY COMPLAINT

Defendant and Counter-Claimant PETER K. LIN (hereafter "Lin") hereby
asserts the following counterclaims against Plaintiffs and counter-defendants JUN-EN
ENTERPRISE and AGAPE INDUSTRIAL CO., LTD., and third party claims against
third party defendants SHI RU YANG aka TONY YANG and HSIU-YING LU
(hereafter collectively "Counter-Defendants"):

1.  At all relevant times, Lin was and is a competent adult, a citizen of the
United States and the State of California, domiciled in California, and a resident of the
County of Los Angeles.

2.  Lin is informed and believes and thereupon alleges that at all times relevant
herein counter-defendant JUN-EN ENTERPRISE (hereinafter "JUN-EN TAIWAN")
was, and is, a corporation organized pursuant to the laws of the Republic of China
(Taiwan), with its principal place of business in Renwu Township in Taiwan, and
doing business internationally, including interstate commerce in California and the
rest of the United States.

3.  Lin is informed and believes and thereupon alleges that at all times relevant
herein counter-defendant AGAPE INDUSTRY CO., LTD., (hereinafter "AGAPE
TAIWAN") was, and is, a corporation organized pursuant to the laws of the Republic

of China (Taiwan), with its principal place of business in Kaohsiung, Taiwan, and doing business internationally, including interstate commerce in California and the rest of the United States.

4. Lin is informed and believes and thereupon alleges that at all times relevant herein third party defendant SHI RU YANG aka TONY YANG (hereinafter "YANG") was, and is, a competent adult, a citizen and resident of the Republic of China (Taiwan), and doing business internationally, including interstate commerce in California and the rest of the United States.

5. Lin is informed and believes and thereupon alleges that at all times relevant herein third party defendant HSIU-YING LU (hereinafter "LU") was, and is, a competent adult, a citizen and resident of the Republic of China (Taiwan), and doing business internationally, including interstate commerce in California and the rest of the United States.

6. Lin is informed and believes, and thereupon alleges, that the amount in controversy, without interest and costs, exceeds the $75,000 threshold specified in 28 U.S.C. section 1332, so that this District Court has jurisdiction over the matter based upon the diversity of citizenship of the parties.

7. Lin is informed and believes, and thereupon alleges, that this action involves a claim for trademark infringement and other unfair competition under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. sections 1051, et seq.), for which this District Court has jurisdiction pursuant to 15 U.S.C. section 1121(a). Further, an actual case or controversy exists between the parties with respect to the alleged rights under those trademarks. Accordingly, this Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202. In addition this Court has supplemental jurisdiction over the state or common law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

8.  Venue is proper in the Central District of California in that the Counter-Defendants are subject to the jurisdiction of this District Court, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

9.  The true names and capacities of those Counter-Defendants denominated as MOES 1 through 10, inclusive, are presently unknown to Lin, who is informed and believe, and thereupon alleges, that each of the fictitiously named Counter-Defendants has participated in the acts alleged in this Third Party Complaint.  JUN-EN TAIWAN, AGAPE TAIWAN and MOES 1-10, inclusive, are sometimes collectively referred to as "Counter-Defendants" in this Third Party Complaint.

10.  Lin is informed and believes and thereupon alleges that at all times relevant herein Counter-Defendants were the agents, servants, officers, directors, and employees of the other Counter-Defendants, and in doing the things hereinafter alleged were acting in the course and scope of their authority as agents, servants, officers, directors, and employees, with the permission and consent of the other Counter-Defendants.

### FIRST CAUSE OF ACTION
**Breach of Contract**
**By Peter Lin Against All Counter-Defendants**

11.  Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

12.  Lin is informed and believes that on or about May 2009, Lin and Counter-Defendants entered into an agreement that was memorialized in writing.  In this agreement, Counter-Defendants were acting by and through its duly authorized agent, servant, officer, director, and employee, or Counter-Defendants had ratified the acts of the other Counter-Defendants.

13.  Lin is informed and believes that at all times mentioned herein, that Lin has performed all conditions, covenants, and promises required in accordance with the terms and conditions of the agreement.

14.  Lin is informed and believes that at all times mentioned herein, that Counter-Defendants, in contrast, breached their obligations under the agreement by failing to pay the agreed upon stipend, reimbursement, and the commissions, among other breaches which has resulted in damages to Lin.

15.  Lin is informed and believes and thereupon alleges that Lin performed his obligations under the agreement and, if he did not perform its obligations, it was excused for nonperformance of the agreement by Counter-Defendants' breach of the agreement.

### SECOND CAUSE OF ACTION
### Breach of Contract Under the Cal. Commercial Code
### By Peter Lin Against All Counter-Defendants

16.   Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

17.  Lin is informed and believes that at all times mentioned herein, that Lin is a merchant engaged in the sale and distribution of metal products and machinery.

18.  Lin is informed and believes that at all times mentioned herein, that Counter-Defendants are merchants engaged in the manufacture, distribution, design, and sale of metal products and machinery.

19.  Lin is informed and believes that at all times mentioned herein, that on or about May 2009, Lin and Counter-Defendants entered into an agreement that was memorialized in writing.  In this agreement, Counter-Defendants were acting by and through its duly authorized agent, servant, officer, director, and employee, or Counter-Defendants had ratified the acts of the other Counter-Defendants.

20.  Lin is informed and believes and thereupon alleges that Lin performed or was excused for nonperformance of the agreement.

21.  Lin is informed and believes that at all times mentioned herein, that Lin provided seasonable notification of Counter-Defendants of their breach to allow Counter-Defendants to cure their breach, but Counter-Defendants failed to do so.

22.   Lin is informed and believes that at all times mentioned herein, that Counter-Defendants' breached the written agreement by, including but not limited to, Counter-Defendants' failure to pay the agreed-upon sums to Lin when due and owing or when requested by Lin orally and in writing.

## THIRD CAUSE OF ACTION
### General Fraud and Fraud Under the Cal. Commercial Code
### By Peter Lin Against All Counter-Defendants

23.   Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

24.   Lin is informed and believes and thereon alleges that on or about May 2009, YANG on behalf of Counter-Defendants entered into an agreement which was memorialized in writing with the intent to defraud Lin by inducing Lin to continue to do business with Counter-Defendants, by offering a commission of 8.0% for all sales generated by Lin made payable after payment of the purchase order, but Counter-Defendants did not have the intent to honor or comply with the agreement.

25.   Lin is informed and believes and thereon alleges that at all times herein mentioned, YANG was the agent, employee, officer, director, principal or managing member of the other Counter-Defendants.  Further under information and belief, the Counter-Defendants through YANG actively participated, ratified, and/or condoned the activities of other agents, employees, officers, directors, principals, or members of the other Counter-Defendants, and in doing the things herein alleged were acting within the course and scope of such agency, employment, authority, permission, and consent of the Counter-Defendants.

26.   Lin is informed and believes and thereon alleges that the representations made by Counter-Defendants were in fact false.  The true facts were that Counter-Defendants had no intention to pay Lin his commissions or other agreed-upon sums.

27.   Lin is informed and believes and thereon alleges that when Counter-Defendants made these representations, they knew them to be false and made these

representations with the intention to deceive and defraud the Lin and to induce Lin to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Lin would so act.  Lin is informed and believes and thereupon alleges that based upon and in reliance of Counter-Defendants representations Lin devoted substantial time and effort in promoting Counter-Defendants' products and machinery and forwarded at least two purchase orders to Counter-Defendants' offices for metal products or machinery from Locker Group Pty Ltd to Counter-Defendants for $1,005,000 on August 28, 2009 and for $257,501 on September 7, 2009, among others.

28.   Lin is informed and believes and thereon alleges that Lin, at the time these representations were made by the Counter-Defendants or its authorized agents, employees, officers, directors, principals, members of Counter-Defendants, and at the time Lin took the actions herein alleged, was ignorant of the falsity of the Counter-Defendants' representations and believed them to be true.  In reliance on these representations, Lin was induced to and did invest and expend substantial resources and monies in promoting Counter-Defendants' products.  Had Lin known the actual facts, he would not have taken such action.  Lin's reliance on the Counter-Defendants' representations was justified because Counter-Defendants had represented that they were manufacturers of metal products and machinery which were known and sold worldwide.

29.   Lin is informed and believes and thereon alleges that as a proximate result of the fraudulent conduct of the Counter-Defendants as herein alleged, Lin was induced to invest and expend substantial resources and monies in promoting Counter-Defendants' products and machinery.

30.   The aforementioned conduct of the Counter-Defendants was an intentional misrepresentation, deceit, or concealment of material fact known to Counter-Defendants with the intention on the part of the Counter-Defendants of thereby depriving Lin of property or legal rights or otherwise causing injury, and was

1  despicable conduct that subjected Lin to unjust hardship in conscious disregard of the

2  Lin's rights, so as to justify an award of exemplary and punitive damages.

3  ## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation
4  ### By Peter Lin Against All Counter-Defendants

5      31.   Lin incorporates the allegations of the preceding paragraphs above as if

6  fully set forth herein.

7      32.   Lin is informed and believes and thereon alleges that based upon prior

8  allegations, Counter-Defendants made a misrepresentation of material fact, without

9  reasonable grounds for believing it to be true, with the intent to induce Lin's reliance

10  on the fact misrepresented.  Based upon prior allegations, Lin was ignorant of the true

11  facts and justifiably relied upon Counter-Defendants' misrepresentations which

12  resulted in damages to Lin.

13  ## FIFTH CAUSE OF ACTION
14  ### Willful Failure to Pay Commission as Required by the Independent
15  ### Wholesale Sales Representative Contractual Relations Act of 1990
### [Cal. Civil Code Section 1738.15]
16  ### By Peter Lin Against All Counter-Defendants

17      33.  Lin incorporates the allegations of the preceding paragraphs above as if

18  fully set forth herein.

19      34.  Lin is informed and believes and thereupon alleges that at all times relevant

20  herein Lin is engaged in the business of soliciting wholesale orders for the purchase

21  by Counter-Defendants' customers or retailers of products or machinery manufactured,

22  jobbed, or distributed by others including Counter-Defendants to retailers and then to

23  end users such as consumers.  Under information and belief, Lin is, was, or supposed

24  to be compensated by the manufacturer, jobber, or distributor by commissions.

25      35.  Counter-Defendants are and were engaged in the business development,

26  manufacture, and production of metal products and machinery intended for resale to

27  or use by the consumers, including California consumers.

28

36.  Lin is informed and believes and thereupon alleges that on or about May 2009, Lin and Shi Ru Yang aka Tony Yang, acting as an agent, servant, officer, director, and employee of Counter-Defendants, and with the permission and consent of Counter-Defendants, entered into an agreement that was memorialized in writing, making Lin a wholesale representative of Counter-Defendants.  Under information and belief, the agreement provides in part that Counter-Defendants would provide a living stipend, reimbursement of expenses, and a commission of 8.0% on all sales generated by Lin made payable after payment of the purchase order.  However, the written agreement failed to include all the terms required under Cal. Civil Code Section 1738.13.

37.  Lin is informed and believes and thereupon alleges that Lin devoted substantial time and effort in promoting Counter-Defendants' products and machinery and forwarded at least two purchase orders for metal products or machinery from Locker Group Pty Ltd to Counter-Defendants for $1,005,000 on August 28, 2009 and for $257,501 on September 7, 2009, among others.

38.  Lin is informed and believes and thereupon alleges that on May 24, 2010, Counter-Defendants breached the agreement by failing to pay the agreed-upon stipend, reimbursement, and the commission of 8.0% on sales generated by Lin, which commission is in excess of $101,000, among other breaches.

39.  Lin is informed and believes and thereupon alleges that Lin performed or was excused for nonperformance of the agreement.

40.  Lin is informed and believes and thereupon alleges that the acts of Counter-Defendants stated in this complaint constitute a violation of the Independent Wholesale Sales Representatives Contractual Relations Act and Lin is entitled under Civil Code Section 1738.15 to damages from Counter-Defendants amounting to treble damages to be proven at trial and reasonable attorneys' fees and costs under Civil Code Section 1738.16

## FIFTH CAUSE OF ACTION
### Account Stated
### By Peter Lin Against All Counter-Defendants

41.  Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

42.  Lin is informed and believes and thereon alleges that an account was stated orally and in writing by and between Lin and Counter-Defendants by operation of the agreement and performance of the purchase orders, a balance in excess of $101,000 was found due and owing to Lin from Counter-Defendants, which Counter-Defendants agreed to pay.

43.  Although demand by Lin from Counter-Defendants, neither all nor any part of the agreed balance has been paid.

44.  There is now due, owing, and unpaid from Counter-Defendants to Lin a sum in excess of $101,000, together with interest thereon.

## SIXTH CAUSE OF ACTION
### Book Account and Mutual, Open, and Current Account
### By Peter Lin Against All Counter-Defendants

45.  Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

46.  Lin is informed and believes and thereon alleges that Counter-Defendants became indebted to Lin on an open book and mutual, open, and current account for money due in the sum in excess of $101,000 on commissions due and owing from the sale of metal products and machinery at their special instance and request and for which Counter-Defendants agreed to pay the above sum, among others.

47.  Neither the whole nor any part of the above sum has been paid, although demand therefore has been made, and there is now due, owing, and unpaid a sum in excess of $101,000 with interest.

## SEVENTH CAUSE OF ACTION
### Money Had and Received
### By Peter Lin Against All Counter-Defendants

48.  Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

49.  Lin is informed and believes and thereon alleges that Counter-Defendants received monies that were intended to be used for the benefit of Lin as commissions, among other compensation.

50.  Lin is informed and believes and thereon alleges that the monies received by Counter-Defendants were not used for the benefit of Lin.

51.  Lin is informed and believes and thereon alleges Counter-Defendants have not given the monies to Lin.  Neither the whole nor any part of the above sum has been paid to Lin, although demand has been made, and there is now due to Lin, an unpaid sum in excess of $101,000 with interest.

## EIGHTH CAUSE OF ACTION
### Goods and Services Rendered
### By Peter Lin Against All Counter-Defendants

52.  Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

53.  Lin is informed and believes and thereon alleges that Counter-Defendants requested by words or conduct, that Lin perform services/deliver goods for the benefit of Counter-Defendants.

54.  Lin is informed and believes and thereon alleges that Lin performed the services/delivered goods as requested.

55.  Lin is informed and believes and thereon alleges that Counter-Defendants have not paid for the services/goods/commission.

56.  Lin is informed and believes and thereon alleges that a reasonable value of the goods/services were provided by Lin to Counter-Defendants and Counter-

Defendants now owe Lin the value of those goods/services.

## NINTH CAUSE OF ACTION
### Implied-in-Fact Contract
### By Peter Lin Against All Counter-Defendants

57. Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

58. Lin is informed and believes that at all times mentioned herein, that on or about May 2009, Lin and Counter-Defendants entered into an agreement that was memorialized in writing and/or by the intentional conduct of the parties with each knowing, or having reason to know, that the other party would interpret the conduct as an agreement to enter into a contract. In this agreement, Counter-Defendants were acting by and through its duly authorized agent, servant, officer, director, and employee, or Counter-Defendants had ratified the acts of the other Counter-Defendants.

59. Lin is informed and believes that at all times mentioned herein, that Lin has performed all conditions, covenants, and promises required in accordance with the terms and conditions of the agreement.

60. Lin is informed and believes that at all times mentioned herein, that Counter-Defendants in contrast breached its obligations under the agreement by failing to pay the agreed upon commissions, among other breaches which has resulted in damages to Lin.

61. Lin is informed and believes and thereupon alleges that Lin performed or was excused for nonperformance of the agreement.

## TENTH CAUSE OF ACTION
### Filing of False or Fraudulent Documents under 15 U.S.C. §1120
### By Peter Lin Against All Counter-Defendants

62. Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

63.  Lin is informed and believes and thereon alleges that Counter-Defendants JUN-EN TAIWAN, AGAPE TAIWAN, YANG, LU and MOES 1-10, inclusive, conspired together to present false and fraudulent registration documents or information to the United State Patent and Trademark Office, in direct violation of 15 U.S.C. §1120.  In the alternative, under information and belief, Lin alleges that LU, on behalf of AGAPE TAIWAN, presented false and fraudulent registration documents or information to the USPTO, in direct violation of 15 U.S.C. §1120.  LU was the agent, employee, officer, director, principal or managing member of the other Counter-Defendants, and Counter-Defendants through LU actively participated, ratified, and/or condoned the activities of other agents, employees, officers, directors, principals, or members of the other Counter-Defendants, and in doing the things herein alleged were acting within the course and scope of such agency, employment, authority, permission, and consent of the Counter-Defendants.

64.  Lin is informed and believes and thereon alleges that Counter-Defendants, including LU of AGAPE TAIWAN, presented the false application of the stylized AG mark ("Mark") in May, 2010.  Upon information and belief, Lin alleges that Counter-Defendants knew at the time of presenting this application for the Mark that Lin Peter Lin had first used the Mark and had not given permission to Counter-Defendants to use his Mark or register his Mark by Counter-Defendants, but Counter-Defendants, including LU of AGAPE TAIWAN, submitted registration documents or information of use of the Mark from Lin's website or use of the Mark with Lin's company's name, address, and telephone numbers in May and December 2010, via a California attorney to the USPTO in Washington, D.C.

65.  Lin is informed and believes and thereon alleges that LU and AGAPE TAIWAN, along with YANG, JUN-EN and MOES 1-10, inclusive, conspired to submit this application, specimens, and supplemental filings to deprive the true owner

Lin Peter Lin of his Mark.

66. Therefore, in light of the foregoing, Counter-Defendants presented fraudulent and false documents or information to the USPTO concerning the registration of the Mark. Therefore, Lin asks the Court to declare this an exceptional case.

67. By Counter-Defendants having presented fraudulent trademark registration, documents, and information to the USPTO, Lin has been damaged in an amount not yet ascertained. Lin seeks damages pursuant to 15 U.S.C. §1120.

68. Further, Lin seeks the Court's intervention and power under 15 U.S.C. §1119 to cancel the fraudulent registration and have all rights, title and interest in the Mark transferred to Lin.

69. Further, Lin seeks any and all damages and profits, including but not limited to treble damages, statutory damages, and attorney's fees, that may be awarded pursuant to 15 U.S.C. §§1117 and 1125.

## ELEVENTH CAUSE OF ACTION
### Trademark Infringement Under 15 U.S.C. §1114
### By Peter Lin Against All Counter-Defendants

70. Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

71. Lin is informed and believes and thereon alleges that Counter-Defendant AGAPE TAIWAN holds fraudulently obtained registration to the Mark which rightfully belongs to Lin.

72. Counter-Defendant AGAPE TAIWAN already admits to intentionally and willfully using the Mark in interstate commerce in its TAC. Lin is informed and believes that the remainder of the Counter-Defendants are also using the Mark. All the Counter-Defendants are using the Mark without permission of Lin, the rightful owner of the Mark.

73.  Lin is informed and believes and thereon alleges that the unauthorized use of the Mark by Counter-Defendants is likely to cause confusion, mistake, or deceive the relevant consuming public resulting in violation of 15 U.S.C. §1114.

74.  Lin is informed and believes and thereon alleges that Defendant AGAPE TAIWAN's unauthorized claim of ownership to the Mark entitles Lin to injunctive relief pursuant to 15 U.S.C. §1116 as well as seizure of goods bearing the illegally applied Mark pursuant to 15 U.S.C. §1116.  Further, under information and belief, Lin alleges that Lin is entitled to damages, profits, attorney's fees, treble damages, and statutory damages that may be awarded pursuant to 15 U.S.C. §§1117 and 1125 owing to Counter-Defendants' willful and intentional unauthorized and illegal claim of title of ownership to the Mark.

75.  Lin is informed and believes and thereon alleges that Counter-Defendants' willful and intentional unauthorized and illegal use of the Mark in commerce makes this case exceptional under U.S.C. §1117, thereby entitling Lin to damages, profits, treble damages, statutory damages, and attorneys fees that may be awarded pursuant to 15 U.S.C. §§1117 and 1125.

## TWELFTH CAUSE OF ACTION
### False Designation of Origin Under 15 U.S.C. §1125(a)
### By Peter Lin Against All Counter-Defendants

76.  Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

77.  Lin is informed and believes and thereon alleges that Counter-Defendants are currently using the Mark illegally without the consent of Lin, the rightful owner of the Mark, by using the Mark in advertising, websites, sales brochures, and by affixing the Mark on metal products and machinery which are imported and sold in the United States.

78.  Lin is informed and believes and thereon alleges that Counter-Defendants'

false designation of the origin, source, and false description of the goods that Counter-Defendants have sold, and continue to sell, to the consuming public have caused or are likely to cause confusion, mistake, or deception as to true relationship between Lin and Counter-Defendants.

79. Lin is informed and believes and thereon alleges that as a result of Counter-Defendants' intentional and willful false designation of the origin, source and false description of the goods which Counter-Defendants have sold, that Counter-Defendants have profited and will profit in the future from sales with such false designations, thereby entitling Lin to an award of Counter-Defendants' profits, damages, treble damages, statutory damages, and attorneys' fees to Lin in an amount to be proved at trial, along with costs, pursuant to 15 U.S.C. § 1117, as well as pursuant to 15 U.S.C. § 1125.

80. Lin is informed and believes and thereon alleges that Counter-Defendants' intentional and willful false designation of origin and false description under 15 U.S.C § 1125 entitle Lin to treble damages and Counter-Defendants' intentional and willful false designation of origin and false description makes this case exceptional, thereby entitling Lin to an award of attorneys' fees. Counter-Defendants' intentional and willful false designation of origin and false description under 15 U.S.C. § 1125 also entitles Lin to injunctive relief pursuant to 15 U.S.C. § 1116.

## THIRTEENTH CAUSE OF ACTION
### Unfair Business Practice Under Cal. Bus. & Prof. Code §17200, et seq. By Peter Lin Against All Counter-Defendants

81. Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

82. Lin is informed and believes and thereon alleges that in committing the acts and/or omissions alleged herein, Counter-Defendants engaged in unlawful, unfair, or fraudulent business practices, by engaging in a course of conduct which could

properly be called Counter-Defendants' business practices, and which was at the same time forbidden by law, giving rise to a cause of action pursuant to California Business and Professions Code §17200, *et seq.*, creating in Lin a right of action for disgorgement of profits obtained through such unfair business practices and for injunctive relief to enjoin the further unfair and deceptive business practices by Counter-Defendants, and each of them.

### FOURTEENTH CAUSE OF ACTION
#### Declaratory Relief
#### By Peter Lin Against All Counter-Defendants

83.  Lin incorporates the allegations of the preceding paragraphs above as if fully set forth herein.

84.  Lin is informed and believes and thereon alleges that AGAPE TAIWAN claims ownership of United States Trademark Registration No. 3,969,166, which Counter-Defendants claim was first used in commerce on or about March 1, 2005, and registered on May 31, 2011, for metal products and machinery, as alleged by Counter-Defendants in *Jun-En Enterprise, et al., v. Peter K. Lin, et al.*, Case No. CV 12-2734 PSG (SSx) filed in the United States District Court in the Central District of California.

85.  Lin is informed and believes and thereon alleges that Lin claims an earlier first use date of the mark in the sale of goods and services for metal products and/or machinery, and thus, Lin claims priority and ownership of the Mark.

86.  An actual controversy has arisen and now exists between the parties relating to which party named herein has all rights, title and interests in the subject Mark for which Lin desires a declaration of rights.

87.  Accordingly, Lin respectfully requests that all rights, title and interest in the subject mark be declared to be the property of Lin.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT; COUNTER-CLAIMS AND THIRD PARTY COMPLAINT
23

## DEMAND FOR JURY TRIAL

88.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lin demand a trial by jury in this action.

## PRAYER FOR RELIEF

89.  WHEREFORE Lin demands judgment against Counter-Defendants Jun-En Enterprise and Agape Industry Co., Ltd. inclusive, as follows:

    a.  For damages in the sum in excess of $101,000, and that sum be trebled;

    b.  For interest on which amount of damages is ascertainable;

    c.  For special and general damages in excess of $101,000;

    d.  For exemplary and punitive damages;

    e.  For Counter-Defendants, their officers, agents, servants, and employees, and all persons in concert or participation with the Counter-Defendants be preliminarily and permanently enjoined from:

        i.    infringing the Marks which rightfully belong to Lin;

        ii.    importing, selling or marketing merchandise in any way that tends to deceive, mislead or confuse the public into believing that the Counter-Defendants' merchandise is in any way sanctioned by or affiliated with Lin;

        iii.    otherwise competing unfairly with Lin.

    f.  For Counter-Defendants to account for and pay over to Lin all gains, profits, and advantages realized from the sale of counterfeit and infringing merchandise;

    g.  For Counter-Defendants to pay to Lin, such damages as Lin has sustained as a consequence of Counter-Defendants' acts of fraud upon the USPTO, trademark infringement, false advertising, unfair competition, deceptive and unfair practices, or at Lin's election, statutory damages, and multiple damages in the amount of three times the damages sustained by Lin, pursuant to 15 U.S.C. § 1117;

h.  For this case be declared exceptional under 15 U.S.C. § 1117 thereby entitling Lin to an award of attorneys' fees;

i.  For any products or goods with the Mark in Counter-Defendants' possession, custody, or control to be sized and destroyed;

j.  For the court to transfer all rights and title in and to the subject marks over to Lin Peter K. Lin;

k.  For costs of suit herein incurred, including reasonable attorney's fees as allowed by contract or statute; and

l.  For such other and further relief as the court may deem proper.


Dated:  July 22, 2013                    FOX ROTHSCHILD LLP


                                         Thomas T. Chan
                                         Lena N. Bacani
                                         Attorneys for Defendants/Lin Peter K. Lin
                                         and Agape Industrial, Inc.

## **DEMAND FOR JURY TRIAL**

Peter K. Lin, by counsel, hereby demands a trial by jury herein.

Dated:  July 22, 2013                    FOX ROTHSCHILD LLP

_____

Thomas T. Chan, Esq.
Steven S. Hanagami, Esq.
Attorneys for Defendant/Lin Peter K. Lin