UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | cc: Fiscal Section |
|---|---|---|---|
| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motion for Sanctions

Pending before the Court is Defendants Peter Lin and Agape Industrial Inc.'s (collectively, "Defendants") Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Dkt. # 83. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the supporting and opposing papers, the Court GRANTS the motion.

I.   Background

Plaintiffs Agape Industry Co., Ltd. and Jun-En Enterprise (collectively, "Plaintiffs") are Taiwanese manufacturers of metal products and machinery. Dkt. # 1. Plaintiffs allege that they entered into an agreement with Defendant Lin to market and sell Plaintiffs' metal products and machinery in the United States. *Id.* ¶ 12. Plaintiffs further allege that notwithstanding the parties' agreement, Defendant Lin diverted Plaintiffs' customers to competitor businesses and created Defendant Agape Industrial Inc. so as to appear to be associated with Plaintiff Agape Industry Co., Ltd. *Id.* ¶ 13.

On March 23, 2012, Plaintiffs filed a Complaint, raising six causes of action for trademark infringement, breach of contract, breach of duty of loyalty, unfair business practices, tortious interference with prospective business advantage, and misappropriation of trade secrets. *Id.* ¶¶ 14-28. Notably, the Complaint did not mention when Plaintiffs first learned of Defendants' wrongful conduct. *See id.* Instead, Plaintiffs asserted, without temporal limitation, that "Plaintiffs are informed and believe and thereupon allege that Defendants Lin [and] Agape

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | cc: Fiscal Section |
|---|---|---|---|
| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

Industrial, Inc. . . . have diverted customers . . . and took steps to conceal these actions." *Id.* ¶ 13.

   Approximately one month later, Plaintiffs filed a First Amended Complaint ("FAC") maintaining all six causes of action and adding a seventh cause of action for unfair competition. Dkt. # 13.  But as in the FAC, Plaintiffs did not plead when they first learned of Defendants' wrongful conduct.  *See id.* ¶ 17.  Defendants filed a motion to dismiss the FAC, challenging all claims asserted therein, except Plaintiffs' trademark infringement claim.  Dkt. # 22.  With respect to Plaintiffs' breach of contract claim, the Court denied Defendants' motion, finding that the FAC adequately pleaded the terms of the parties' agreement and how Defendants breached those terms.  Dkt. # 26 at 4.  With respect to Plaintiffs' misappropriation of trade secrets claim, the Court granted the motion, without prejudice, because Plaintiffs failed to state the alleged trade secret with sufficient particularity.  *Id.* at 5-6.  The Court followed suit with Plaintiffs' remaining claims, finding them preempted under the California Uniform Trade Secret Act ("CUTSA").  *Id.* at 6-8.

   On November 13, 2012, Plaintiffs filed a Second Amended Complaint ("SAC"), maintaining all seven causes of actions raised in the FAC.  Dkt. # 30.  Like the Complaint and the FAC, the SAC similarly failed to assert when Plaintiffs first learned of Defendants' wrongful conduct.  *Id.*  Defendants moved to dismiss the SAC, specifically targeting Plaintiffs' claims for unfair competition, duty of loyalty, unfair business practices, tortious interference with prospective business advantage, and misappropriation of trade secrets.  Dkt. # 33.  The Court granted Defendants' motion, without prejudice.  Dkt. # 64.  As to Plaintiffs' misappropriation of trade secrets claim, the Court found that Plaintiffs had once again failed to state the alleged trade secret with sufficient particularity.  *Id.* at 3.  As to Plaintiffs' claims for unfair competition, duty of loyalty, unfair business practices, and tortious interference with prospective business advantage, the Court once again held that they were preempted by CUTSA.  *Id.* at 4-5.

   Plaintiffs then filed a Third Amended Complaint ("TAC") on July 8, 2013.  Dkt. # 65. Although Plaintiffs dropped their misappropriation of trade secrets claim, they maintained claims for trademark infringement, unfair competition, breach of contract, breach of duty of loyalty, unfair business practices, tortious interference with prospective business advantage, and breach of contract.  *Id.*  Also, whereas the Complaint, FAC, and SAC failed to specify when Plaintiffs first learned of Defendants' "tortious and dishonest conduct," Plaintiffs' TAC now stated, for the first time in over 15 months of litigation, that Plaintiffs learned of Defendants' conduct "in or about 2009."  *Id.* ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | cc: Fiscal Section |
|---|---|---|---|
| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

Having finally determined when Plaintiffs first learned of Defendants' tortious and dishonest conduct, Defendants moved to dismiss Plaintiffs' claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage. Dkt. # 66. Defendants argued that all three of these claims were time barred under a two-year statute of limitations. *Id.* at 5-7. Although Defendants attempted to explain why a two-year limitations period did not apply, *see* Dkt. # 71 at 12-14, the Court found otherwise, dismissing all three claims with prejudice, *see* Dkt. # 73.

Now, Defendants move to sanction Plaintiffs and their counsel[1] ("Counsel") under Rule 11 of the Federal Rules of Civil Procedure for failing to conduct a reasonable inquiry into the facts and law underlying Plaintiffs' claims for breach of contract, breach of duty of loyalty, tortious interference with prospective business advantage, and trade secret misappropriation. Dkt. # 83.

II. Legal Standard

Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") gives the authority to a federal court to impose sanctions against litigants appearing before it. *See* Fed. R. Civ. P. 11. Rule 11 is "designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis." *Truesdell v. S. Calif. Permanente Med. Group*, 209 F.R.D. 169, 173-73 (C.D. Cal. 2002). Rule 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

---

[1] Plaintiffs are represented by Russell Cole of DePasquale & Cole, and H.G. Robert Fong of Ku & Fong. *See Cole Decl.*, ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

Fed. R. Civ. P. 11(b). "Rule 11 permits a court to impose a sanction for any violation of these certification requirements, either upon the attorney or the party 'responsible for the violation.'" *Truesdell*, 209 F.R.D. at 174 (citing Fed. R. Civ. P. 11(c)). The imposed sanction should be limited to "what is sufficient to deter repetition of the conduct or comparable harm by others similarly situated." Fed. R. Civ. P. 11(c)(1).

A court considering Rule 11 sanctions should consider whether the party or parties' submissions were "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362-65 (9th Cir. 1990) (en banc). "Our cases have established that sanctions [under Rule 11] must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'" *Townsend*, 929 F.2d at 1362. Thus, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Schutts v. Bently Nevada Corp.*, 966 F. Supp. 1549, 1562 (D. Nev.1997) (citation omitted).

III.   Discussion

In light of the standard enunciated in Rule 11(b), Defendants' Motion argues that Plaintiffs and Counsel must be sanctioned for maintaining frivolous claims throughout numerous stages of this litigation. *See Mot.* 1:2-18. Defendants primarily contend that had Counsel conducted even a cursory pre-suit investigation – let alone "an inquiry reasonable under the circumstances" as required by Rule 11(b) – they would have readily ascertained that their claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage were time barred by a two-year statute of limitations. *See Mot.* 1:13-17. Defendants also aver that Plaintiffs and Counsel maintained a frivolous claim for trade secret misappropriation in the FAC and SAC, even though Plaintiffs voluntarily dropped this claim from the TAC. *See Mot.* 1:10-13.

For the reasons discussed *infra*, the Court agrees with Defendants in part, but not in full. While Counsel must be sanctioned under Rule 11 for filing Plaintiffs claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage, the same does not apply to Plaintiffs' trade secret misappropriation claim. The Court hereinafter refers to Plaintiffs' claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage as the "time barred claims."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | | cc: Fiscal Section |
| Case No. | CV 12-2734 PSG (SSx) | | Date | December 23, 2013 |
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | | |

    A.    <u>The Time Barred Claims</u>

    As an initial matter, the Court recognizes that Rule 11 sanctions are often unnecessary when a plaintiff simply asserts a time barred claim, with no hint of additional misconduct. *See, e.g.*, *Czajkowski v. Reed Elsevier, Inc.*, No. 07-cv-2383 JM (LSP), 2008 U.S. Dist. LEXIS 22172, at *18-21 (S.D. Cal. March 20, 2008); *Franco v. American Gas Laboratories*, No. CV 87-3032, 1987 U.S. Dist. LEXIS 15221, at *20 (C.D. Cal. Oct. 5, 1987) (holding that dismissal of an action based on a statute of limitations defense does not warrant sanctions). Most of the time, this makes good sense. Asserting a time barred claim is not so "rare and exceptional" that sanctions are required under Rule 11. *See Czajkowski*, 2008 U.S. Dist. LEXIS 22172, at *20 (finding that plaintiff's assertion of time barred claims was not rare and exceptional and therefore did not warrant Rule 11 sanctions). If the rule were otherwise, nearly every dismissal of a claim due to a statute of limitations defense would result in Rule 11 sanctions – a clearly impermissible outcome.

    There are rare and exceptional circumstances, however, when the dismissal of a claim under procedural limitations, like a statute of limitations defense, does warrant Rule 11 sanctions. *See Mir v. Little Company of Mary Hospital*, 844 F.2d 646, 652 (9th Cir. 1988) ("We are persuaded that [plaintiff] acted unreasonably in bringing an action for $27,000,000 in the face of clear authority that each claim was barred by procedural limitations."); *Taylor v. Merchants Credit Corp.*, No. 13-395 RSM, 2013 U.S. Dist. LEXIS 124810, at *4-8 (W.D. Wash. Aug. 30, 2013) (deeming plaintiffs' filing of a claim under the FDCPA "frivolous" because the statute of limitations on that claim had expired, but plaintiff neither withdrew the claim nor persuasively opposed the motion for sanctions). Along with those cases, Plaintiffs' action here is a case in point, for a number of reasons.

    Most notably, Counsel violated Rule 11(b) by failing to conduct a reasonable inquiry into the facts and law of Plaintiffs' time barred claims. *See Schutts*, 966 F. Supp. at 1562. By filing the Complaint, FAC, SAC, and TAC, all of which contained Plaintiffs' time barred claims, Counsel continually represented, pursuant to Rule 11, that these claims were factually and legally warranted. However, after at least 15 months of litigation, and two rounds of 12(b)(6) motions by Defendants, Plaintiffs' TAC finally admitted that Plaintiffs first learned of Defendants' alleged tortious and dishonest conduct "in or about 2009." *See TAC* ¶ 15. There is no question, then, that Plaintiffs made no mention of this critical fact in their Complaint, filed on March 29, 2012, signed by Counsel Fong. *See* Dkt. # 1 at 12. Nor did Plaintiffs in the FAC, filed on May 9, 2012, signed again by Counsel Fong. *See* Dkt. # 13 at 13. And nor did Plaintiffs in the SAC, filed on November 13, 2012, signed by Counsel Cole. *See* Dkt. # 30 at 13. But

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

once Plaintiffs finally disclosed this information, presumably as a result of Counsel's investigation into the basic facts underlying these claims, it was no surprise that each and every one of the claims was time barred by a two-year limitations period. Indeed, it took the Court only a few pages of opinion writing to dismiss with prejudice all three claims in its September 2013 Order. *See* Dkt. # 73 at 4-5.

One might reasonably wonder why it took Plaintiffs and Counsel over 15 months, through the course of filing the Complaint, FAC, SAC, and TAC, to unearth and disclose this information. The Court has certainly cogitated over the question. Yet Plaintiffs' Opposition offers nary a word of clarification, failing to state a single fact demonstrating that they conducted any investigation – much less a reasonable one – into any of the time barred claims. *See generally Opp.* Instead, Plaintiffs' Opposition beats around the bush, offering superfluity after superfluity in defense of Counsel's failure to conduct a reasonable investigation of the facts and law of Plaintiffs' time barred claims.

Plaintiffs' Opposition initially argues that the Court should overlook Counsel's failure to disclose when Plaintiffs first learned of Defendants' tortious conduct because neither Defendants nor the Court ever mentioned the statute of limitations applicable to these claims. *See Opp.* 6:14-17, 9:19-20. In a rather obtuse way, Plaintiffs are correct – neither Defendants nor the Court mentioned the applicable statute of limitations to these claims throughout the many months of litigation leading up to September 2013 Order dismissing those claims. But so what? Plaintiffs cannot shift the blame for *their* mistake to the Court, or even Defendants for that matter. As Counsel well know, or certainly should know given their experience in the profession, Rule 11 places the onus on *them*, as the advocates of *their* claims, to make a reasonable inquiry into the facts of *their* case. *Truesdell*, 209 F.R.D. at 174 ("Rule 11 permits a court to impose a sanction for any violation of these certification requirements, either upon the attorney or the party 'responsible for the violation.'") (citing Fed. R. Civ. P. 11(c)). The Court has no duty to *sua sponte* inform Counsel that their client's claims might be time barred under the relevant statute of limitations. Nor do Defendants. Without knowledge as to when Plaintiffs first learned of Defendants' tortious and dishonest conduct, Defendants had no way to even raise a statute of limitations defense.

Plaintiffs' Opposition also contends that Counsel's failure to disclose this critical information was no subterfuge, let alone an act of bad faith. Rather, Counsel was "open and honest about what they knew, [but] to their own detriment." *Opp.* 10:1-3. While the Court appreciates Counsel's belated honesty in disclosing this information after many months of litigation, the fact remains that Plaintiffs and Counsel waited until the TAC to unveil when Plaintiffs first learned of Defendants' "tortious and dishonest conduct." *See TAC* ¶ 15. Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

even assuming, for the sake of argument, that Counsel truly meant no harm by their dilatory investigation, Defendants were harmed, so there is a foul.  Counsel cannot "avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."  *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).  Put simply, Counsel's ostensible good faith does not save them Rule 11.  *See Zaldivar*, 780 F.2d at 831; *Townsend*, 929 F.2d at 1362-65.

Finally, Plaintiffs' Opposition avers that Counsel reasonably argued for a three year statute of limitations period in rebutting Defendants' motion to dismiss the TAC.  *See Opp.* 12:17-13:4.  But this contention, like all of Plaintiffs' other responses, falls short.  Whether or not Counsel reasonably argued for a three year limitations period in defending the TAC, Plaintiffs' pleadings still did not assert when Plaintiffs first learned of Defendants' "tortious and dishonest conduct" until Counsel filed the TAC, after 15 months of litigation.  *See TAC* ¶ 15.  Counsel has not, therefore, assuaged their failure to conduct a reasonable factual inquiry of Plaintiffs' time barred claims.

But even if Counsel made a reasonable inquiry into the facts and law of Plaintiffs' time barred claims, Counsel hyperbolizes the merits of their statute of limitations argument.  From the Court's point of view, such an argument was doomed from the start.  In dismissing Plaintiffs' breach of contract claim as time barred under a two-year limitations period, the Court cited a century-old case from the Supreme Court of California.  *See* Dkt. # 73 at 4 (*citing O'Brien v. King*, 174 Cal. 769, 772 (1917)).  Similarly, the Court cited a decade-old case in holding that Plaintiffs' claims for intentional interference with prospective business advantage and breach of duty of loyalty were barred by a two-year limitations period.  *See id.* (*citing August v. United Servs. Auto Assn.*, 13 Cal. App. 4th 4, 10 (1993)).  Contrary to Counsel's argument, then, there is no way that they could have reasonably believed that existing case law could be extended to fit the facts of Plaintiffs' case – a two year limitations period applied, without question.  *See Schutts*, 966 F. Supp. at 1562 ("The issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded.").

For this reason and all of the reasons discussed *supra*, Plaintiffs' Opposition does not advance any meaningful explanation for why Counsel failed, over a period of at least 15 months and multiple rounds of 12(b)(6) motions, to inquire into the facts and law of Plaintiffs' time barred claims.  Had Counsel conducted even a cursory pre-suit investigation in the first place – let alone an "inquiry reasonable under the circumstances" as required under Rule 11(b) – they would have readily ascertained these claims were time barred before filing the Complaint, FAC, SAC and TAC.  Counsel's failure to conduct a reasonable investigation into Plaintiffs' time barred claims is therefore far from ordinary – it is extraordinary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

  Yet the story continues. The Court finds Rule 11 sanctions necessary for two additional reasons as well. First, notwithstanding the frivolity of Plaintiffs' time barred claims, Plaintiffs demand significant damages as a result of Defendants' purported conduct. The TAC, like the Complaint, FAC and SAC, demands "[g]eneral damages in an amount subject to proof at trial, but not less than *Ten Million Dollars* ($10,000,000)." *E.g.*, Dkt. # 65 at 14 (emphasis added). According to the Ninth Circuit, the Court may consider the gravity of Plaintiffs' damages request when evaluating the reasonableness of Plaintiffs' actions under Rule 11. *See Mir*, 844 F.2d at 653; *see also Unioil, Inc. v. E. F. Hutton & Co.*, 809 F.2d 548, 557 (9th Cir. 1986) ("[J]ust as the gravity of foreseeable injury is relevant to determining a party's standard of care in a negligence case, so should the cost of a foreseeable response by opposing parties be relevant to determining an attorney's standard of reasonable inquiry."), *cert denied*, 484 U.S. 822 (1987).

  In *Mir*, the Ninth Circuit determined that a plaintiff acted "unreasonably [under Rule 11] in bringing an action for $27,000,000 in the face of clear authority that each claim was barred by procedural limitations." *Mir*, 844 F.2d at 653. Relying on that fact, among others, the Ninth Circuit upheld the district court's sanction award because "a prayer for this amount of money forces an opposing party to mount a vigorous and costly defense." *Id.* (internal citations omitted). Even though Plaintiffs' request for damages in this case does not rise to the level of damages requested in *Mir*, Plaintiffs' $10,000,000 request is far from pocket change, and thus required Defendants to mount a "vigorous and costly defense" over the course of 15 months to dismiss Plaintiffs' time barred claims. *See id.* In addition to Plaintiffs' unreasonable inquiry into the facts and law of these claims, Plaintiffs' substantial damages request also favors Rule 11 sanctions.

  Second and finally, the Court briefly notes that Counsel are far from first-year lawyers. As the Ninth Circuit explained in *Heuttig & Schromm, Inc.*, the Court may also consider this fact in determining whether to apply Rule 11 sanctions. *See Huettig & Schromm, Inc. v. Landscape Contractors Council*, 790 F.2d 1421, 1426-427 (9th Cir. 1986) (upholding district court's decision to sanction attorneys in part because "the sanctioned attorneys were experienced labor law practitioners" and "must have known that they could not relitigate the issue"); *see also United States v. Nelson*, 885 F.2d 547, 549-50 (9th Cir. 1989); *Lloyd v. Schlag*, 884 F.2d 409, 413 (9th Cir. 1989) ("Given counsel's experience [among other factors], counsel's signature on the original Complaint unquestionably violated Rule 11.").

  Mr. Fong, who signed the Complaint and the FAC, was admitted to the bar over forty years ago. *See Mot.* 8:14-20; *see also* Dkts. # 1, 13. Mr. Cole, who signed the SAC and the TAC, was admitted to the bar almost twenty-five years ago. *See Mot.* 8:14-20; *see also* Dkts. #

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | cc: Fiscal Section |
|---|---|---|---|
| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

30, 65. Mr. Fong and Mr. Cole are also named partners at their respective law firms. *See Mot.* 8:14-20. Nonetheless, despite their presumable sagacity and training in the profession, both Mr. Fong and Mr. Cole failed to do the most rudimentary factual and legal research regarding the viability of Plaintiffs' time barred claims. All they had to do was look at Section 339(1) of the California Civil Code and a calendar. Accordingly, the Court determines that Counsel's experience in the profession, combined with their failure to conduct a reasonable inquiry into the facts and law of the time barred claims, requires the Court to impose Rule 11 sanctions.

    B.    <u>Trade Secret Misappropriation Claim</u>

Along with Plaintiffs' time barred claims, Defendants further aver that Plaintiffs and Counsel must be sanctioned for maintaining a frivolous misappropriation of trade secrets claim, even though Plaintiffs voluntarily dropped that claim from their TAC. *See Mot.* 1:10:13. In support of this conclusion, Defendants contend that "it's undisputed that Defendants generated all of their own customers and sales leads." *Mot.* 5:4-7. However, because Defendants offer no evidence in support of this assertions, this does not, by itself, convince the Court of the frivolity of Plaintiffs' trade secret claim.

Defendants' second argument fares no better. Defendants contend that because Plaintiffs pleaded their trade secret claim in the FAC and SAC, but suddenly dropped the claim from their TAC, this necessarily shows frivolity. *See Mot.* 7:9-18. The Court disagrees. Plaintiffs' decision to forgo litigating their trade secret misappropriation claim does not necessarily mean that it lacked merit. If this were the rule, the Court could impose sanctions on any plaintiff who simply decided to drop a claim after a few rounds of pleadings. But it's not. Without more, Defendants fail to show that Plaintiffs' trade secret misappropriation claim was not well founded. The Court thus refuses to sanction Plaintiffs or Counsel under Rule 11 for raising the trade secret misappropriation claim.

    C.    <u>Appropriate Sanctions</u>

Although Plaintiffs' trade secret misappropriation claim does not warrant sanctions under Rule 11, as discussed *supra*, sanctions are appropriate with respect to Counsel's failure to properly investigate Plaintiffs' time barred claims. Under Rule 11(c), the Court may impose "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Defendants request that the Court impose three sanctions against Plaintiffs and Counsel: (1) penalties sufficient to deter future conduct of a similar nature; (2) all reasonable attorneys' fees and expenses incurred by Defendants in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

defending against this litigation, or at minimum the fees incurred by Defendants to dismiss the frivolous claims; and (3) an Order dismissing Plaintiffs' remaining claims, with prejudice. *See Mot.* 9:16-20.

The Court initially notes that nothing in Defendants' Motion or Reply suggests that Plaintiffs are at fault for Counsel's failure to investigate the facts and law of the time barred claims. The Court also finds no reason to sanction Plaintiffs for Counsel's violations of Rule 11. The blame resides with Counsel, and Counsel alone.

In terms of what sanctions must be applied to Counsel, the Court initially finds that terminating sanctions are not appropriate. Although Counsel's conduct certainly violates Rule 11, it does not rises to such a level that Plaintiffs' entire action, including their claims that have survived up until this point in time, must be dismissed in to-to. Counsel's conduct does, though, merit a penalty and attorneys' fees, just as Defendants request. To deter similar conduct in the future, the Court finds that Mr. Fong must be penalized in the amount of $2,000 for including the time barred claims in the Complaint and FAC, and Mr. Cole must be penalized in the amount of $1,000 for including the time barred claims in the SAC. This amount is no more than reasonable given Counsel's failure to reasonably investigate the facts and law of Plaintiffs' time barred claims over 15 months of litigation and multiple rounds of 12(b)(6) motions. Counsel shall make this payment to the Court by January 6, 2014.

Counsel shall also reimburse Defendants for all attorneys' fees and expenses that Defendants incurred in defending against Plaintiffs' time barred claims. Plaintiffs may submit to the Court documentation of the fees and expenses incurred in defending against those claims, and those claims only, along with a motion explaining why those fees are reasonable, by February 10, 2014. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (explaining that the reasonableness of attorneys' fees is typically determined by the lodestar method, which involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate"); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622-23 (9th Cir. 1983) (holding that the moving party has the burden to produce evidence that the rates and hours worked are reasonable).

IV.   Conclusion

Thus, for the foregoing reasons, the Court GRANTS Defendants' Motion for Sanctions. Mr. Fong shall make payment of $2,000 to the Court by **January 6, 2014**. Mr. Cole shall make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

payment of $1,000 to the Court by **January 6, 2014**.  Defendants may file a motion for attorneys' fees with respect to Plaintiffs' time barred claims by **February 10, 2014**.

   **IT IS SO ORDERED.**