1  H. G. Robert Fong, ESQ. State Bar # 53535
2  444 S. Flower Street, Suite 1500
3  Los Angeles CA 90071-1435
   Telephone (213) 488-1400
4
   Attorney for Plaintiff/Counter Defendants
5  JUN-EN ENTERPRISES and
6  AGAPE INDUSTRY CO., LTD.

7

8              **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES**

10  JUN-EN ENTERPRISES, a Taiwan          ) Case No: CV 12-2734 PSG (SSx)
    Corporation, AGAPE INDUSTRY CO.,      ) Hon. Philip S. Gutierrez
11  LTD., a Taiwan Corporation,           )
12              Plaintiffs ,              ) **PLAINTIFFS' OPPOSITION TO**
13        vs.                             ) **DEFENDANTS' MOTION FOR**
                                          ) **ATTORNEY FEES, MEMORANDUM**
14                                        ) **OF POINTS AND AUTHORITIES.**
15  PETER K. LIN, AGAPE INDUSTRIAL        )
16  INC., and DOES 1 through 10,          )
              Defendants                  )
17  ─────────────────────────────────    )
18  PETER K. LIN, an individual, and      )
19  AGAPE INDUSTRIAL, INC.,               )
    Counter-Claimants/Third Party         ) Date Complaint Filed: 03/29/12
20              Plaintiffs,               ) Discovery Cutoff: 10/15/13
21        vs.                             ) Trial Date: 06/24/14
22  JUN-EN ENTERPRISE, a Taiwan           )
    Corporation, AGAPE INDUSTRY CO.,      ) **Motion**:
23  LTD., a Taiwan Corporation, SHI RU    )
    YANG aka TONY YANG, an individual,    ) Date:      April 7, 2014
24  HSIU-YING LU, an individual, and Does ) Time:      1:30 P.M.
25  1 through 10,                         ) Courtroom: 880
26                                        )
          Counter-Defendants and Third    )
27        Party Defendants.               )
28  ─────────────────────────────────    )

                              i

1
2

# TABLE OF CONTENTS

3
4

**I.  PLAINTIFFS' THIRD AMENDED COMPLAINT ("TAC") CANNOT OBJECTIVELY BE CONSTRUED AS FRIVOLOUS.**                                      **1**

5
6

**a.  The Contractual Claims are "Plausibly" Related to a Written Instrument, and are Not Time-Barred.**                                      **5**

7
8
9

**b.  The Tortious Claims were Not Time Barred as they Relate Back under Liberality of Pleading under Rules 8, 9 and 15, and This Court's Standing Order  7**

10
11

**c.  The Court Ignored Rule 15 Amendments "Relate Back" and are thus Timely.  9**

12
13
14

**d.  The Court Inexplicably Ignored Plaintiffs' Express Allegations That Would Have Invoked The Agair Case's Application Of The 3 Year Statute Of Limitations.  12**

15
16
17

**e.  Even if the Court finds the Claims Time Barred, they are not Precluded from use in Plaintiff's Affirmative Defenses.**                                      **12**

18
19

**f.  The Court's 12(b)(6) Order is a Guised Order for Summary Judgment, Contrary to Ninth Circuit Law.**                                      **13**

20
21
22

**II. DEFENDANTS' MOTION FOR ATTORNEY FEES SHOULD BE DENIED OR ALTERNATIVELY, SUBSTANTIALLY REDUCED**                                      **14**

23
24

**a.  The Time-Barred Acts are Enumerated Within the Active § 17200 Claim.  16**

25

**b.  Plaintiff's Affirmative Defenses Do Not Fall to the Statute of Limitations.  18**

26
27

**c.  The Defendants Have Failed to Mitigate their Fees as Required by the Ninth Circuit.**                                      **19**

28

1   d.  Defense Counsel Failed to Meet and Confer Under This Court's Standing

2   Order and Local Rule.                                                    22

3

4   e.  Defendants' Counsel May Not Be Awarded Fees Incurred in Violation of

    California Law and State Bar Guidelines.                                 23

5

6   III.  CONCLUSION.                                                        26

7

1

## Table of Authorities

2

**Cases**

[Flatt v. Sup.Ct. (Daniel) (1994) 9 Cal.4th 275 ...................................................23

Agair Inc. v. Shaeffer (1965) 232 Cal.App.2d 513 ...................................................8, 11

Amen v. Merced County Title Co. (1962) 58 Cal.2d 528 ............................................3

Aryeh v. Canon Business Solutions, Inc. (2013) 55 Cal.4th 1185 ...........................14, 15

Bell Atlantic Corp. v. Twombly (2007) 550 U.S. 544 .........................................4, 5, 6, 7

Beltran v. Avon Products, Inc. (CD CA 2012) 867 F.Supp.2d 1068 ...........................22

Bonilla v. Oakland Scavenger Co., 697 F.2d 1297 (9th Cir.1982)...............................13

Center For Biological Diversity v. County of San Bernardino (2010) 188 Cal.App.4th
    603 ..............................................................................................................16

Chang v. Chen .......................................................................................................8

City & County of San Francisco v. Cobra Solutions, Inc. (2006) 38 C4th 839 .............23

City & County of San Francisco v. Cobra Solutions, Inc. (2006) 38 Cal.4th 839 .........22

*Clipper Express v. Rocky Mountain Motor Tariff Bureau,* 690 F.2d 1240 (9th Cir.1982)
    ..................................................................................................................13

Colucci v. New York Times Co., 533 F.Supp. 1011 (S.D.N.Y.1982) ...........................19

Commercial Standard Title Co. v. Sup.Ct. *(Smith)* (1979) 92 Cal.App.3d 934 .............21

Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163.........................15

Franco v. American Gas Ass'n Laboratories (C.D. Cal., Aug. 3, 1988, CV 87-3032-
    PAR) 1988 WL 220646 .................................................................................13

H.F. Ahmanson & Co. v. Salomon Bros., Inc. (1991) 229 Cal.App.3d 1445 ................22

Hall v. Spencer County, Ky. (6th Cir. 2009) 583 F3d 930..........................................10

Hudson v. Moore Business Forms, Inc. (9th Cir. 1990) 898 F.2d 684.....................14, 17

In re Coastal Plains, Inc. (5th Cir. 1999) 179 F.3d 197..............................................10

In re Kunstler, 914 F.2d 505 (4th Cir. 1990)............................................................14

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975)......................................18

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Lodge 1380, Brotherhood of Railway, Airline and Steamship Clerks v. Dennis,* 625 F.2d
    819 (9th Cir.1980)..................................................................................13

Martell v. Trilogy, Ltd. .........................................................................10

Matter of Yagman (9th Cir. 1986) 796 F.2d 1165.......................................17, 19

Moreno v. City of Sacramento (9th Cir. 2008) 534 F.3d 1106, 1112 ...........16

Morongo Band of Mission Indians v. Rose, 893 F.2d 1074...........................8

Mossman v. Roadway Express, 789 F.2d 804.............................................18

Pietrobon v. Libarle (2006) 137 Cal.App.4th 992 ......................................3

Santamarina v. Sears, Roebuck & Co.......................................................10

Stevelman v. Alias Research Inc. (2nd Cir. 1999) 174 F.3d 79 ....................10

Styne v. Stevens (2001) 26 Cal.4th 42 ...............................................11, 12, 17

Toombs v. Leone, 777 F.2d 465, 472 (9th Cir.1985) ....................................18

*Townsend v. Columbia Operations,* 667 F.2d 844(9th Cir.1982) .................13

Trustees of Teamsters Local 631 Sec. Fund for Southern Nevada v. Beavers (D. Nev.,
    Jan. 27, 2014, 2:13-CV-00824-GMN) 2014 WL 298736...........................14

Wutchumna Water Co. v. Bailey (1932) 216 Cal. 564.................................21

**Statutes**

§ 17200 .........................................................................14, 15, 16, 20

C.C.P § 337.........................................................................4, 5, 10

Fed. Rules Civ.Proc., Rule 15.................................................................9

**Other Authorities**

3 Witkin, Cal. Proc. 5th (2008) Actions, § 508 ............................................3

63 Harv. L. Rev. 1192 ............................................................................3

Counsel Fong submits herein that Attorney fees should be denied in toto for the reasons set forth below, that Defendants have failed to prove that their requested fees are fair, reasonable, and non-duplicative.  To determine that an award of fees should be made, truly exceptional facts should be required that do not exist herein.

## I.  PLAINTIFFS' THIRD AMENDED COMPLAINT ("TAC") CANNOT OBJECTIVELY BE CONSTRUED AS FRIVOLOUS.

There is but one set of core facts in this case:  That a contractual relationship existed between Lin/Agape Industrial, and Jun-En (inclusive of principals Shi Ru Yang and Hsiu-Ying Lu) from which both sides have alleged both contract *and* tortious claims.  The operative complaints before this Court are summarized as follows[1]:

- Jun-En ("Plaintiff") contractual and tortious claims against Peter Lin/Agape Industrial ("Defendants"), Third Amended Complaint ["TAC", Docket # 65].
- Defendants' Responsive pleading and Counter-Claim against Plaintiff [Docket # 67],
- Plaintiff's Answer to Defendants' Counter-Claim [Docket # 45]

And arising from the same set of core facts, the following Third Party Complaint was born:

---

[1] As set forth in this Court's August 9, 2013 Order [Docket # 70]

1

1   • Third Party Complaint [Docket # 67] contractual and tortious claims
2       filed by Defendants, against Shi Ru Yang ("Yang") and ("Lu").
3   • Yang and Lu Answers [Docket ## 91, 92]  and tortious Counter-
4       Claims against Defendants [Docket ## 93, 94]
5   • Defendants' Answer to Yang Counter-Claims [Docket # 106] and Lu
6       Counter-Claims [Docket # 107]

7

8       Undeniably Defendants, through their counsel Thomas T. Chan,
9   openly and explicitly pled Defendants Lin was "informed and believe" the
10  existence of a written agreement forming the basis of Defendants' Cross-
11  Complaint:

12

13          12.   Lin is 'informed and believes that on or
14      about May 2009, Lin and Counter Defendants
        **entered into an agreement that was**
15      **memorialized in writing**. In this agreement,
16      Counter-Defendants were acting by and through its
        duly authorized agent, servant, officer, director,
17      and employee, or Counter-Defendants had ratified
18      the acts of the other Counter-Defendants. [Docket
        67, Page 10, ¶ 12][Contract Claim]
19

20          24.   Lin is informed and believes and thereon
21      alleges that on or about May 11 2009, YANG on
        behalf of Counter-Defendants **entered into an**
22      **agreement which was memorialized in writing**
23      with the intent to defraud Lin by inducing Lin to
        continue to do business with Counter-Defendants,
24      by offering a commission of 8% for all sales
25      generated by Lin made payable after payment of
        the purchase order, but Counter-Defendants did
26      not have the intent to honor or comply with the
27      agreement.   [Docket 67, Page 12, ¶ 24][Tort
        Claim]
28

2

1

2

3

4

5

6

7

8

> 58.    Lin is informed and believes that at all times mentioned herein, that on or about May 2009, Lin and Counter-Defendants **entered into an agreement that was memorialized in writing a**nd/or by the intentional conduct of the parties with each knowing, or having reason to know, that the other party would interpret the conduct as an agreement to enter into a contract . . . [Docket 67, Page 18, ¶ 58][Contract Claim]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The California Supreme Court held in <u>Amen v. Merced County Title Co.</u> (1962) 58 Cal.2d 528, 533 that a contract reduced to a writing, yet unsigned, falls under the four-year statute of limitations, even if it is unsigned by the adverse party.  See also <u>Pietrobon v. Libarle</u> (2006) 137 Cal.App.4th 992, 997  "According to the Supreme Court, "[t]he contract may be 'in writing' for purposes of the statute of limitations even though it was accepted orally or by an act other than signing. [Citations.]" (*Id.* at p. 532, 25 Cal.Rptr. 65, 375 P.2d 33.) "*When a party has agreed to the writing, there is no reason to invoke the two-year statute of limitations applicable to oral agreements. The four-year statute of limitations, unlike the statute of frauds, does not require that the writing be signed by the party to be charged.*"

Additionally, should the "gravamen" of the action is held to be tort, the action, though in the form one for breach of contract, is subject to the tort limitations period. (See 63 Harv. L. Rev. 1192; 3 Witkin, Cal. Proc. 5th (2008) Actions, § 508, p. 650)

Plaintiffs were aware of the memorandum and agreed to it as setting forth a modification of their existing contractual relationship with Lin through his management of Agape Industry, Inc., and as dual employee

3

1   thereof and of Jun-En.

2   Accordingly, there is a "plausible" basis for the four-year statute of

3   limitations to apply to <u>both</u> Plaintiff's TAC <u>and</u> Defendants Counter-Claim

4   and Third Party Complaints.

5   However, the Court, in it's Rule 12(b)(6) Order, and Rule 11

6   Sanctions Order, made findings of fact that despite Defendants' *informed*

7   *belief* of a written agreement, it was *implausible* for Plaintiff to continue

8   under the four-year statute of limitations (C.C.P § 337), but tacitly *plausible*

9   for Defendants to proceed under the four-year statute for their contractual

10   and tortious claims.  Ironically Defendants contract and tort claims, arising

11   from the same set of core facts, are still pending.  The Court has not applied

12   its factual findings to Defendants claims, nor has it issued Rule 11 sanctions

13   against Defendants' Counsel Thomas Chan, for pursuing claims which the

14   Court has ruled as "time barred" and thus frivolous.  It has long been held

15   that Rule 11 should not be used to silence an attorney's advocacy. <u>Here</u> the

16   Court has censored, and censured, Mssrs. Fong and Cole, under an

17   *implausible* finding of fact, while allowing the same set of facts to be

18   *plausible* for Thomas Chan and his representation of Defendants.

19   *Plausibility* must apply evenly to both parties in litigation.  Not only

20   must justice be blind, but it must be evenly dispensed and without bias.  The

21   ebb and flow of justice should not be constrained by bias and silence.

22   The Supreme Court of the United States in <u>Bell Atlantic Corp. v.</u>

23   <u>Twombly</u> (2007) 550 U.S. 544 holds a "plausible" basis for stating a cause

24   of action shall survive a Rule 12(b)(6) challenge.  The Court further

25   acknowledged that district court judges, while *"savvy"*, may <u>not</u> dismiss a

26   complaint base on their skepticisms or bias.  *"And, of course, a well-pleaded*

27   *complaint may proceed even if it strikes a savvy judge that actual proof of*

28   *those facts is improbable, and 'that a recovery is very remote and*

4

1   *unlikely.'"* <u>Twombly</u> at 556.

2          Defendants' counsel, Thomas Chan, has affirmed the "plausible"

3   basis, by representing his clients *informed belief* of a written agreement.  No

4   matter how *improbable* the Court believes Plaintiff's claims are, under

5   *Twombly* the Court cannot grant the 12(b)(6) challenge.

6

7          **a.  <u>The Contractual Claims are "Plausibly" Related to a</u>**

8              **<u>Written Instrument, and are Not Time-Barred.</u>**

9          This Court, in granting Defendant's Rule 12 <u>and</u> Rule 11 Motions,

10  ignored the *plausible* under *Twombly*, and tacitly rewarded Defendant's

11  silence as to the *plausible* existence of a <u>written instrument</u> invoking the

12  four-year statute of limitations under C.C.P. § 337.  Alarmingly Thomas

13  Chan, Defendants' counsel pursued his Rule 12 motion while remaining

14  silent as to his own pleadings, of which he alleges his own client, Lin, **"is**

15  **informed and believes"** in **the existence of a "written instrument"**

16  forming the basis of both his contract <u>and</u> fraud causes of action.  An

17  attorney has an affirmative duty of candor to the Court to apprise them of <u>all</u>

18  the facts, and no suppress by silence those facts that are harmful.  However,

19  once the Court gave the proverbial green light for sanctions, Thomas Chan

20  continued his silence to his representations in his own pleadings of the

21  existence of a written agreement, and pursued substantial monetary

22  sanctions under the feigned ignorance of the written agreement.

23         Indeed, Defendant's counsel refers to the existence of this **written**

24  **instrument** on <u>three</u> separate paragraphs in his cross-complaint [Docket #

25  67].  Notably, this Court endorsed Defendant's Cross-Complaint as his

26  operative answer and counterclaim. [Court's August 9, 2013 Order, Docket

27  # 70].

28  *///*

¶12.  Lin is 'informed and believes that on or about May 2009, Lin and Counter Defendants **entered into an agreement that was memorialized in writing**. . . . [Docket 67, Page 10, ¶ 12][Contract Claim]

24.   Lin is informed and believes and thereon alleges that on or about May 11 2009, YANG on behalf of Counter-Defendants **entered into an agreement which was memorialized in writing** with the intent to defraud Lin . . . [Docket 67, Page 12, ¶ 24][Tort Claim]

¶58.   Lin is informed and believes that at all times mentioned herein, that on or about May 2009, Lin and Counter-Defendants **entered into an agreement that was memorialized in writing a**nd/or by the intentional conduct of the parties with each knowing, or having reason to know, that the other party would interpret the conduct as an agreement to enter into a contract . . . [Docket 67, Page 18, ¶ 58][Contract Claim]

Undeniably the same set of core facts has been used by Defendants' Counsel to allege a _writing_.  Such a claim on Defendants' _informed belief_ is sufficient to give rise to Plaintiff's "plausible" claim for a written contract subject to a four-year statute of limitations.  Under _Twombly_, such a plausible position, regardless of the Court's skepticism, is sufficient to withstand a Rule 12(b)(6) motion by the United States Supreme Court.

   b. **The Tortious Claims were Not Time Barred as they Relate Back under Liberality of Pleading under Rules 8, 9 and 15, and This Court's Standing Order**

6

The Court's Rule 12(b)(6) Order and Rule 11 Order admit Plaintiff's TAC contains "tortious" causes of action.  The Court's September 3, 2013 Order for Rule 12 states in relevant part:

> *Plaintiffs state in their TAC that "[i]n or about 2009" they became aware of Lin's "tortious and dishonest conduct." TAC ¶ 15.* **Thus, Defendants argue that drawing all inferences in Plaintiffs' favor, the latest date that Plaintiffs could have become aware of the allegedly <u>tortious</u> conduct is December 31, 2009, which Plaintiffs do not dispute in their Opposition.** *Plaintiffs did not file this action <u>until March 29, 2012.</u> See Dkt. # 1. Accordingly, to the extent any of Plaintiffs' claims fall outside of a three-year statute of limitations period, they are timebarred.* [emphasis added]

In conjunction, Defendants also claim a tortious cause of action for fraud in their Third Counter-Claim:  Additionally, Thomas Chan, Defendants' Counsel also alleges the existence of *tortious* claims in Defendants' Answer/Counter-Claim, see Defendants' Third Cause of Action for Fraud [see Docket 67, Page 12, ¶ 24][Tort Claim].

Under the Court's ruling, Defendant undeniably had until **<u>December 31, 2012</u>** to file "tortious" claim that were "plausible" under *Twombly*.  The Court, while correctly stating the "action" was first filed in March 29, 2012, simply chose to ignore the long held rules of liberality of pleading under Rule 8, Rule 9, and especially Rule 15, which expressly preserved Defendant's statutory right to "relate back" to the original filing date for amended causes of action, arising from the same core facts.

Indeed, this very Court addressed "extreme liberality" for amendments in its Standing Order that states in relevant part: "The Ninth

7

1   Circuit requires that this policy favoring amendment be applied with
2   "extreme liberality." <u>Morongo Band of Mission Indians v. Rose, 893 F.2d</u>
3   <u>1074</u>, 1079 (9th Cir. 1990)." "*See* <u>Chang v. Chen</u>, 80 F.3d 1293, 1296 (9th
4   Cir. 1996) (where a motion to dismiss is granted, a district court should
5   provide leave to amend unless it is clear that the complaint could not be
6   saved by any amendment)."

7        Respectfully the Court, in its Rule 11 Order, has misapplied the ruling
8   in <u>Agair Inc. v. Shaeffer</u> (1965) 232 Cal.App.2d 513.  In Agair, the court of
9   appeals ruled that **the three-year statute of limitations <u>did</u> apply,**
10  **regardless of the implication of an *oral* contract.**  The employees in <u>Agair</u>
11  tortiously embezzled the employer's funds.  Similar to Lin's numerous
12  tortious acts against Plaintiffs, his employers' interests.  The court held:

13

14          A person receiving the property of another by
15          reason of fraud or mistake is unjustly enriched
16          thereby, and the right of the owner to recover will
            not be defeated merely because there was an oral
16          contract between them in some way involving the
17          property. The proper statute limiting such actions
18          is subdivision 4 of section 338.  [<u>Id.</u> a 518]

19

20       <u>Here</u>, it is the overall gravamen of the action that gives rise to the
21  applicable statute of limitations, and Defendants' implication of a purported
22  *oral* contract should defeat their tortious conduct application of a reduced
23  statute of limitations.

24       While minds may differ, application of a single case should not
25  determine whether a cause of action is frivolous or simply plausible.  Rule
26  11 is not designed to restrain an attorney's advocacy, surely not because of a
27  mere difference of opinion with the application of a single given case.

28

Should Rule 11 be applied so, a Rule 12 motion will become a death-knell for advocacy.

### c. __The Court Ignored Rule 15 Amendments "Relate Back" and are thus Timely.__

FRCP 15 sets forth an amendment "relates back" to the original filing date, if it arises from the same set of core facts in the original complaint [Fed. Rules Civ.Proc., Rule 15(c)(1)(b): *the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading*]. Here, Plaintiff's TAC by amendment is based on the same set of operative facts, conduct, transaction and/or occurrences set out in Rule 15. Thus, the amendments would "relate back" to the original filing date, filed timely nine-months ahead of the three-year statute of limitations running for tortious conduct under Rule 15.

A district court cannot abrogate Congress' clear and unambiguous statutory right of a litigant. The Court, in light of its own findings, has clearly ignored Defendant had over nine (9) months (277 days) of 2012 remaining for Defendant to have filed his causes of action falling under the three-year statute of limitations for *tortious* conduct. Even if Plaintiff filed his action one day short, it would not have been time barred. Notably, Defendants' Counter-Claim also alleges contractual <u>and</u> tortious conduct under the same set of core facts, yet the Court has allowed Defendants' to proceed with their claims, while denying Plaintiffs. The Court seemingly ignored the "liberality" of pleading under Federal Rule of Civil Procedure 8, 9, and notably, the "relation back" doctrine for "amended pleadings" under Rule 15.

The Ninth Circuit has long held unless the applicable statute of

9

1   limitations provides an even more liberal standard, amended pleadings

2   "relate back" as to *existing* parties if the claim or defense asserted in the

3   amended pleading arises *"out of the conduct, transaction or occurrence set*

4   *out—or attempted to be set out—in the original pleading."* [FRCP

5   15(c)(1)(B)]  Thus even if the statute of limitations has run, a complaint can

6   be amended against *existing* defendants. The only requirement is whatever

7   theories or causes of action are pleaded in the amended complaint must

8   "arise out of" the "conduct, transaction or occurrence" pled in the original

9   complaint. [Martell v. Trilogy, Ltd. (9th Cir. 1989) 872 F.2d 322, 325]

10        Without doubt, the "relation back" doctrine is to be "liberally

11   applied." An amended complaint is not time-barred simply because it asserts

12   a new theory. The basic inquiry is whether the opposing party was on notice

13   of the *nature* of the claim raised by the amended pleading. [Santamarina v.

14   Sears, Roebuck & Co. (7th Cir. 2006) 466 F3d 570, 573; Hall v. Spencer

15   County, Ky. (6th Cir. 2009) 583 F3d 930, 934; Stevelman v. Alias Research

16   Inc. (2nd Cir. 1999) 174 F.3d 79, 87]  Filing of a lawsuit "warns the

17   defendant to collect and preserve his evidence in reference to ... the *whole*

18   *transaction* described in it ... " Thus, a defendant is aware that claims

19   regarding that transaction may be amended and that the form of relief and

20   law relied upon are not confined to their original statement. [*Martell v.*

21   *Trilogy, Ltd.*, supra, 872 F2d at 326 (emphasis added); In re Coastal Plains,

22   Inc. (5th Cir. 1999) 179 F.3d 197, 216][See *The Rutter Group* Cal. Prac.

23   Guide Fed. Civ. Pro. Before Trial Ch. 8-G]

24        Accordingly Plaintiff's breach of contract, duty of loyalty and tortious

25   interference claims are all "plausibly" related to a set of operative facts

26   including a written instrument, and thus fall under California's four-year

27   statute of limitations pursuant to C.C.P § 337 and three-year tortious statute.

28

1    Accordingly the Court was incorrect to conclude Plaintiff's claims

2    were time barred, especially in light of Thomas Chan's statement of

3    Defendant's *informed belief* of a *writing* and alleged tortious conduct in

4    Defendants' Answer and Counter-Claims [Docket #67, ¶¶ 12, 24]

5

6              d.  **The Court Inexplicably Ignored Plaintiffs' Express**

7                  **Allegations That Would Have Invoked The Agair Case's**

8                  **Application Of The 3 Year Statute Of Limitations.**

9

10   In its order, the Court stated that the Agair case was inapplicable,

11   because it dealt with an embezzlement torts.  However, Plaintiffs in

12   Paragraph 15 alleged, … "LIN had been diverting customers and otherwise

13   violating his duties as their agent to Plaintiffs by "misappropriating their money

14   and property, since at least as early as 2007."  Further, Plaintiffs alleged that LIN

15   acted "in order to enable him to loot the subsidiary corporation, Agape

16   Industry, Inc., and to divert Plaintiffs' assets to himself and third parties."

17

18             e.  **Even if the Court finds the Claims Time Barred, they are**

19                 **not Precluded from use in Plaintiff's Affirmative Defenses.**

20   The statute of limitations does not apply to defenses: "Under well-

21   established authority, a defense may be raised at any time, even if the matter

22   alleged would be barred by a statute of limitations if asserted as the basis for

23   affirmative relief." [Styne v. Stevens (2001) 26 Cal.4th 42, 51] The rule

24   applies in particular to contract actions: *"One sued on a contract may urge*

25   *defenses that render the contract unenforceable, even if the same matters,*

26   *alleged as grounds for restitution after rescission, would be untimely."*

27   [Styne v. Stevens, supra, 26 Cal.4th at 51-52] See *The Rutter Group* Cal.

28   Prac. Guide Civ. Pro. Before Trial Ch. 6-C.

The Court's criticism of counsel oversimplified the analysis by not considering the claims it found barred to be asserted as defenses and setoffs. It the Court's Order for Rule 11 sanctions, the Court openly chastised Mssrs. Fong and Cole.

> Mr. Fong and Mr. Cole failed to do the most rudimentary factual and legal research regarding the viability of Plaintiffs' time barred claims. **All they had to do was look at Section 339(1) of the California Civil Code and a calendar.**

Knowing how to read a calendar and Section 339(1) is not a reasonable test to apply Rule 11 sanctions here. To add insult in injury, the Court expressly used this criticism to base its entire Rule 11 Order for sanctions *"their failure to conduct a reasonable inquiry into the facts and law of the time barred claims, requires the Court to impose Rule 11 sanctions."*[Court's 12.23.2013 Minute Order Approving Rule 11 Sanctions] However, the Court seemingly ignored both Tom Chan's *informed belief* of a *writing* represented in Defendants' pleadings, as well as Defendants tort claims arising under the same set of core facts. Counsel's reasonable inquiry expressly considered this fact. Going further, the Court failed to address that the three-years statute of limitations had yet to run out, nor would have for over nine-months, before the filing of the original complaint. Thus, the tortious conduct amendments were both timely, and would have nonetheless, "related back" under Rule 15.

Calendar or no calendar, the Court was incorrect to conclude there was no *plausible* basis for Plaintiff's contractual claims, and *tortious* claims, given the Court's iteration of the dates set forth in the operative pleadings.

f. **The Court's 12(b)(6) Order is a Guised Order for Summary Judgment, Contrary to Ninth Circuit Law.**

The Ninth Circuit has long held a 12(b)(6) motion is limited to considering matters inside the pleading, and specifically holds when a district court exceeds those boundaries, it has sua sponte held a guised Motion for Summary Judgment.  To do such is reversible error.

In <u>Franco v. American Gas Ass'n Laboratories</u> (C.D. Cal., Aug. 3, 1988, CV 87-3032-PAR) 1988 WL 220646, the court acknowledged these boundaries:

> "**In general, a court may not refer to matters outside the pleadings.** *Lodge 1380, Brotherhood of Railway, Airline and Steamship Clerks v. Dennis,* 625 F.2d 819, 824–25 (9th Cir.1980). **If it chooses to consider such evidence, it must treat the motion as one for summary judgment.** *Clipper Express v. Rocky Mountain Motor Tariff Bureau,* 690 F.2d 1240 (9th Cir.1982); *Townsend v. Columbia Operations,* 667 F.2d 844, 850 (9th Cir.1982). **To consider matters outside the pleadings without converting the motion into a summary judgment motion is reversible error.** <u>Bonilla v. Oakland Scavenger Co.,</u> 697 F.2d 1297, 1301 (9th Cir.1982).

## II. <u>DEFENDANTS' MOTION FOR ATTORNEY FEES SHOULD BE DENIED OR ALTERNATIVELY, SUBSTANTIALLY REDUCED</u>

Defendants Motion for Attorney Fees  is premised primarily on two cases each factually distinguishable from the case at hand, yet both equally unpersuasive [Docket # 112, Page 6, Lines 6-11].  The primary purpose of Rule 11 sanctions is "not to compensate the prevailing party, but to "deter future litigation abuse." <u>In re Kunstler</u>, 914 F.2d 505, 522 (4th Cir. 1990).

13

1   Rule 11(c) requires a court to limit any penalty to " 'what is sufficient to
2   deter repetition of such conduct,

3        Plaintiff's authority of <u>Hudson v. Moore Business Forms, Inc.</u> (9th
4   Cir. 1990) 898 F.2d 684 is also factually distinguishable from <u>this</u> case.  In
5   *Hudson*, the court found that Moore's counterclaims were plausible and thus
6   not sanctionable, but agreed with the district court's findings that the
7   damages claims were "frivolous and brought to harass Hudson." <u>Hudson</u> at
8   686.  The Court, nor Defense Counsel Tom Chan, has alleged any prayer in
9   Plaintiff's TAC was brought simply to *harass*.

10       Defendants' Second authority is also factually distinguishable and
11   unpersuasive.  <u>Trustees of Teamsters Local 631 Sec. Fund for Southern</u>
12   <u>Nevada v. Beavers</u> (D. Nev., Jan. 27, 2014, 2:13-CV-00824-GMN) 2014
13   WL 298736 applied strictly to statutory attorney fees under ERISA, notably
14   said attorney fees arose from a default judgment, wherein plaintiff's counsel
15   sought reasonable attorney fees, but were denied because they failed to
16   establish authority to support their claim for fees relating to the judgment.
17   Said attorneys only received $1,293.00 in fees. A far cry from $44,000.00

18       Defendants' counsel *asserts* that he is entitled to a *pro rata* share
19   [Docket # 112, Motion Page 4, Lines 3-11].  This approach is problematical
20   for several unavoidable legal and factual reasons.

21       **a.  <u>The Time-Barred Acts are Enumerated Within the Active §</u>**
22           **<u>17200 Claim.</u>**

23       First, Plaintiff's UCL § 17200 claims were still pending at the time of
24   the rulings.  While the Court may have ruled Plaintiff's contractual and tort
25   claims are time-barred, these claims were nonetheless still enumerated
26   within the active § 17200 cause of action.

27       In <u>Aryeh v. Canon Business Solutions, Inc.</u> (2013) 55 Cal.4th 1185,
28   1200-01 the California Supreme Court held each successive breach of an

unlawful business practice triggered a <u>new four-year</u> statute of limitations.

> **Accordingly, each alleged breach must be treated as triggering a new statute of limitations.** (*Hogar Dulce Hogar v. Community Development Commission, supra,* 110 Cal.App.4th at p. 1295, 2 Cal.Rptr.3d 497 ["When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period."]; . . . Aryeh cannot recover alleged excess charges preceding the four-year limitations period, but is not foreclosed from seeking recovery for charges to the extent they fall within that period. **Because the complaint alleges excess charges within the four years preceding suit, it is not completely barred by the statute of limitations.**

Furthermore, the California Supreme Court held in <u>Cortez v. Purolator Air Filtration Products Co.</u> (2000) 23 Cal.4th 163, 178 "*[a]ny* action to enforce *any* cause of action under this chapter shall be commenced within four years after the cause of action accrued" pertaining to § 17200, specifically violations of the Labor Code.  Plaintiffs asserted violations of Labor Code Section 1194.  According to Cortez the Labor Code violations it ruled on had a three-year statute that was extended to 4 years by UCL.

The California Supreme Court held in <u>Cortez v. Purolator Air Filtration Products Co.</u> (2000) 23 Cal.4th 163, 178 1"[*a*]*ny* action to enforce *any* cause of action under this chapter shall be commenced within four years after the cause of action accrued" pertaining to § 17200.  In <u>Cortez</u>, the court acknowledged the individual three-year statute of limitations for unpaid wages, and contrasted the individual claim against the four-year statute of limitations under California's UCL statute.  The Court ultimately held that a

15

1   litigant could nonetheless rightfully pursue the cause under the longer four-

2   year statute of limitations as the individual wage claims were intrinsic to the

3   UCL claim.  Such is the same in <u>this</u> case.

4          Plaintiff still had a standing §17200 claim that includes the individual

5   acts this court dismissed as time-barred.   However, as the identical claims

6   are intrinsic to the remaining § 17200 claim, with its four-year statute of

7   limitations, **Defendants would still have to perform the same work**, Tom

8   Chan *asserts* he may bill Plaintiffs for.  To have a plaintiff pre-pay the cost

9   of his opponent's defense would be tantamount to a fundamental miscarriage

10  of justice.  Notably, every case Defendant cited for his *assertion* of his right

11  to prepaid fees, did not involve a case where remaining causes of action

12  were in play, or where the dismissed causes of action were intrinsic to the

13  remaining viable claims.

14         <u>This</u> is the case at hand.  Plaintiff still had relief available for any

15  unlawful act occurring within the four-year statute of limitations of Business

16  and Professions Code § 17200, et seq.

17         Simply put, the work Chan claims for the time barred claims is

18  duplicative to what his firm had to do anyway.  Under California and Ninth

19  Circuit law, the Court does not have to award fees that are duplicative.

20  <u>Center For Biological Diversity v. County of San Bernardino</u> (2010) 188

21  Cal.App.4th 603, 622, <u>Moreno v. City of Sacramento</u> (9th Cir. 2008) 534

22  F.3d 1106, 1112.

23         Unavoidably Defendants were still obligated to perform the same

24  work in defending the § 17200 claim.  Additionally, Defendant must still

25  defend against the Yang and Lu Counter-Claims that contain the same

26  factually based claims [Docket ## 93, 94].  Furthermore, Defendants must

27  still contend with the Plaintiff's affirmative defenses, including set-off, that

28  do not trigger a statute of limitations.

1         **b.**  **Plaintiff's Affirmative Defenses Do Not Fall to the Statute of**

2             **Limitations.**

3        The California Supreme Court holds "[U]nder well-established

4 authority, a defense may be raised at any time, even if the matter alleged

5 would be barred by a statute of limitations if asserted as the basis for

6 affirmative relief." [*Styne v. Stevens* (2001) 26 Cal.4th 42, 51] The rule

7 applies in particular to contract actions*: "One sued on a contract may urge*

8 *defenses that render the contract unenforceable, even if the same matters,*

9 *alleged as grounds for restitution after rescission, would be untimely."*

10 [*Styne v. Stevens,* supra, 26 Cal.4th at 51-52] See *The Rutter Group* Cal.

11 Prac. Guide Civ. Pro. Before Trial Ch. 6-C.

12        Hence, Defendants' must still litigate the same issues in the form of

13 an affirmative defense by Plaintiffs.  The Court should not allow

14 apportionment of attorney fees that would create a litigant having to pay his

15 opponents litigation fees.

16          **c.**  **The Defendants Have Failed to Mitigate their Fees as**

17             **Required by the Ninth Circuit.**

18        The *Hudson* court also addressed *mitigation* by a moving party.

19        The mitigation requirement ensures that Rule 11 sanctions do not

20 themselves create the hemorrhage of litigation that the rule was designed to

21 stanch. *See* <u>Yagman</u> 796 F.2d at 1185 ("[T]he court [should] consider any

22 misconduct on the part of defense counsel which may have contributed to

23 the protraction of this lawsuit.") <u>Hudson</u> at 687.  Instances of material

24 misconduct is cited in the accompanying declaration of H. G. Robert Fong.

25        The Ninth Circuit cornerstone ruling of <u>Matter of Yagman</u> (9th Cir.

26 1986) 796 F.2d 1165, 1184-85 <u>opinion amended on denial of reh'g sub nom.</u>

27 <u>In re Yagman</u> (9th Cir. 1986) 803 F.2d 1085, also requires *mitigation* for

28 attorney fees and addressed the Defendants use of <u>Kerr v. Screen Extras</u>

17

1 | <u>Guild, Inc.</u>, 526 F.2d 67 (9th Cir.1975).

2

3
4
5
6
7
8
9
10
11
12
13
14
15

> When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action. Schwarzer, *supra* at 198. There is no need to rigidly apply the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), but the court must make some evaluation of the fee breakdown submitted by counsel. <u>Toombs v. Leone</u>, 777 F.2d 465, 472 (9th Cir.1985). The measure to be used "is not actual expenses and fees but those the court determines to be reasonable." Schwarzer, *supra* at 203. Implicit in this is the duty to mitigate.

16
17
18
19
20
21
22
23
24
25
26
27
28

> **In assessing the damage done, the court should consider the extent to which it is self-inflicted due to the failure to mitigate ....**
>
> ....
>
> ... **A party having vigorously resisted a baseless claim may therefore find that the court, in making an award, will consider its expenditures to have been excessive.**
> Schwarzer, *supra* at 200–03. Further, as we have recently noted, Rule 11 "sanctions are not appropriately awarded for any portions of attorney's fees provoked by a moving attorney's misconduct." <u>Mossman v. Roadway Express</u>, 789 F.2d 804, 806 (9th Cir.1986), *as amended.*
>
> . . . In addition, the award entirely fails to consider Yagman's ability to pay such an immense sum

18

1
2
3
4
5
6
7
8
9
10

> which, in our view, is another factor relevant in determining reasonableness. *See* <u>Colucci v. New York Times Co.,</u> 533 F.Supp. 1011, 1013 (S.D.N.Y.1982). In short, the district court does not appear to have determined in any way whether the sanctions award complies with the reasonableness requirement and, thus, we hold that the award constitutes an abuse of discretion . . . To allow that punishment, however, to take the form of such a generic, all-encompassing, massive, post-trial retribution, with no indication whatsoever of reasonableness, would send shivers through the bar.

11
12
13
14
15

While Defendants seek a percentage on each cause of action, they have failed to set forth any reasonable breakdown.  Moreover, the motion is solely supported by the Declaration of Thomas Chan whose credibility is questionable, given the evidence adduced in this case.  See Declaration of H. G. Robert Fong.

16
17
18
19
20
21

Notably, Thomas Chan declares "These entries also include fees incurred in connection with Plaintiffs' deposition of Defendants' CPA, Daniel Roan, who testified on matters only relating to the Time-Barred Claims. Accordingly, these fees should be reimbursed in their entirety."  <u>However, Chan did not attend the deposition, nor has he even laid the minimum of foundation for seeking reimbursement of these fees.</u>

22
23
24
25
26
27

Most notably, rather than pursue a simple Rule 12(b)(6) motion, or meet and confer with Plaintiff's counsel, Defendants' counsel has ramped up his fees, seeking retribution by direct compensation from Plaintiff. Arguably, had the entire action terminated in his favor, much like his authorities, he would have a stronger claim to *assert* he is entitled to *pro rata* work.  However, it is undeniable that Defendants' counsel is, and will

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES

1  still have to perform and incur duplicative fees contending with the now
2  dismissed § 17200 claim, the Lu and Yang Counter-Claims and Plaintiff's
3  affirmative defenses which do not invoke the statute of limitations.

4       **d.  <u>Defense Counsel Failed to Meet and Confer Under This</u>**
5            **<u>Court's Standing Order and Local Rule.</u>**

6
7  This Court's standing order clearly states:

8
9          **Motions Pursuant to Rule 12**: Many motions to
10         dismiss or to strike can be avoided if the parties
11         confer in good faith (as required under Local Rule
           7-3), especially for perceived defects in a
12         complaint, answer, or counterclaim that could be
           corrected by amendment.
13 **Local Rule 7-3 mandates:**
14
15         . . .counsel contemplating the filing of any motion
16         shall first contact opposing counsel to discuss
           thoroughly, preferably in person, the substance of
17         the contemplated motion and any potential
18         resolution. The conference shall take place at least
           seven (7) days prior to the filing of the motion. If
19         the parties are unable to reach a resolution which
20         eliminates the necessity for a hearing, counsel for
           the moving party shall include in the notice of
21         motion a statement to the following effect:
22         "This motion is made following the conference of
23         counsel pursuant to L.R. 7-3 which took place on
           (date)."
24
25         Rather than meet and confer as required by this Court's standing order
26 and Local Rule, Defendants' counsel simply filed his 12(b)(6) motion rather
27 than seeking an amicable resolution to cure any deficiencies or alternate
28

20

1   remedy.  As such, Defendants' counsel has failed to comply with the

2   mandatory requirements for motion practice two-fold.  Accordingly,

3   Defendants' counsel should not be allowed to pursue his fees after violating

4   this Court's standing orders.

5

6          e.   **Defendants' Counsel May Not Be Awarded Fees Incurred**

7               **in Violation of California Law and State Bar Guidelines.**

8          Ironically, Defendants' counsel, Tom Chan, used to represent

9   Plaintiffs immediately preceding this case.  Have switched sides, Defense

10  counsel was obligated to obtain permission from his prior client.  As

11  reflected in the records produced by CPA Roan, Chan was paid by Agape

12  Industries for work he performed in February 2010, before LIN attempted to

13  "revise history."  Officially, the IRS and Secretary of State showed Third

14  Party Defendant Hsiu-Ying Lu as 100% owner of Agape Industrial.  This as

15  a result of LIN's filing tax returns so stating under penalty of perjury and

16  certifying such with the State.  The corporate information statements showed

17  Hsiu-Ying Lu as the President, as well with LIN in some years, as Secretary.

18  The Agape Industry website also described Agape Industy as the US office

19  of what matches the description of Jun-En.  Jun-En supplied the funds for

20  the operation of Agape.  Those funds were apparently used to pay Chan.

21         An attorney's duty of confidentiality continues after termination of the

22  attorney-client relationship: "The relation of attorney and client is one of

23  highest confidence and as to professional information gained while this

24  relation exists, the *attorney's lips are forever sealed*, and this is true

25  notwithstanding his subsequent discharge by his client." [Wutchumna Water

26  Co. v. Bailey (1932) 216 Cal. 564, 571 (emphasis added); Commercial

27  Standard Title Co. v. Sup.Ct. *(Smith)* (1979) 92 Cal.App.3d 934, 945, 155

28  Cal.Rptr. 393, 400—attorney's duty to preserve client secrets "at every peril

21

to himself or herself" is owed to both present and former clients; CRPC 3–310(E)—absent informed written consent, attorney prohibited from representing interest adverse to former client where attorney possesses confidential information material to the matter; see also ABA Model Rules 1.6, Comments (1) & (17), 1.9(c)] See *The Rutter Group* Cal. Prac. Guide Prof. Resp. Ch. 7-B

**Successive Representation Requires Client's Informed Written Consent:** Representation of a client whose interests are adverse to a former client is permitted with the former client's "informed written consent." [CRPC 3–310(E); <u>City & County of San Francisco v. Cobra Solutions, Inc.</u> (2006) 38 Cal.4th 839, 847, 43 CR3d 771, 776]

Consent of Prior Client Must Be In Writing**:** The former client must agree *in writing* to the representation following counsel's full written disclosure of the "*relevant circumstances*" and the "actual and reasonably foreseeable adverse consequences to the . . . former client." [CRPC 3–310(A); Cal. State Bar Form.Opn. 1998–152; *and see discussion at ¶ 4:6 ff.*] *The Rutter Group* Cal. Prac. Guide Prof. Resp. Ch. 4-C

Absent client consent, a lawyer may not "accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained *confidential information material to the employment*" (*see ¶ 4:15–16*). [CRPC 3–310(E) (emphasis added); see <u>H.F. Ahmanson & Co. v. Salomon Bros., Inc.</u> (1991) 229 Cal.App.3d 1445, 1459; <u>Beltran v. Avon Products, Inc</u>. (CD CA 2012) 867 F.Supp.2d 1068, 1077; Los Angeles Bar Ass'n Form.Opn. 501 (1999)] *The Rutter Group* Cal. Prac. Guide Prof. Resp. Ch. 4-C

Having failed to obtain his former client's written authorization, disqualification was, and is, mandatory.

22

If (i) a "*substantial relationship*" (¶ *4:189 ff.*) exists between the former and present matters *and* (ii) the nature of the employment was such that *confidential information material to the case* would normally be imparted to the attorney, then (iii) the attorney's knowledge of material confidential information is *conclusively presumed* and (iv) ***disqualification is mandatory* absent the former client's informed written consent**. [Flatt v. Sup.Ct. (Daniel) (1994) 9 Cal.4th 275, 283; City & County of San Francisco v. Cobra Solutions, Inc. (2006) 38 C4th 839, 846–847, 43 CR3d 771, 776–777] *The Rutter Group* Cal. Prac. Guide Prof. Resp. Ch. 4-C [emphasis added]

Defendants' counsel, having failed to obtain the mandatory *written permission/waiver* from his immediate/former clients (Plaintiffs), should be prevented to obtaining an award of fees in contravention of State Bar rules and California related authority prohibiting conflicts of interest.

## III. <u>CONCLUSION.</u>

Based on the foregoing points and authorities, Defendants' Motion for Attorney fees should accordingly be denied.

Dated:  March 17, 2014          By:  _____

H. G. Robert Fong
Attorney for Plaintiffs

23