Thomas T. Chan (SBN 129606)
  tchan@Foxrothschild.Com
Lena N. Bacani (SBN 213556)
  lbacani@foxrothschild.com
FOX ROTHSCHILD LLP
1055 West 7th Street, Suite 1880
Los Angeles, CA 90017-2544
Telephone:  213-624-6560
Facsimile:   213-622-1154

Attorneys for Defendants/Third Party Plaintiffs,
PETER K. LIN AND AGAPE INDUSTRIAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., LTD., a Taiwan Corporation,<br><br>          Plaintiffs,<br>     v.<br>PETER K. LIN, AGAPE INDUSTRIAL, INC., and DOES 1 through 10,<br><br>          Defendants. | Case No.: CV 12-02734-PSG-SS<br><br>Hon. Philip S. Gutierrez and<br>Hon. Suzanne H. Segal<br><br>**SECOND DECLARATION OF THOMAS T. CHAN RE TAIWANESE DEPOSITIONS**<br><br>**DISCOVERY MATTER** |
| PETER K. LIN, an individual, and AGAPE INDUSTRIAL, INC.,<br><br>          Counter-Claimants/Third Party Plaintiffs,<br>     v.<br>JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., LTD., a Taiwan Corporation, SHI RU YANG aka TONY YANG, an individual, HSIU-YING LU, an individual, and Moes 1 through 10,<br><br>          Counter-Defendants and Third Party Defendants. | Date Complaint Filed:  03/29/12<br>Discovery Cutoff:          10/15/13<br>Trial Date:                     06/24/14 |

SECOND CHAN DECLARATION RE TAIWANESE DEPOSITIONS

ACTIVE 25173217v3 03/21/2014

I, Thomas T. Chan, declare as follows:

1. I am an attorney duly admitted to practice law and in good standing in the State of California, and licensed to practice before this Court. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently testify thereto.

2. Plaintiffs and Third-Party Defendants have failed to comply with the Court's Order of March 10, 2014, which ordered the depositions of Third-Party Defendants and supplemental 30(b)(6) depositions of Plaintiffs to proceed in Taiwan with the fees and expenses incurred by Defendants to be borne by Plaintiffs. The Court ordered these depositions to occur no later than March 21, 2014.

3. As of March 21, 2014, no depositions have been conducted due to the refusal of Plaintiffs, Third-Party Defendants, and their counsel to coordinate with Defendants' counsel regarding scheduling. The Declaration of Nicole L. Drey, filed as Docket Number 122, details the efforts of Defendants to coordinate depositions with Plaintiffs' counsel. No communication beyond that outlined in the Drey Declaration was received from Plaintiffs' counsel concerning the depositions until today, March 21, 2014, the last date for taking depositions of Plaintiffs,.

4. Today, March 21, 2014, I received an email from Mr. Cole, counsel for Plaintiffs and Third-Party Defendants, explicitly stating that Plaintiffs and Third-Party Defendants would not comply with the Court's Order of March 10, 2014. Counsel further stated that Plaintiffs and Third-Party Defendants would not be appearing for their depositions, whether taken in Taiwan or elsewhere, and would not pay any expenses Defendants incur in the pursuit of such depositions. Attached hereto as **Exhibit A** is a true and correct copy of the email received from Plaintiffs' counsel, Mr. Cole.

5. Because of the continued discovery abuse of Plaintiffs, Third-Party Defendants, and their counsel, Defendants have been forced to incur additional unnecessary expenses coordinating depositions in Taiwan at which Plaintiffs and

SECOND CHAN DECLARATION RE TAIWANESE DEPOSITIONS
1

1  Third-Party Defendants had no intention of appearing.  Defendants have also been
2  forced to continuously file pleadings with the Court addressing these ongoing
3  discovery violations.
4        6.     Accordingly, given Plaintiffs', Third-Party Defendants', and their
5  counsel's even more extensive, repeating, and continuing dilatory and obfuscating
6  actions to flout the court's rules and orders, obstruct justice, cause unnecessary delay
7  and needlessly increase the cost of litigation, Defendants would again urge the Court
8  to issue a supplemental order re sanctions in line with that requested in the original
9  discovery motion.  Specifically, Defendants urge the Court to award sanctions against
10 Plaintiffs, Third-Party Defendants, and their counsel as follows (modified from the
11 Drey Declaration in light of the recent violations):
12         a. Plaintiffs and Third-Party Defendants are precluded from
13            introducing or relying on (at trial or in connection with any motion,
14            specifically including any motion for summary judgment) <u>any</u>
15            <u>testimony, affidavit or declaration</u>, without further motion by
16            Defendants;
17               i. This specifically includes any testimony, declaration or
18                 evidence from Third-Party Defendant Shi Ru Yang aka
19                 Tony Yang, Third-Party Defendant Hsiu-Ying Lu, 30(b)(6)
20                 deponent Vincent Chiu or any other company employees,
21                 officers or witnesses of Plaintiff;
22              ii. This also specifically includes any portions of the deposition
23                 transcripts of Plaintiffs' 30(b)(6) deponent, Vincent Chiu,
24                 due to the failure of Plaintiffs to complete the 30(b)(6)
25                 depositions, with issues still outstanding on which the
26                 deponent was to be impeached;
27         b. Plaintiffs and Third-Party Defendants are precluded from
28            introducing or relying on (at trial or in connection with any motion,

specifically including any motion for summary judgment) any testimony or evidence relating to the issues to which Plaintiffs' 30(b)(6) deponent, Vincent Chiu, was unprepared or not knowledgeable to testify, specifically including, the facts and circumstances surrounding Plaintiffs' trademark registration as well as the negotiations relating to or specifics of the agreement between Plaintiffs, Defendants, and Third-Party Defendants concerning commissions to be paid and expenses to be reimbursed to Defendants, without further motion required by Defendants;

c. Plaintiffs and Third-Party Defendants are precluded from introducing or relying on (at trial or in connection with any motion, specifically including any motion for summary judgment) any document not already produced to Defendants, or produced to Defendants but which Defendants did not have the opportunity to examine Plaintiffs and Third-Party Defendants on, without further motion required by Defendants;

d. Plaintiffs, Third-Party Defendants, and their counsel shall reimburse Defendants all fees and costs incurred by Defendants in connection with or preparation for:

　　i. The depositions originally scheduled for January 20-23, 2014;

　　ii. Defendants' original Motion to Compel filed October 17, 2013;

　　iii. Defendants' Motion to Reopen Discovery filed on October 29, 2013;

　　iv. Defendants' Motion for Sanctions filed on October 29, 2013;

      v. Defendants' Motion to Compel filed February 5, 2014, including the declaration of Thomas T. Chan filed on March 7, 2014, the declaration of Nicole L. Drey filed on March 12, 2013, and this declaration hereto;

      vi. Defendants' attempts to coordinate and arrange the depositions in Taiwan, pursuant to the Court's Order of March 10, 2014; and

      vii. The cost of the interpreter and additional costs resulting from the interpretation.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed March 21, 2014, in Los Angeles, California.

                                              _/Thomas T. Chan/_
                                              Thomas T. Chan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A

SECOND CHAN DECLARATION RE TAIWANESE DEPOSITIONS
5

ACTIVE 25173217v3 03/21/2014

**Drey, Nicole L.**

| | |
|---|---|
| **From:** | prdrjclaw <prdrjclaw@gmail.com> |
| **Sent:** | Friday, March 21, 2014 11:17 AM |
| **To:** | Chan, Thomas T. |
| **Cc:** | Bacani, Lena N.; Drey, Nicole L.; Bob Fong |
| **Subject:** | Jun-En v Peter Lin |

Counsel,

I am writing to inform you that our clients have directed us to tell you that they respectfully decline to take part in the depositions order by Magistrate Judge Segal, whether in Taiwan, or anywhere else. Please be advise that they will not pay any expenses you might incur in pursuit of such depositions.

Please let us know if you have any questions regarding this matter.

Russell Cole
DePasquale & Cole
(213) 629-3550