1   Thomas T. Chan (SBN 129606)
        tchan@foxrothschild.com
2   Lena N. Bacani (SBN 213556)
        lbacani@foxrothschild.com
3   FOX ROTHSCHILD LLP
    1055 West 7th Street, Suite 1880
4   Los Angeles, CA 90017-2544
    Telephone:  213-624-6560
5   Facsimile:   310-556-9828

6   Attorneys for Defendants/Third Party Plaintiffs,
    PETER K. LIN and AGAPE INDUSTRIAL, INC.

7

8                   UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., 12  LTD., a Taiwan Corporation, | Case No.: CV 12-02734-PSG-SS |
| 13                     Plaintiffs, | Hon. Judge Philip S. Gutierrez |
| 14          v. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION IN SUPPORT OF ATTORNEYS' FEES** |
| 15  PETER K. LIN, AGAPE INDUSTRIAL, INC., and DOES 1 through 10, 16 | |
| 16              Defendants. 17 | |
| 18  PETER K. LIN, an individual, and AGAPE INDUSTRIAL, INC., 19 | Hearing Date:        04/07/14 Time:                    1:30 p.m. Courtroom:           880 |
| 20              Counter-Claimants/Third Party Plaintiffs, | Date Complaint Filed:  03/29/12 Discovery Cutoff:        10/15/13 Trial Date:              06/24/14 |
| 21          v. | |
| 22  JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., 23  LTD., a Taiwan Corporation, SHI RU YANG aka TONY YANG, an individual, 24  HSIU-YING LU, an individual, and Moes 1 through 10, 25 | |
| 26              Counter-Defendants and Third Party Defendants. | |

27

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

## I.     INTRODUCTION

The point of sanctions is to deter future litigation abuse, and yet the Court's sanctions against Plaintiffs' counsel seem not to have had any effect as they continue to flout the Court's rules.[1]  Attorneys' fees and expenses <u>are due</u> to Defendants.  This is not up for argument any more. In its December 23, 2013, Civil Minutes re Order Granting Defendants' Motion for Sanctions, Docket Number 108 ("Sanctions Order"), the Court ordered that, in addition to a penalty to be paid to the Court, "Counsel [for Plaintiffs] <u>shall</u> also reimburse Defendants for all attorneys' fees and expenses that Defendants incurred in defending against Plaintiffs' time barred claims" (*emphasis added*).  The issue to be decided on Defendants' Motion in Support of Attorneys' Fees, Docket Number 112 ("Fees Motion"), is not whether attorneys' fees should be imposed but <u>how much</u>.

Yet, Defendants are again faced with the laborious task of addressing twice the frivolous, unsubstantiated, and procedurally defective arguments presented by Plaintiffs' two counsels, much like those that brought rise to Defendants' Motion for Sanctions, Docket Number 83 ("Sanctions Motion"), on which the Court ordered the attorneys' fees sanction to be awarded.  Not only has Plaintiffs' counsel failed to conform to the Court's deadline for their opposition,[2] they have also submitted <u>two</u> oppositions to Defendants' Motion in Support of Attorneys' Fees ("Fees Motion"), grossly exceeding the Court-imposed page limit.  Further, Plaintiffs' counsel continues to rehash old arguments that should have been addressed in previous motions (and for the most part, were already dismissed by the Court).  These arguments are entirely inappropriate for reconsideration here.

Worse, Plaintiffs' counsel's efforts to throw back on Defendants' counsel

---

[1] Defendants also inform the Court of a separate pending motion for sanctions before Magistrate Judge Segal regarding Plaintiffs' failure to comply with the Court's order of March 10, 2014, compelling Plaintiffs' supplemental 30(b)(6) depositions as well as the depositions of Third-Party Defendants by no later than March 21, 2014.
[2] Defendants make no issue of Mr. Cole's timely filed opposition but only the late-filed opposition of Mr. Fong.

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

their own failures at pleading and investigation are offensive.  Defendants' counsel has at all times performed their advocacy duties in a professional and ethical manner.  Defendants' counsel has provided reasonable services for their clients and presented to the Court the best legal arguments as they arose, while developing those legal arguments within the confines of reasonable staffing, hours worked, and competitively lower billing rates.  Defendants have put forth an entirely logical and legally supported basis for pro-rating their fees and expenses, and the Court should award sanctions on the basis outlined in the Fees Motion.

## II.   ARGUMENT

### A.   Plaintiffs' Oppositions Should Be Stricken For Exceeding the Page Limit and Exceeding the Scope of the Opposition.

Pursuant to the Sanctions Order, Defendants filed their Fees Motion on February 10, 2014.  On February 12, 2014, the Court set a hearing on the Fees Motion for April 7, 2014.

Local Rule 7-9 provides that opposing papers must be filed and served no later than twenty-one (21) days before the date designated for the hearing of the motion.  Accordingly, any opposing papers were due to be filed no later than March 17, 2014.

Mr. Cole, counsel for Plaintiffs and subject to the Sanctions Order, filed an 18-page opposition on behalf of the Plaintiffs on March 17, 2014, in compliance with Local Rule 7-9.  Mr. Fong, also on behalf of the Plaintiffs and subject to the Sanctions Order, then filed a 23-page opposition on March 18, 2014 – after the deadline.  Due to this late filing, Mr. Fong's opposition should be stricken entirely.

Additionally, the submission of these two oppositions totals forty-one (41) pages, well in excess of the 25-page limit placed on opposing papers by Local Rule 11-6 and the Court's Standing Order at 5(c).  Further arguments by counsel disguised as declarations with exhibits run an additional 216 pages long.  No motion for leave to file two oppositions or an overlong brief was ever filed with the

1  Court by either of Plaintiffs' counsel.  Thus, the second opposition should be
2  stricken in its entirety or, at the very least, stricken after page seven (7), at which
3  point the 25-page limit has been reached.

4         Finally, the opposing papers should also be stricken to the extent that they
5  exceed the scope of the Sanctions Order and subsequent Fees Motion at issue.[3]
6  This is not a 12(b)(6) motion to dismiss, at which point the substantive arguments
7  of Plaintiffs' counsel should have been made.  This is not the Sanctions Motion, at
8  which point counsel's investigative efforts and beliefs concerning the law would
9  have been relevant.  This is also not a motion for reconsideration.  Rather, this is a
10 motion to determine the <u>amount</u> of attorneys' fees and costs to be reimbursed, the
11 Court already having granted an award to Defendants.  Thus, to the extent
12 Plaintiffs' counsel attempt to reargue issues concerning the statute of limitations,
13 these arguments should be stricken.

14       **B.**     **The Amount of Attorneys' Fees and Costs Submitted with**
15                   **Defendants' Fees Motion Is Reasonable.**

16        Over the course of two years, Defendants have been forced to defend against
17 Plaintiffs' frivolous time-barred claims, including the filing of <u>three</u> motions to
18 dismiss, the Sanctions Motion and this Fees Motion.  Defendants have put forth the
19 most logical, reasonable way to apportion fees that necessarily overlap due to the
20 complexity of the instant litigation and the realities of modern lawyering.
21 Defendants' counsel has acted professionally and with their best efforts to keep
22 costs down at all times while still providing the best representation to their clients.
23 Plaintiffs' arguments are wholly unsupported attempts to blame-shift.

24

25 _____
26 [3] The Cole Opposition relies in its entirety on substantive arguments regarding the statute of limitations and should be stricken as exceeding the scope of the Sanctions Order and Fees Motion.  The Fong Opposition relies on substantive
27 arguments regarding the statute of limitations and the Court's order re dismissal for the first thirteen (13) pages.  Accordingly, the first thirteen (13) pages of the Fong Opposition should be stricken as exceeding the scope of the Sanctions Order and Fees Motion as well.

     REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

### 1.   The Time-Barred Claims Are Not Subsumed Into Other Claims Such that Defendants' Attorneys' Fees Are Duplicative.

Counsel Fong cites no authority for the proposition that the time-barred claims "were nonetheless still enumerated within the active § 17200 cause of action." Fong Opp. at p. 14.[4]  Instead, counsel jumps right into analyzing the statute of limitations for such a claim.

But Plaintiffs' counsel misses the point.  Regardless of whether <u>some</u> of the facts that were relevant to the time-barred claims may have been relevant to the unfair competition claim, the importance of these facts, the specifics of these facts, and the analysis of these facts differ depending on the claim at issue.  Further, the repetition of facts does not mean that the <u>claims</u> or the <u>work</u> required on such claims would automatically be duplicative.  The legal elements for each cause of action are distinct and separate, and each cause of action requires its own analysis, research, and investigation in preparation for its own specific defense.

For instance, Defendants would <u>not</u> have needed to investigate whether the contract was oral or written if the only pending claim had been a § 17200 claim. Defendants would <u>not</u> have needed to research the elements and legal authority for Plaintiffs' time-barred claims.  And Defendants certainly would <u>not</u> have needed to prepare <u>three</u> motions to dismiss on specifically time-barred causes of action.

And yet, because this work was done in conjunction with other work[5] that

---

[4] Defendants continue to contend that the arguments raised in the Fong Opposition, particularly those after page 7, should be stricken and not considered by the Court. Accordingly, all arguments addressed in Section II(B), which come from the Fong Opposition, should be moot.

[5] In its section regarding mitigation of fees, the Fong Opposition takes issue with the inclusion of the Roan deposition into Defendants' category of expenses "directly related to the time-barred claims."  Defendants are unsure how this is a mitigation issue and equally unsure how Mr. Roan's testimony, the <u>transcript</u> of which clearly shows testimony related to Mr. Lin's alleged employment relationship with Plaintiffs, was related solely to the contract-based time-barred claims.  This argument *may* be better addressed here, as it relates to fees that Plaintiffs' counsel purport would have been incurred in connection with other claims and, if anything, subject to a pro-rated apportionment.

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

would have applied to the unfair competition claim (and billed accordingly), it is exactly why the pro-rated approach is the most logical and reasonable.  While each cause of action required separate work, reasonable attorneys do not parse out in their billing entries how much time was devoted to thinking about the application of facts to each cause of action or specific issue.  This would be an unreasonable waste of a professional's time, not required by any discerning client, and not a common practice.  A pro-rated approach, as outlined in the Fees Motion, is the most logical, reasonable approach, as endorsed by other courts, regardless of the types of action at issue.  *See Hudson v. Moore Bus. Forms, Inc.*, 898 F.2d 684, 686-87 (9th Cir. 1990); *Trustees of Teamsters Local 631 Sec. Fund for S. Nevada v. Beavers*, 2014 WL 298736, at *4 (D. Nev. Jan. 27, 2014).

> ### 2.      The Fees Incurred in Connection with the Time-Barred Claims Cannot Be Discharged as Potentially Applying to Affirmative Defenses.

Similarly, the fees and expenses submitted in Defendants' Fees Motion are not dischargeable under the theory that they would have been incurred in connection with Plaintiffs' affirmative defenses or as a set-off.  While certain issues relating to Plaintiffs' time-barred claims could possibly be raised as affirmative defenses, Plaintiffs have failed to put forth even one of them.  Without more, particularly given that Defendants' Counterclaims are based on an entirely different contract than that alleged by Plaintiffs, Defendants are not in a position to argue the applicability or inapplicability of certain attorneys' fees and expenses, which would, at best, need to be pro-rated under the proposed theory.

Moreover, none of the fees in relation to the various motions to dismiss would have occurred had Plaintiffs raised their claims merely as affirmative defenses.  Accordingly, Plaintiffs' argument wholly fails in its application to the apportionment of fees incurred by the motions to dismiss.

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

### 3.   Defendants Have Mitigated Their Damages When Possible.

The expenditures submitted by Defendants in connection with their Fees Motion were reasonable and not excessive.  Plaintiffs demanded an exorbitant $10 million in connection with their <u>four</u> complaints – an amount which required the thorough and thoughtful attention of Defendants' counsel.  These complaints included a multitude of claims and complicated facts,[6] many in Chinese, which required extensive time, resources and skill to analyze, investigate and ultimately defend.  *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S. Ct. 1726, 48 L. Ed. 2d 195 (1976) (the court may consider multiple factors when determining reasonableness of attorneys' fees, including the novelty and difficulty of the legal questions; the skill requisite to perform the legal services properly; the amount involved and the results obtained; and the experience, reputation, and ability of the attorneys).

Fox Rothschild's attorneys are skilled, extremely sought-after attorneys who brought their intelligence and expertise to this litigation at rates competitively lower than similarly situated firms.  To keep cost down, Fox Rothschild assigned only one partner, Thomas T. Chan, to supervise and lead the litigation along with only one associate, formerly Steven Hanagami and later Lena N. Bacani, who billed 90% of the total time spent by the team, at lower associate rates,.

Additionally, at no point did Defendants vigorously or excessively resist a baseless claim.  *Contra* Cole Opp. at pp. 9-15; Fong Opp. at pp.17-19.  Defendants only brought up the statute of limitations issue with the third motion to dismiss because that was the first time the pleadings supported such a motion.  Plaintiffs originally filed their complaint alleging "an agreement" without clarifying whether this was oral, written, or implied-in-fact.  *See* First Amended Complaint at ¶ 12. Only later did Plaintiffs amend the complaint to note: "[t]his agreement was never

---

[6] These complicated facts included the separation of various similarly sounding entities involved.  *See* § II(B)(5), *infra*.

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

6

1  reduced to writing, so that no written contract between the parties exist." *See*
2  Second Amended Complaint at ¶ 12. And it only later still did Plaintiffs amend the
3  complaint to acknowledge: "[i]n or about 2009, Plaintiffs became aware of LIN'S
4  tortious and dishonest conduct." *See* Third Amended Complaint ("TAC") at ¶ 15.

5      "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only
6  when the running of the statute [of limitations] is apparent on the face of the
7  complaint.'" *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d
8  1174, 1178 (9th Cir. 2013), *quoting Von Saher v. Norton Simon Museum of Art at*
9  *Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Regardless of when Defendants
10 learned that Plaintiffs became aware of the actions giving rise to their claims, it
11 wasn't until the TAC that the "face of the complaint" warranted a motion to
12 dismiss as untimely. Defendants then met and conferred with Plaintiffs' counsel in
13 an attempt to voluntarily dismiss the time-barred causes of action but were met
14 with stubborn resistance, warranting the filing of their motion.

15     On this point, Mr. Fong introduces yet another frivolous and unsubstantiated
16 argument in contending that Defendants failed to meet and confer on their motion
17 to dismiss. In his opposition, Mr. Cole specifically acknowledges that, in relation
18 to Defendants' 12(b)(6) motion to dismiss the TAC, "[he] meet and conferred by
19 telephone and e-mail with attorneys Lena Bacani and Seth Kramer of Fox
20 Rothschild prior to that motion…" (*sic*). Cole Opp. at 11:5-8. Defendants' notice
21 of motion to the 12(b)(6) motion to dismiss confirms these facts. Accordingly,
22 Defendants have at all times conformed to the requirements of the local rules and
23 the Court's standing orders as well as attempted to mitigate any fees and costs.

### 4.    Defendants Have Not Violated Any California Laws or State Bar Guidelines.

26     Mr. Chan and his firms have never been retained or employed by Plaintiffs,
27 and the audacity of Plaintiffs' counsel to even suggest as much without any
supporting evidence only further exemplifies the frivolous, sanctionable conduct

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

ACTIVE 25146732v7 03/24/2014

1    that has been ongoing on the part of Plaintiffs' counsel throughout this litigation.

2          Mr. Chan (through his former firm, The Chan Law Group, and current firm,

3    Fox Rothschild LLP) is and always has been retained to represent Agape

4    Industrial, Inc., a defendant in this action.  Agape Industrial, Inc. is a U.S.

5    corporation formed and organized by co-Defendant Peter K. Lin.  Agape

6    Industrial, Inc. has never been affiliated with Plaintiffs, and in fact, it was Plaintiffs

7    who chose to sue Agape Industrial, Inc., clearly indicating the lack of relationship.

8          Mr. Fong, however, attempts to confuse the Court by interchangeably

9    referring to companies with similar-sounding names albeit different corporate

10   structures – namely, Agape Industrial, Inc., Agape Industry, Inc., and Agape

11   Industry Co. Ltd.  To further its subterfuge, Mr. Fong also uses monikers shared by

12   these entities  – "Agape" and "Agape Industries" – rather than the specific entity.

13         The fact is: Agape Industrial, Inc. retained Mr. Chan, not Plaintiff Jun-En

14   Enterprise nor Plaintiff Agape Industry Co. Ltd.  Agape Industrial, Inc. or its

15   principal, Mr. Lin paid Mr. Chan's firm for the representation.  Mr. Fong has

16   submitted absolutely zero evidence supporting any of his outlandish allegations

17   while simultaneously violating a protective order in Defendants' previous lawsuit

18   against Aruvil International, Inc. by publicly filing a deposition transcript subject

19   to various confidentiality designations without leave of Court.[7]

20         **C.    The Substantive Arguments of Plaintiffs' Counsel Regarding the**

21                **Statute of Limitations Fail.**

22         Finally, should the Court reconsider the substantive arguments made by

23   Plaintiffs' counsel concerning the statute of limitations, these arguments continue

24   to fail for the very reasons both Defendants and the Court have repeatedly outlined.

25   What we are dealing with here is an oral contract.  An oral contract is subject to a

26   2-year statute of limitations.  Cal. Code Civ. Proc. § 339(1); *see also Cheske v.*

27

---

[7] Mr. Fong has also submitted a declaration in this case, which was marked as
Confidential.  However, a protective order has never been entered by the Court.

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

8

*Waring*, No. CV10-06363, 2010 WL 4916611, at *1 (C.D. Cal. Nov. 24, 2010).

Plaintiffs' TAC finally pled that they learned of the allegedly wrongful conduct in 2009, TAC at ¶ 15, while this action was filed on March 29, 2012. Thus, the breach of contract claims contained in the TAC, on their face, could not stand.

Mr. Fong's opposition drones on about what is "plausible" and a purported inconsistency between the Court's treatment of Plaintiffs' and Defendants' contract claims, but these arguments do not pass muster. Plaintiffs' TAC alleges that "[t]his agreement was <u>never</u> reduced to writing, so that <u>no written contract</u> between the parties exists." TAC at ¶ 12. Plaintiffs cannot allege that something is "plausible" when Plaintiffs flat out admit that same something does not exist.

Further, what was alleged in Defendants' Counterclaims is irrelevant to a motion to dismiss certain of Plaintiffs' claims. Defendants' 12(b)(6) motion concerned the sufficiency of the TAC as pled. *See Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007), *citing Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (motion to dismiss for failure to state a claim limited to contents of complaint). <u>Plaintiffs' TAC pled that there was no written contract</u>. Contrary to Mr. Fong's unsupported assertions, the Court did not look beyond the pleading at issue but rather took the averments of the TAC at face value and determined that Plaintiffs' claims were based on an oral contract.

Second, even considering Defendants' Counterclaims, the dismissal of Plaintiffs' claims was warranted and not inconsistent. Defendants' Counterclaims allege an agreement "memorialized in writing," but nowhere do Defendants allege this is the <u>same</u> agreement on which Plaintiffs base their claims. To the contrary, Defendants specifically allege the opposite, [8] particularly since their written

---

[8] *See* Defendants' Reply In Support of Defendants'/Counterclaimants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 Against Plaintiffs and Their Counsel, Docket No. 99, at fn. 1 ("The May 2009 agreement alleged in Defendants' Counterclaims [Dkt No. 67] is an entirely different agreement than the fictitious 'contract' alleged in Plaintiffs' original Complaint through Third Amended Complaint. [Dkt Nos. 1, 13, 30, and 65]").

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTYS' FEES

9

1  agreement contains no terms even remotely similar to those alleged by Plaintiffs.

2         Accordingly, Plaintiffs' complaint alleges an oral contract, alleges the

3  wrongful conduct was discovered in 2009, and was originally filed on March 29,

4  2012.  Thus, Plaintiffs' breach of contract, breach of duty of loyalty, and

5  interference with prospective economic advantage necessarily fail, as all arose out

6  of this oral contract and are subject to a 2-year statute of limitations.  *See* Cal.

7  Code Civ. Proc. § 339(1); *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911,

8  1001 (C.D. Cal. 2011) (breach of duty of loyalty subject to 2-year statute of

9  limitations); *Kolani v. Gluska*, 64 Cal. App. 4th 402, 407 (1998) (interference with

10 prospective advantage subject to 2-year statute of limitations); *see also* Civil

11 Minutes re Order Granting Motion to Dismiss, Docket Number 73, at pp. 4-5

12 (specifically distinguishing *Agair, Inc. v. Shaeffer*, 232 Cal. App. 2d 513 (1965)).

13 **III.   CONCLUSION**

14        Based upon the foregoing and those outlined in its original motion, Defendants

15 respectfully request that their Motion in Support of Attorneys' Fees be <u>granted</u>.

16 Further, due to Plaintiffs' counsel's continuing disregard of the Court's Sanctions

17 Order, Standing Order, and the Local Rules, Defendants respectfully request that

18 Plaintiffs' counsel be sanctioned to pay for Defendants' legal fees incurred with the

19 Fees Motion and this Reply, which Defendants submit to be $12,026.50 and

20 $11,438.00, respectively, documentation to be provided to the Court, with an

21 additional $1,000.00 estimated to be incurred should the Court require a hearing.

22 Dated:  March 24, 2013                    Respectfully submitted,

23                                          FOX ROTHSCHILD LLP

24                              By   /s/ *Thomas T. Chan*
                                    Thomas T. Chan
25                                  Lena N. Bacani
                                    Attorneys for Defendants/Third Party
26                                  Plaintiffs, PETER K. LIN and AGAPE
                                    INDUSTRIAL, INC.
27