1  Thomas T. Chan (SBN 129606)
       tchan@foxrothschild.com
2  Lena N. Bacani (SBN 213556)
       lbacani@foxrothschild.com
3  FOX ROTHSCHILD LLP
   1055 West 7th Street, Suite 1880
4  Los Angeles, CA 90017-2544
   Telephone:  213-624-6560
5  Facsimile:   310-556-9828

6  Attorneys for Defendants/Third Party Plaintiffs,
   PETER K. LIN and AGAPE INDUSTRIAL, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., LTD., a Taiwan Corporation,<br><br>           Plaintiffs,<br><br>     v.<br><br>PETER K. LIN, AGAPE INDUSTRIAL, INC., and DOES 1 through 10,<br><br>           Defendants. | Case No.: CV 12-02734-PSG-SS<br><br>Hon. Philip S. Gutierrez<br><br>**DECLARATION OF THOMAS T. CHAN RE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |
| PETER K. LIN, an individual, and AGAPE INDUSTRIAL, INC.,<br><br>           Counter-Claimants/Third Party Plaintiffs,<br><br>     v.<br><br>JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., LTD., a Taiwan Corporation, SHI RU YANG aka TONY YANG, an individual, HSIU-YING LU, an individual, and Does 1 through 10,<br><br>           Counter-Defendants and Third Party Defendants. | Hearing Date:     04/07/14<br>Time:               1:30 p.m.<br>Courtroom:        880<br><br>Date Complaint Filed: 03/29/12<br>Discovery Cutoff:     10/15/13<br>Trial Date:                06/24/14 |

CHAN DECLARATION RE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
1

ACTIVE 25172408v4 03/24/2014

I, Thomas T. Chan, declare as follows:

1. I am an attorney duly admitted to practice law and in good standing in the State of California. I am licensed to practice before this Court. I have personal knowledge of the matters set forth herein and, if called upon as a witness, I could and would competently testify thereto.

2. The deposition of Defendants' CPA, Daniel Roan, occurred on October 18, 2013, at the behest of Plaintiffs' subpoena. While I did not personally attend the deposition, I have thoroughly read the transcript and have analyzed how the lines of questioning fit into Plaintiffs' previously pending claims as well as Defendants' counterclaims. The questions posed by Plaintiffs' counsel to Mr. Roan focused solely on questions related to the contract alleged by Plaintiffs in their various complaints and Defendants' prior relationships with Plaintiffs. Questions regarding the May 2009 commissions contract at issue in Defendants' counterclaims were never posed to Mr. Roan. Accordingly, this deposition was for the sole purpose of attempting to aid Plaintiffs' time-barred claims, and fees and expenses incurred in connection therewith should be awarded in their entirety. However, should the Court feel that these fees and expenses are best awarded on a pro-rated basis, the fees and expenses incurred specifically in connection with the Roan deposition total $11,595.50. The remaining fees noted in Defendants' original motion as applying directly to Plaintiffs' time-barred claims would then total $1,542.50.

3. Prior to Fox Rothschild, I was the managing partner of The Chan Law Group. In 2010, while employed by The Chan Law Group, I was approached by Peter K. Lin, one of the defendants in this matter to represent Agape Industrial, Inc., the other defendant in this matter, in connection with the *Agape Industrial, Inc. v. Aruvil International, Inc.* case. All invoices issued for services rendered to Agape Industrial, Inc. have been paid by either Agape Industrial, Inc. or Peter Lin.

This is the only matter beyond the instant case in which I have been retained to represent either Agape Industrial, Inc. or Peter Lin.

4. In 2012, now with Fox Rothschild LLP, I was approached by Mr. Lin to represent both Agape Industrial, Inc. and Mr. Lin in connection with the instant litigation. All invoices issued for services rendered have been paid by either Agape Industrial, Inc. or Peter Lin.

5. At no time, either with The Chan Law Group or Fox Rothschild LLP, have I ever represented either Plaintiff Jun-En Enterprise or Plaintiff Agape Industry Co. Ltd. At no time, either with The Chan Law Group or Fox Rothschild LLP, have I ever represented any Third-Party Defendant. At no time, either with The Chan Law Group or Fox Rothschild LLP, have I ever received payment from any of the Plaintiffs or Third-Party Defendants.

6. At no time has Mr. Fong sought to disqualify me, Chan Law Group or Fox Rothschild LLP for conflict of interest.

7. Mr. Fong has attached the transcript of the deposition of Peter Lin from a separate case, *Agape Industrial, Inc. v. Aruvil International, Inc.* to his declaration as Exhibit 2. This case was subject to a protective order, and portions of this deposition were designated as either attorneys' eyes only or confidential. An email string concerning such designations is even attached to Mr. Fong's declaration as Exhibit 3. **These designations have never been lifted nor challenged in a court of law. No court order has ever been issued lifting these designations.**

8. Mr. Fong has also attached the transcript of the deposition of Daniel Roan to his declaration as Exhibit 4. Counsel for the parties worked on a protective order in this case but never filed. However, on page 114 of the transcript of Mr. Roan's deposition, Ms. Bacani clearly designates the transcript as

confidential, pending the entry of the protective order.  **The parties have never agreed to lift this designation.**

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed March 24, 2014, in Los Angeles, California.

*/s/ Thomas T. Chan*
Thomas T. Chan

CHAN DECLARATION RE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
4

ACTIVE 25172408v4 03/24/2014