1  H. G. Robert Fong, ESQ. State Bar # 53535
2  444 S. Flower Street, Suite 1500
3  Los Angeles CA 90071-1435
   Telephone (213) 488-1400
4
5  Attorney for Plaintiff/Counter Defendants
   and Third Party Defendants
6  JUN-EN ENTERPRISES, AGAPE INDUSTRY CO., LTD.
7  SHI RU YANG aka TONY YANG,
   and HSIU-YING LU

8               UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

| | |
|---|---|
| JUN-EN ENTERPRISES, a Taiwan Corporation, AGAPE INDUSTRY CO., LTD., a Taiwan Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PETER K. LIN, AGAPE INDUSTRIAL INC., and DOES 1 through 10,<br><br>Defendants | Case No: CV 12-2734 PSG (SSx)<br>Hon. Philip S. Gutierrez<br><br>**NOTICE OF MOTION AND MOTION BY ATTORNEY H.G. ROBERT FONG FOR PERMISSION TO BE RELIEVED AS COUNSEL WITH CONSENT OF CLIENTS; SUPPORTING DECLARATION OF H.G. ROBERT FONG.** |
| PETER K. LIN, an individual, and AGAPE INDUSTRIAL, INC.,<br>Counter-Claimants/Third Party<br>Plaintiffs,<br>vs.<br>JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., LTD., a Taiwan Corporation, SHI RU YANG aka TONY YANG, an individual, HSIU-YING LU, an individual, and Does 1 through 10,<br>Counter-Defendants and Third Party Defendants. | Date Complaint Filed: 03/29/12<br>Discovery Cutoff: 10/15/13<br>Trial Date: 06/24/14<br><br>**Motion**:<br><br>Date:       June  2, 2014<br>Time:       1:30 P.M.<br>Courtroom:  880 |

i

**PLEASE TAKE NOTICE** that on Monday, June 2, 2014, at 1:30 p.m., in Courtroom 880 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, Movant, H.G. Robert Fong, attorney of record for Plaintiffs, Counter-Defendants, and Third Party Defendants JUN-EN ENTERPRISE, AGAPE INDUSTRY CO., LTD., SHI RU YANG aka TONY YANG, HSIU-YING LU, [hereinafter, "REPRESENTED PARTIES"] moves, for an order permitting the attorney to be relieved as attorney of record in this action pursuant to United States District Court Central District of California Local Rule 83-2.3.2.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, court records and files, the accompanying declaration of Attorney H.G. Robert Fong, and upon such other matters that the Court may consider at the hearing on the Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on March 13, 2014, and upon Notice to REPRESENTED PARTIES pursuant to Local Rule 83-2.3 *et seq*, and **following their consent to withdraw**.

This Motion was previously filed as Docket # 137 and was calendared for May 5, 2014. The Court issued an Order [Docket # 141] striking the initial filing as the noticed date was closed. On April 14, 2014 Counsel's staff contacted the Court's clerk and was notified that the date of June 2, 2014 was available.

Dated: April 14, 2014          By:   __/s/  H.G. Robert Fong_____
                                     H. G. Robert Fong
                                     Attorney for
                                     REPRESENTED PARTIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. **RELEVANT BACKGROUND.**

This is an action where Plaintiffs, Counter-Defendants, and Third Party Defendants JUN-EN ENTERPRISE, AGAPE INDUSTRY CO., LTD., SHI RU YANG aka TONY YANG, HSIU-YING LU, [hereinafter, "REPRESENTED PARTIES"] have instructed counsel to no longer prosecute, nor defend them in this action. They are substantially in arrears in payment of fees and costs, and they have made a determination now permit H. G. Robert Fong to withdraw from this case. The REPRESENTED PARTIES' decision to no longer prosecute their actions was related to the Court on December 23, 2013 at which time the Court dismissed their affirmative actions. On April 3, 2014, I and Mr. Russell Cole confirmed that REPRESENTED PARTIES had conferred with other counsel and had confirmed that they would no longer defend. Mr. Cole promptly relayed this decision opposing counsel. **On April 4, 2014, I received for the first time consent from the REPRESENTED PARTIES to withdraw from this case and that Mr. Cole would remain as their counsel of record.**

After sending an email on March 12, 2014 to opposing counsel asking if they would oppose a motion to withdraw, on March 13, 2014 I conferred with opposing counsel pursuant to Local Rule 7-3 regarding my intention to file a motion to be relieved as counsel. Opposing counsel was uncertain as to their position on the matter, other than to inquire if we would comply with the Court Rules regarding the motion, which of course we would. Opposing counsel has since not clarified their position. However, their lack of stated opposition and the consent by the REPRESENTED PARTIES appears to render this motion unopposed.

Movant is unable to carry out his obligations to the REPRESENTED PARTIES, because of their withdrawing of all authority to act on their behalf. In

addition, said instructions pace movant into an ethical dilemma to properly represent their interests, but not to perform unauthorized acts on their behalf.

## II. DISCUSSION.

### a. Good Cause Exists to Permit H.G. Robert Fong to Withdraw as Attorney of Record for the Represented Parties.

Pursuant to the United States District Court for the Central District of California's Local Rules, a party who has previously appeared by an attorney may not subsequently appear or act *pro se* except upon order of the court after notice has been given to that party's attorney and any other parties appearing in the action. [Local Rule 83-2.3.1]. Because all REPRESENTED PARTIES have been and will continue to be represented by Russell Cole in this matter, none of the REPRESENTED PARTIES will be acting *pro se* as a result of the granting of this motion.

Moreover, "an attorney may not withdraw as counsel except by leave of court." [Local Rule 83-2.3.2] "An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Id*.

Under California Rules of Professional Responsibility rule 3-700 an attorney may request permission to withdraw in matters where the client (C)(1)(d) "renders it unreasonably difficult for the member to carry out the employment effectively or (C)(1)(f) breaches an agreement or obligation to the member as to expenses or fees. [California Rules of Professional Responsibility rule 3-700(c)(1)(d), (f)]. Rule 3-700 by its terms applies to any breach of an attorney-client agreement.

Accordingly, H.G. Robert Fong's ["Fong"] withdrawal is permitted under two provisions of CRPC 3-700(C). First, Fong's seeks permission to withdraw, pursuant to CRPC 3-700(C)(1)(f), because REPRESENTED PARTIES have breached their obligation to pay expenses and fees per their signed written retainer

agreement with Fong. The REPRESENTED PARTIES have a large outstanding balance that remains unpaid despite numerous assurances. Attorney Fong has asked REPRESENTED PARTIES to bring their account current for the past five months but Plaintiffs have failed to do so. Attorney Fong warned the REPRESENTED PARTIES for several months that if they did not bring their bill current, he would seek to withdraw from representing them [Fong Decl., ¶ 6].

Second, H.G. Robert Fong also seeks permission to withdraw, pursuant to California Rule of Professional Conduct 3-700(C)(1)(d) because Plaintiffs have rendered it *"unreasonably difficult to carry on employment effectively."*

Simply put, the REPRESENTED PARTIES have instructed Fong he is no longer authorized to continue on their behalf in this proceeding [Fong Decl. ¶ 7]. Under California law, Fong may not bind Plaintiffs. Indeed, a lawyer's unauthorized acts are void: *Where client consent is required ("substantive" rights affected), an attorney's unauthorized stipulations or actions are ineffective without such consent and may be set aside at any time.* [Romadka v. Hoge (1991) 232 Cal.App.3d 1231, 1236–1237 — even an unauthorized dismissal is subject to set aside even after time limits for CCP § 473 relief] See also *The Rutter Group* (2014) Cal. Prac. Guide Prof. Resp. Ch. 3-D

**REPRESENTED PARTIES have further informed Fong that they do not intend to further defend**. Thus, Attorney Fong is placed in the untenable *no man's land* of no authority from his client, a breached fee agreement, and clients who intend not to defend.

H.G. Robert Fong has refrained from providing extensive and additional detail so as not to expose information regarding the REPRESENTED PARTIES that may be detrimental or compromising in light of the underlying litigation. However, if the Court requires additional information regarding this good faith request, H.G. Robert Fong requests a brief *in camera* hearing to provide the Court with additional specifics.

### b. Represented Parties will not be prejudiced by Fong's Withdrawal.

As set forth in the declaration of H. G. Robert Fong, the REPRESENTED PARTIES will be represented by co-counsel Russell Cole, who has agreed to stay on as counsel of record through the trial date which does not cause delay in the trial date. [Fong Dec. ¶¶ 8, 9, 10]

### c. Attorney Fong Has Been Given Notice Pursuant to the Local Rules.

Central District of California Local Rule 83-2.3.4 requires:

> An attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear *pro se*.

Several weeks prior to April 4, 2014 Attorney Fong gave written notice to REPRESENTED PARTIES JUN-EN ENTERPRISE, and AGAPE INDUSTRY CO., LTD. of the entities inability to appear *pro se*. However this is not give rise to an violation of *pro se* entity representation as Attorney Russell Cole will continue to represent these entities [Fong Dec. ¶¶ 8, 9, 10]. Thus, the entity REPRESENTED PARTIES will continue to have legal counsel as required by Local Rule 83-2.2.2 that states:

> Organizations: Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.

The remaining individual REPRESENTED PARTIES [YANG and LU] will also continue to be represented by Attorney Russell Cole consistent with Local Rule 83-2.3.3.[1]  Therefore, all REPRESENTED PARTIES will continue to be represented by Attorney Russell Cole.

On April 4, 2014, the REPRESENTED PARTIES agreed to Attorney Fong's withdrawal [Fong Dec. ¶ 9].  Attorney Fong has thus fulfilled his notice requirement under the Local Rules.

### III. CONCLUSION.

Attorney H. G. Robert Fong should not be required to remain as the attorney of record for clients who have breached the terms of their retainer agreement by refusing to pay substantial outstanding fees and costs, and in light of the clients' withdrawal of authorization for services, rendering it impossible to carry on representation. Said basis is justified under California Rules of Professional Conduct.  Furthermore, required notice has been given and no prejudice will result to Plaintiffs nor will the trial date change.

Accordingly, H. G. Robert Fong respectfully requests that he be permitted to withdraw as attorney of record.

Dated:  April 14, 2014            By:     /s/  H.G. Robert Fong
                                          H. G. Robert Fong
                                          Attorney for
                                          REPRESENTED PARTIES

---

[1] L.R. 83-2.3.3 *Individuals*: When an attorney of record for any reason ceases to act for a party, such party must appear pro se or appoint another attorney by a written substitution of attorney signed by the party and the attorneys.

**SUPPORTING DECLARATION OF H. G. ROBERT FONG**

I, H.G. Robert Fong, hereby declare as follows:

1. I have personal knowledge of the following facts set forth below and if called as a witness, I could and would competently testify under oath thereto.

2. I am an attorney in good standing, licensed in the State of California and duly admitted to practice law before California courts and Federal District Courts in the Central District of California.

3. I am the counsel of record for JUN-EN and AGAPE INDUSTRY, YANG and LU in the above entitled case.

4. I make this declaration in regards to the filing of my Motion to be Relieved as Counsel for JUN-EN and AGAPE INDUSTRY, YANG and LU, the "REPRESENTED PARTIES."

5. After sending an email on March 12, 2014 to opposing counsel asking if they would oppose a motion to withdraw, on March 13, 2014 I conferred with opposing counsel pursuant to Local Rule 7-3 regarding my intention to file a motion to be relieved as counsel. Opposing counsel was uncertain as to their position on the matter, other than to inquire if we would comply with the Court Rules regarding the motion, which of course we would. Opposing counsel has since not clarified their position.

6. As of today, April 4, 2014, the REPRESENTED PARTIES have failed to pay substantial fees for legal services and costs, pursuant to their written retainer agreement. Numerous promises to pay have not come to fruition. I have repeatedly informed the REPRESENTED PARTIES that if my outstanding fees remain unpaid, I would seek withdrawal from this case.

7. On or around April 3, 2014 I was advised by the REPRESENTED PARTIES that I was no longer authorized to take action to defend them in

1 the current matter.
2   8.    On or around April 3, 2014 I informed JUN-EN and AGAPE
3         INDUSTRY, YANG and LU of my intention to withdraw as counsel, and
4         that they would continue to be represented by Attorney Russell Cole.
5   9.    On April 4, 2014, the representative for JUN-EN and AGAPE
6         INDUSTRY, YANG and LU acknowledged same and authorized me to
7         make the motion to withdraw with their consent, leaving Russell Cole to
8         remain as their counsel.
9   10.   Because the Parties will continue to be represented by Russell Cole, no
10        delays or prejudice will result, as none of the Parties will act pro se and no
11        continuances will be required.
12  11.   On April 14, 2014 the Court issued an order striking the original filing of
13        this Motion due to unavailability of the Noticed date [Docket # 141].  On
14        April 14, 2014 my paralegal spoke to the Court's clerk whom confirmed
15        availability of June 2, 2014 for re-calendaring this Motion.

    I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed:  April 14, 2014 in Los Angeles, CA.


                                        By:  __/s/  H.G. Robert Fong_____