Name _____

Address _____

City, State, Zip _____

Phone _____

Fax _____

E-Mail _____

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☐ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), |  |
| v. |  |
|  | **NOTICE OF APPEAL** |
| DEFENDANT(S). |  |

NOTICE IS HEREBY GIVEN that _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

_____

Date

_____

Signature
☐ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

## <u>REPRESENTATION STATEMENT</u>

Pursuant to Circuit Rule 3-2, appellant Russell Cole submits the following list of the parties with the names, addresses and telephone numbers of their respective counsel.

Plaintiffs/Counter-Defendants JUN-EN ENTERPRISES and AGAPE INDUSTRIAL CO., LTD., and Third-Party Defendants SHI RU YANG and SHIU-YING LU, are represented by:

Russell Cole and Paul DePasquale
DePasquale & Cole
523 West Sixth Street, Suite 707
Los Angeles, CA 90014
(213) 629-3550.

Defendants and Counter-Claimants PETER K. LIN and AGAPE INDUSTRIAL, INC., are represented by:

Thomas Chan, Alan Chen
Fox Rothschild LLP
1055 West Seventh Street, Suite 1880
Los Angeles, CA 90017
(213) 624-6560.

E-FILED 9/9/14
JS-6 (lc)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUN-EN ENTERPRISE, a Taiwan Corporation, AGAPE INDUSTRY CO., LTD., a Taiwan Corporation, | Case No.: CV 12-02734-PSG-SS |
| Plaintiffs, | ~~[PROPOSED]~~ **JUDGMENT** |
| v. | |
| PETER K. LIN, AGAPE INDUSTRIAL, INC., and DOES 1 through 10, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

ACTIVE 26868036v1 09/04/2014

The Court, having considered Counterclaimants/Third-Party Plaintiff PETER K. LIN and AGAPE INDUSTRIAL, INC.'s ("Counter-Claimants") Motion for Default Judgment (Docket No. 181), and good cause appearing, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    Plaintiffs and Counter-Defendants Jun-En Enterprise and Agape Industry Co., Ltd. take nothing from Defendants and Counter-Claimants Peter K. Lin and Agape Industrial, Inc.;

2.    A judgment in favor of Defendants and Counter-Claimants Peter K. Lin and Agape Industrial, Inc. against Plaintiffs and Counter-Defendants Jun-En Enterprise and Agape Industry Co. shall be entered in the amount of **$140,255.72** for compensatory contract damages; and

3.    Counter-Claimants shall be awarded costs, to be determined after submission of an Application to Tax Costs and Bill of Costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:

4.    Plaintiff and Counter-Defendant Agape Industry Co., Ltd.'s registration of the mark, AG, Registration No. 3,969,166 (the "AG Mark") with the United States Patent and Trademark Office be cancelled, effectively immediately.

5.    Plaintiff and Counter-Defendants Jun-En Enterprises and Agape Industry, Co., and Ysiu-Ying Lu are permanently enjoined from using the AG Mark in any advertising, websites, sales brochures, products or machinery that is sold, imported or distributed in the United States.

Dated: _____9/9_____, 2014

## PHILIP S. GUTIERREZ

The Honorable Philip S. Gutierrez
United States District Judge

[PROPOSED] JUDGMENT

ACTIVE 26868036v1 09/04/2014

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | | Date | March 28, 2014 |
|---|---|---|---|---|
| Title | Jun-En Enterprise v. Lin, *et al.* | | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

Proceedings:          (In Chambers) Order GRANTING Motion for Attorneys' Fees

Before the Court is Defendants Peter K. Lin and Agape Industrial, Inc.'s motion for attorneys' fees. *See* Dkt. # 112. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court GRANTS the motion.

I.    Background

Plaintiffs Agape Industry Co., Ltd. and Jun-En Enterprise (collectively, "Plaintiffs") are Taiwanese manufacturers of metal products and machinery. Dkt. # 1. Plaintiffs allege that they entered into an agreement with Defendant Lin to market and sell Plaintiffs' metal products and machinery in the United States. *Id.* ¶ 12. Plaintiffs further allege that notwithstanding the parties' agreement, Defendant Lin diverted Plaintiffs' customers to competitor businesses and created Defendant Agape Industrial Inc. so as to appear to be associated with Plaintiff Agape Industry Co., Ltd. *Id.* ¶ 13.

On March 23, 2012, Plaintiffs filed a Complaint, raising six causes of action for trademark infringement, breach of contract, breach of duty of loyalty, unfair business practices, tortious interference with prospective business advantage, and misappropriation of trade secrets. *Id.* ¶¶ 14-28. Notably, the Complaint did not mention when Plaintiffs first learned of Defendants' wrongful conduct. *See id.* Instead, Plaintiffs asserted, without temporal limitation, that "Plaintiffs are informed and believe and thereupon allege that Defendants Lin [and] Agape Industrial, Inc. . . . have diverted customers . . . and [have taken] steps to conceal these actions." *Id.* ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

   One month later, Plaintiffs filed a First Amended Complaint ("FAC") raising all six causes of action and adding a seventh cause of action for unfair competition. Dkt. # 13.  But as in the Complaint, Plaintiffs did not plead when they first learned of Defendants' wrongful conduct.  *See id.* ¶ 17.  Defendants filed a motion to dismiss the FAC, challenging all claims asserted therein, except Plaintiffs' trademark infringement claim. Dkt. # 22.  With respect to Plaintiffs' breach of contract claim, the Court denied Defendants' motion, finding that the FAC adequately pleaded the terms of the parties' agreement and how Defendants breached those terms. Dkt. # 26 at 4.  With respect to Plaintiffs' misappropriation of trade secrets claim, the Court granted the motion, without prejudice, because Plaintiffs failed to state the alleged trade secret with particularity.  *Id.* at 5-6.  The Court followed suit with Plaintiffs' remaining claims, finding them preempted under the California Uniform Trade Secret Act ("CUTSA").  *Id.* at 6-8.

   On November 13, 2012, Plaintiffs filed a Second Amended Complaint ("SAC"), maintaining all seven causes of actions raised in the FAC. Dkt. # 30.  Like the Complaint and the FAC, the SAC similarly failed to assert when Plaintiffs first learned of Defendants' wrongful conduct.  *Id.*  Defendants moved to dismiss the SAC, specifically targeting Plaintiffs' claims for unfair competition, duty of loyalty, unfair business practices, tortious interference with prospective business advantage, and misappropriation of trade secrets. Dkt. # 33.  The Court granted Defendants' motion, without prejudice. Dkt. # 64.  As to Plaintiffs' misappropriation of trade secrets claim, the Court found that Plaintiffs had once again failed to state the alleged trade secret with sufficient particularity.  *Id.* at 3.  As to Plaintiffs' claims for unfair competition, duty of loyalty, unfair business practices, and tortious interference with prospective business advantage, the Court once again held that they were preempted by CUTSA.  *Id.* at 4-5.

   Plaintiffs then filed a Third Amended Complaint ("TAC") on July 8, 2013. Dkt. # 65. Although Plaintiffs dropped their misappropriation of trade secrets claim, they maintained claims for trademark infringement, unfair competition, breach of contract, breach of duty of loyalty, unfair business practices, and tortious interference with prospective business advantage.  *Id.*  Also, whereas the Complaint, FAC, and SAC failed to specify when Plaintiffs first learned of Defendants' "tortious and dishonest conduct," Plaintiffs' TAC now stated, for the first time in over 15 months of litigation, that Plaintiffs learned of Defendants' conduct "in or about 2009."  *Id.* ¶ 15.

   Having finally determined when Plaintiffs first learned of Defendants' tortious and dishonest conduct, Defendants moved to dismiss Plaintiffs' claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage. Dkt. # 66. Defendants argued that all three of these claims were time barred under a two-year statute of limitations.  *Id.* at 5-7.  Although Plaintiffs attempted to explain why a two-year limitations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|----------|----------------------|------|----------------|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

period did not apply, *see* Dkt. # 71 at 12-14, the Court readily found otherwise, dismissing all three claims with prejudice, *see* Dkt. # 73.

On October 29, 2013, Defendants moved for sanctions against Plaintiffs and their counsel[1] ("Counsel") under Rule 11 of the Federal Rules of Civil Procedure for failing to conduct a reasonable inquiry into the facts and law underlying Plaintiffs' claims for breach of contract, breach of duty of loyalty, tortious interference with prospective business advantage, and trade secret misappropriation. *See* Dkt. # 83. While the Court agreed with Defendants in part, it did not agree with Defendants in full. *See* Dkt. # 108. As to Plaintiffs' trade secret misappropriation claim, the Court did not find sanctions warranted under Rule 11. *See id.* at 9. However, with respect to Plaintiffs' claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective economic business advantage (collectively, "time barred claims"), the Court found sanctions necessary. *See id.* at 5-8. In reaching this decision, the Court noted that after 15 months of litigation, and two rounds of 12(b)(6) motions by Defendants, Plaintiffs' TAC finally admitted critical facts revealing the time barred nature of these claims. *Id.*

Based on this finding, and the arguments presented at hearing on December 23, 2013, the Court sanctioned Mr. Fong $2,000 for including the time barred claims in the Complaint and FAC, and sanctioned Mr. Cole $1,000 for including the time barred claims in the SAC. *See id.* at 10. The Court also ordered Counsel to reimburse Defendants for "all attorneys' fees and expenses that Defendants incurred in defending against Plaintiffs' time barred claims." *Id.* However, because Defendants did not document those fees in their sanctions motion, the Court allowed Defendants to submit another motion regarding the reasonableness of the attorneys' fees requested. *See id.*

On February 10, 2014, Defendants accepted the Court's invitation, submitting a motion for fees regarding their defense of Plaintiffs' time barred claims. Dkt. # 112.

II.   <u>Discussion</u>

Pursuant to the Court's sanctions order, Defendants' motion discusses the reasonableness of the attorneys' fees requested, and includes documentation of those fees. *See id.* Plaintiffs' opposition briefs, however, far surpass the scope of the instant dispute. *See* Dkts. # 123-124. Instead of limiting their attack to the reasonableness of the fees requested, Mr. Cole and Mr. Fong launch a broad assault on the underlying merits of the time barred claims. *See id.* For

---

[1] Plaintiffs are represented by Russell Cole ("Mr. Cole") of DePasquale & Cole, and H.G. Robert Fong ("Mr. Fong") of Ku & Fong Law Offices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

instance, Mr. Cole's brief attacks the merits of the Court's prior dismissal orders, along with the Court's sanction order, without paying any heed to the reasonableness of defense counsel's hourly rates, or the reasonableness of the hours defense counsel expended in defending against the time barred claims. *See generally Cole Opp.* So too does Mr. Fong, albeit to a lesser degree. *See generally Fong Opp.* While Mr. Fong's brief does spend the last few pages arguing against the reasonableness of Defendants' fee request, much of his argument is still dedicated to resurrecting arguments related to the sanctions issue and prior dismissal orders. *See id.*

As Counsel should well know, though, the time for such argument is long gone. This is not a Rule 12(b)(6) motion to dismiss, at which point Mr. Fong and Mr. Cole's arguments should have been made. This is also not the sanctions motion, at which point Mr. Fong and Mr. Cole's investigative efforts and beliefs concerning the law would have been germane. Nor is this a motion for reconsideration, which Mr. Fong and Mr. Cole proclaimed they would bring at the sanctions hearing, but never did. Rather, this is a motion to determine the amount of attorneys' fees and costs to be reimbursed.

Indeed, the Court's Rule 11 sanctions order states, without a doubt, that "Counsel *shall* also reimburse Defendants for all attorneys' fees and expenses that Defendants incurred in defending against Plaintiffs' time barred claims." *See* Dkt. # 108 at 10 (emphasis added). It then instructs Defendants to "submit to the Court documentation of the fees and expenses incurred," along with "a motion explaining why those fees are reasonable." *See id.* Put simply, then, the issue to be decided is not whether attorneys' fees should be imposed, as Mr. Cole and Mr. Fong seemingly believe, but only how much fees must be awarded. The Court therefore considers Plaintiffs' opposition briefs only to the extent that they address the precise issue now pending before the Court, *to wit*, the reasonableness of the attorneys' fees requested by Defendants.

A.    Reasonable Attorneys' Fees

In order to determine the reasonableness of the attorneys' fees requested by Defendants, the Court considers, as it must, the lodestar, *i.e.*, the number of hours reasonably expended multiplied by the reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1984) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate."). The lodestar "presumptively provides an accurate measure of reasonable [attorneys'] fees." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994); *see Clark v. City of Los Angeles*, 803 F.2d 987, 990 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

The reasonable hourly rate is that prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the 'prevailing market rates in the relevant community.'") (citation omitted); *Viveros v. Donahoe*, CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The burden is on the applicant to show that its requested rates are reasonable. *See Gonzalez*, 729 F.3d at 1206 ("Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards."). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

With regard to the hours expended, an attorney fee award should include compensation for all the hours reasonably spent. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). However, inefficient or unnecessarily duplicative efforts do not merit compensation. *See id.* (noting that "hours that are excessive, redundant, or otherwise unnecessary" should be excluded).

After calculating the lodestar, the Court may, but is not required to, adjust the award in light of a number of factors to fix the fee at the fair market value for the legal services provided. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The Court may adjust the presumptively reasonable lodestar based on the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See id.*

>    i.    *Reasonable Hourly Rates*

The Court first considers the reasonableness of defense counsel's hourly rates. The defense of this matter is being handled primarily by Thomas T. Chan ("Mr. Chan") and Lena N. Bacani ("Ms. Bacani"). *See Mot.*, Ex.'s C-H. Mr. Chan's hourly rate is $550 per hour. *See Chan Decl.* ¶ 22. He is a partner at Fox Rothschild LLP and has more than 30 years of litigation experience. *See id.*, Ex. B. Mr. Chan has represented entrepreneurs and multi-nationals in a

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|----------|---------------------|------|----------------|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

variety of cases involving complex and high-stakes patent, trademark, copyright, trade secret, and contract disputes. *See id.* In light of these facts, the Court finds that Mr. Chan's rate of $550 per hour conforms to the prevailing market rate for similar work by attorneys of comparable skill and experience in the community. *See Trauth v. Spearmint Rhino Cos. Worldwide, Inc.*, No. EDCV 09-01316 VAP (DTBx), 2012 WL 4755682, at *7 (C.D. Cal. Oct. 5, 2012) (finding hourly rates of $700 for partners in the Central District as reasonable); *see also Chan Decl.*, Ex. I.

Ms. Bacani's hourly rate is $385-$410 per hour. *See Mot.* Ex.'s C-H. She is a senior counsel at Fox Rothschild LLP and has more than twelve years of experience litigating business and intellectual property cases. *See Chan Decl.* ¶ 22. In view of these facts, the Court finds that Ms. Bacani's rate of $385-$410 per hour conforms to the prevailing rate for similar work by attorneys of comparable skill and experience in the community. *See, e.g.*, *Trauth*, 2012 WL 4755682, at *7 (finding hourly rates of $350 for counsel and $495 for senior litigation associates in the Central District as reasonable).

Finally, to the extent Defendants' billing records occasionally reference additional attorneys, such as Mr. Steve Hanagami and Mr. Seth Kramer, and various paralegals, such as Ms. Cindy Lu and Ms. Grace Boivin, the Court finds these hourly rates to be reasonable as well. *See Mot.*, Ex. C-H; *see also Chan Decl.* ¶ 22. Mr. Hanagami was a senior associate at Fox Rothschild LLP with nearly twenty years of experience handling business and intellectual property disputes. *See id.* His hourly rate of $265 per hour conforms to the prevailing market rate for similar work by attorneys of comparable skill and experience in the community. *See, e.g.*, *Trauth*, 2012 WL 4755682, at *7 (finding hourly rates of $495 for senior litigation associates in the Central District as reasonable). So too does Mr. Kramer's rate of $285, as a third year litigation associate at Fox Rothschild LLP. *See id.* (finding hourly rates of between $250 to $495 for "other attorneys" as reasonable). And Ms. Liu and Ms. Boivin's rates of $120 per hour for performing various paralegal services do as well. *See Chan Decl.* ¶ 22; *see also Trauth*, 2012 WL 4755682, at *7 (finding hourly rates of $150 for paralegals as reasonable).

### ii. *Reasonable Hours Expended*

With the reasonableness of defense counsel's hourly rates well settled, the Court now considers the reasonableness of the hours expended by defense counsel in defending against the time barred claims. Defendants argue that they should be awarded attorneys' fees as to all fees and expenses that can be attributed specifically to their defense of the time barred claims. *See Mot.* 4:18-26. Defendants also contend that they should be awarded attorneys' fees for all other matters on a pro rata basis due to the overlapping nature of the time barred claims with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

Plaintiffs' remaining claims. *See Mot.* 4:3-11. The Court addresses each of these grounds for attorneys' fees in turn.

> *a.*    *Fees Directly Attributable to Time Barred Claims*

Defendants first argue that they incurred $13,138.00 in attorneys' fees "directly and solely" attributable to their defense of the time barred claims. *See Mot.* 4:18-26. Defendants support this proposition by reference to Exhibit C of their motion. *Id.*, Ex. C. Upon inspection of Exhibit C, the Court agrees that *some* of defense counsel's billing entries are "directly and solely" attributable to their defense of the time barred claims. For instance, Mr. Hanagami spent significant time conducting legal research regarding the statute of frauds – a defense which applied only to Plaintiffs' time barred claims. *See id.* Similarly, Ms. Bacani reviewed the Court's prior order rejecting dismissal of the breach of contract claim under the statute of frauds, and Ms. Boivin performed additional legal research regarding the same. *See id.* These fees, among others noted in Exhibit C, are directly attributable to the defense of the time barred claims, and must therefore be included in the Court's fees calculation. *See id.*

Nevertheless, many of the billing entries demarcated in Exhibit C are not "directly and solely" attributable to the defense of the time barred claims. Most of the billing entries enumerated in Exhibit C refer to defense counsel's deposition preparation of Defendants' CPA, Mr. Roan. *See id.* Although Defendants contend that they should be reimbursed for all fees incurred in preparing Mr. Roan for deposition as Mr. Roan "testified on matters only relating to the Time-Barred Claims," Defendants' averment is unfounded. *See Mot.* 4:24-26. Defendants do not provide any evidentiary support for this contention – they merely proclaim, by fiat, that this must be so. *See id.*; *see also Fong Opp.* 19:19-21. More importantly, though, the deposition transcript of Mr. Roan, which Mr. Fong attaches to his brief, clearly shows that Mr. Roan testified about a myriad of matters, including facts germane to Plaintiffs' fraud and conversion claims. *See Fong Decl.*, Ex.'s 4-5. As such, Defendants' contention that Mr. Roan "testified on matters *only* relating to the Time-Barred Claims" is not only unsupported, but is belied by the evidence currently before the Court. *See Mot.* 4:24-26 (emphasis added).

Accordingly, Defendants are only entitled to the following fees as "directly and solely" related to the defense of the time barred claims:

| | Hourly Rate | Hours | Attorneys' Fees |
|---|---|---|---|
| Ms. Bacani | $385 | 0.7 | $269.50 |
| Mr. Hanagami | $265 | 2.7 | $715.50 |
| Ms. Boivin | $120 | 4.5 | $540.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|

| Title | Jun-En Enterprise v. Lin, *et al.* |
|---|---|

| | | | | $1,525.00 | |
|---|---|---|---|---|---|

          b.     *Fees Indirectly Attributable to Time Barred Claims*

In addition to fees "directly and solely attributable" to the time barred claims, Defendants also request fees incurred in defending against the time barred claims more generally. Defendants contend that due to the overlapping nature of the time barred claims and remaining claims, the Court should award fees on a pro rata basis for these fees. *See Mot.* 3:25-4:14. For example, with respect to recovering fees relating to Defendants' motion to dismiss the FAC, Defendants argue for a one-half share of the total fees incurred because three of the six claims attacked by the motion to dismiss included the time barred claims. *Id.* 5:4-10. Defendants apply the same logic to their defense of the SAC and TAC, along with other general litigation costs. *See id.* 5:4-7:2.

Mr. Fong, however, vehemently objects to apportioning fees on a pro rata basis because the time barred claims are "still enumerated within the active §17200 cause of action" and would have been incurred in connection with litigating certain affirmative defenses. *See Fong Opp.* 14:24-26, 17:3-15. In this way, Mr. Fong appears to contend that Defendants' request amounts to nothing more than a double-dip for attorneys' fees, as Plaintiffs' time barred claims involve similar facts and issues as the § 17200 claim and certain affirmative defenses. *See id.* 16:17-22.

In the eyes of the Court, however, Defendants' argument carries the day, but only partly so. Regardless of whether some of the facts that were relevant to the time barred claims might be relevant to the § 17200 claim and certain affirmative defenses, the analysis of such facts still differs depending on the specific claim at issue. *See Reply* 4:8-11. And even assuming, *arguendo*, that the facts of the time barred claims are indeed the same as the § 17200 claim and certain affirmative defenses, this does not mean that the work required on such claims was, or necessarily will be, duplicative. *Id.* 4:13-15. The legal elements for each and every one of these claims are distinct and separate, and thus required defense counsel to perform a distinct legal analysis when moving to dismiss the time barred claims. *Id.* 4:16-20. As a result, the Court finds it eminently reasonable to calculate attorneys' fees on a pro rata basis for fees incurred in moving to dismiss Plaintiffs' pleadings, as other courts have done in similar circumstances as here. *See, e.g.*, *Hudson v. Moore Bus. Forms, Inc.*, 898 F.2d 684, 686-87 (9th Cir. 1990).

But still, the Court must mention that it will not reimburse Defendants for *all* fees relating to general litigation matters, even if such fees are assessed pro rata. While pro rata apportionment makes sense with respect to the fees incurred as to Defendants' efforts in reviewing Plaintiffs' pleadings and moving to dismiss the FAC, SAC, and TAC, it makes no sense to reimburse Defendants for tasks they would have been required to perform in any case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

*See Fong Opp.* 17:18-20:3; *cf. Mot.*, Ex. G. The Court therefore applies the appropriate pro rata calculation to defense counsel's billing entries relating to the time expended reviewing the pleadings and moving to dismiss those pleadings only.

        1.        Motion to Dismiss the FAC

    With respect to the billing entries relating to defense counsel's efforts to dismiss the FAC, the majority involve general litigation matters that defense counsel would have been required to perform regardless of whether Plaintiffs raised the time barred claims in the FAC. For instance, Mr. Chan spent 0.2 hours directing his team to obtain an extension of time to respond to the FAC, and 0.1 hours reviewing the stipulation to extend time. *See Mot.*, Ex. D. Many of Mr. Hanagami's billing entries follow suit, such as the various billing entries regarding the filing of a stipulation to extend the time to respond. *See id.* The Court therefore disregards these specific entries, and any other billing entries that similarly describe general litigation matters, from its fees calculation.

    Some billing entries, however, do pertain to defense counsel's handling of the motion to dismiss the FAC and the time barred claims asserted therein. Among other entries, for example, Mr. Chan billed 1 hour to revise the motion to dismiss, and another 1.6 hours to do the same with the reply. *See id.* Mr. Hanagami also spent considerable time researching and drafting the motion to dismiss the FAC, and Ms. Liu assisted with additional legal research regarding the same. *See id.* Based on a pro rata, one-half portion of these billing entries, then, Defendants are entitled to attorneys' fees for defense counsel's efforts in dismissing the FAC in the following amount:

| | **Hourly Rate** | **Hours** | **Attorneys' Fees** |
|---|---|---|---|
| Mr. Chan | $550 | 2.6 x 1/2 = 1.3 | $715.00 |
| Mr. Hanagami | $265 | 21.9 x 1/2 = 10.95 | $2,901.75 |
| Ms. Liu | $120 | 1.6 x 1/2 = 0.8 | $96.00 |
| | | | **$3,712.75** |

        2.        Motion to Dismiss the SAC

    As to the billing entries germane to defense counsel's efforts to dismiss the SAC, the Court applies the same logic. *See Mot.*, Ex. E. Because Defendants moved to dismiss five claims in their motion to dismiss the SAC, two of which were time barred claims, a pro rata, two-fifths portion of the fees may be recovered. Based on a pro rata, two-fifths portion of the applicable billing entries, the Court finds that Defendants are entitled to fees for defense counsel's efforts in moving to dismiss the SAC in the following amount:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|

| Title | Jun-En Enterprise v. Lin, *et al.* |
|---|---|

|  | **Hourly Rate** | **Hours** | **Attorneys' Fees** |
|---|---|---|---|
| Mr. Chan | $550 | 2.4 x 2/5 = 0.96 | $528.00 |
| Ms. Bacani | $385 | 33.6 x 2/5 = 13.44 | $5,174.40 |
|  |  |  | **$5,702.40** |

3.    Motion to Dismiss the TAC

With respect to the billing entries involving defense counsel's efforts to dismiss the TAC, the Court follows suit by applying the pro rata amount. Because Defendants moved to dismiss five claims in their motion to dismiss the TAC, three of which were time barred claims, a pro rata, three-fifths portion of the fees may be recovered.

However, the Court's analysis here differs from its analysis *supra* in one, significant way. Whereas Defendants requested a reasonable amount of time for defense counsel's efforts in moving to dismiss the FAC and SAC, the Court finds defense counsel's billing records with respect to its attack of the TAC to far exceed the necessary amount, *see Mot.*, Ex. F, especially given the rudimentary nature of Defendants' statute of frauds defense and statute of limitations defense, as presented in Defendants' motion to dismiss the TAC. *See Kerr*, 526 F.2d at 69-70; *see also* Dkt. # 66 at 3-7. Additionally, for purposes of comparison, the Court notes that while defense counsel spent approximately 12 prorated hours strategizing and drafting its attack on the FAC, *see supra*, and approximately 14 prorated hours doing the same with the SAC, *see supra*, defense counsel spent more than double that time in attacking the TAC, notwithstanding the straightforward nature of the arguments presented in the motion to dismiss the TAC:

|  | **Hours** |
|---|---|
| Mr. Chan | 5.2 x 3/5 = 3.12 |
| Ms. Bacani | 28.8 x 3/5 = 17.28 |
| Mr. Kramer | 23.8 x 3/5 = 14.28 |
|  | **34.68 Hours** |

In light of this comparative data, and the rudimentary nature of Defendants' statute of frauds defense and statute of limitation defense, the Court finds it more appropriate to align the billable hours defense counsel spent attacking the TAC with the time they spent attacking the FAC and SAC, respectively. *See Kerr*, 526 F.2d at 69-70 (allowing district courts to fix the fee at the fair market value by considering the time and labor required, novelty and difficulty of the questions presented, and necessary skill required to perform the task); *see also Drexler*, 22 Cal. 4th at 1095; *Sternwest Corp.*, 183 Cal. App. 3d at 77 (1986) (holding that if the lodestar calculation resulted in an excessive award, the court should reduce the award to "a reasonable figure"). The Court therefore halves the amount of time Mr. Chan, Ms. Bacani, and Mr. Kramer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

spent in attacking the TAC, and applies a pro rata, three-fifths portion of those billing entries in order to compensate Defendants for defense counsel's efforts in moving to dismiss the TAC:

| | Hourly Rate | Hours | Attorneys' Fees |
|---|---|---|---|
| Mr. Chan | $550 | 2.6 x 3/5 = 1.32 | $726.00 |
| Ms. Bacani | $410 | 14.4 x 3/5 = 8.64 | $3,542.40 |
| Mr. Kramer | $285 | 11.9 x 3/5 = 7.14 | $2,034.90 |
| | | | **$6,303.30** |

      *iii.*    *Expenses*

In addition to attorneys' fees, Defendants also request reimbursement of expenses relating to "Westlaw Research" and other filing fees. *See Mot.* 4:18-5:23; *see also id.* Ex.'s C-F. However, because defense counsel's billing records fail to specify the nature of the legal research performed, or the type of filing fee incurred, the Court cannot determine whether these expenses pertain to Defendants' attack on the time barred claims specifically, or matters defense counsel would have been required to perform in any case. *See id.* Accordingly, the Court denies, in its entirety, Defendants' additional request for reimbursement of expenses related to "Westlaw Research" and other filing fees.

      *iv.*    *Summation*

In sum, based on the reasonable hourly rates and reasonable amount of time defense counsel spent defending against the time barred claims, Defendants are entitled to $17,243.45 in fees, recoverable against Mr. Fong and Mr. Cole, jointly and severally.

| Category of Fees | Attorneys' Fees |
|---|---|
| Time Barred Claims | $1,525.00 |
| Motion to Dismiss the FAC | $3,712.75 |
| Motion to Dismiss the SAC | $5,702.40 |
| Motion to Dismiss the TAC | $6,303.30 |
| **Total** | **$17,243.45** |

IV.    <u>Conclusion</u>

Thus, for the foregoing reasons, the Court GRANTS Defendant's motion for attorneys' fees. Defendants are entitled to $17,243.45 in attorneys' fees, recoverable against Mr. Fong and Mr. Cole, jointly and severally. Counsel must make payment to Defendants by <u>**May 24, 2014**</u>.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#112 (04/07 hrg off)**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | Jun-En Enterprise v. Lin, *et al.* | | |

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Defendants' Motion for Sanctions**

Pending before the Court is Defendants Peter Lin and Agape Industrial Inc.'s (collectively, "Defendants") Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Dkt. # 83. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the supporting and opposing papers, the Court GRANTS the motion.

I.     Background

Plaintiffs Agape Industry Co., Ltd. and Jun-En Enterprise (collectively, "Plaintiffs") are Taiwanese manufacturers of metal products and machinery. Dkt. # 1. Plaintiffs allege that they entered into an agreement with Defendant Lin to market and sell Plaintiffs' metal products and machinery in the United States. *Id.* ¶ 12. Plaintiffs further allege that notwithstanding the parties' agreement, Defendant Lin diverted Plaintiffs' customers to competitor businesses and created Defendant Agape Industrial Inc. so as to appear to be associated with Plaintiff Agape Industry Co., Ltd. *Id.* ¶ 13.

On March 23, 2012, Plaintiffs filed a Complaint, raising six causes of action for trademark infringement, breach of contract, breach of duty of loyalty, unfair business practices, tortious interference with prospective business advantage, and misappropriation of trade secrets. *Id.* ¶¶ 14-28. Notably, the Complaint did not mention when Plaintiffs first learned of Defendants' wrongful conduct. *See id.* Instead, Plaintiffs asserted, without temporal limitation, that "Plaintiffs are informed and believe and thereupon allege that Defendants Lin [and] Agape

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | | Date | December 23, 2013 |
|---|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | | |

Industrial, Inc. . . . have diverted customers . . . and took steps to conceal these actions." *Id.* ¶ 13.

Approximately one month later, Plaintiffs filed a First Amended Complaint ("FAC") maintaining all six causes of action and adding a seventh cause of action for unfair competition. Dkt. # 13. But as in the FAC, Plaintiffs did not plead when they first learned of Defendants' wrongful conduct. *See id.* ¶ 17. Defendants filed a motion to dismiss the FAC, challenging all claims asserted therein, except Plaintiffs' trademark infringement claim. Dkt. # 22. With respect to Plaintiffs' breach of contract claim, the Court denied Defendants' motion, finding that the FAC adequately pleaded the terms of the parties' agreement and how Defendants breached those terms. Dkt. # 26 at 4. With respect to Plaintiffs' misappropriation of trade secrets claim, the Court granted the motion, without prejudice, because Plaintiffs failed to state the alleged trade secret with sufficient particularity. *Id.* at 5-6. The Court followed suit with Plaintiffs' remaining claims, finding them preempted under the California Uniform Trade Secret Act ("CUTSA"). *Id.* at 6-8.

On November 13, 2012, Plaintiffs filed a Second Amended Complaint ("SAC"), maintaining all seven causes of actions raised in the FAC. Dkt. # 30. Like the Complaint and the FAC, the SAC similarly failed to assert when Plaintiffs first learned of Defendants' wrongful conduct. *Id.* Defendants moved to dismiss the SAC, specifically targeting Plaintiffs' claims for unfair competition, duty of loyalty, unfair business practices, tortious interference with prospective business advantage, and misappropriation of trade secrets. Dkt. # 33. The Court granted Defendants' motion, without prejudice. Dkt. # 64. As to Plaintiffs' misappropriation of trade secrets claim, the Court found that Plaintiffs had once again failed to state the alleged trade secret with sufficient particularity. *Id.* at 3. As to Plaintiffs' claims for unfair competition, duty of loyalty, unfair business practices, and tortious interference with prospective business advantage, the Court once again held that they were preempted by CUTSA. *Id.* at 4-5.

Plaintiffs then filed a Third Amended Complaint ("TAC") on July 8, 2013. Dkt. # 65. Although Plaintiffs dropped their misappropriation of trade secrets claim, they maintained claims for trademark infringement, unfair competition, breach of contract, breach of duty of loyalty, unfair business practices, tortious interference with prospective business advantage, and breach of contract. *Id.* Also, whereas the Complaint, FAC, and SAC failed to specify when Plaintiffs first learned of Defendants' "tortious and dishonest conduct," Plaintiffs' TAC now stated, for the first time in over 15 months of litigation, that Plaintiffs learned of Defendants' conduct "in or about 2009." *Id.* ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

Having finally determined when Plaintiffs first learned of Defendants' tortious and dishonest conduct, Defendants moved to dismiss Plaintiffs' claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage. Dkt. # 66. Defendants argued that all three of these claims were time barred under a two-year statute of limitations. *Id.* at 5-7. Although Defendants attempted to explain why a two-year limitations period did not apply, *see* Dkt. # 71 at 12-14, the Court found otherwise, dismissing all three claims with prejudice, *see* Dkt. # 73.

Now, Defendants move to sanction Plaintiffs and their counsel[1] ("Counsel") under Rule 11 of the Federal Rules of Civil Procedure for failing to conduct a reasonable inquiry into the facts and law underlying Plaintiffs' claims for breach of contract, breach of duty of loyalty, tortious interference with prospective business advantage, and trade secret misappropriation. Dkt. # 83.

II.　　Legal Standard

Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") gives the authority to a federal court to impose sanctions against litigants appearing before it. *See* Fed. R. Civ. P. 11. Rule 11 is "designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis." *Truesdell v. S. Calif. Permanente Med. Group*, 209 F.R.D. 169, 173-73 (C.D. Cal. 2002). Rule 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

---

[1] Plaintiffs are represented by Russell Cole of DePasquale & Cole, and H.G. Robert Fong of Ku & Fong. *See Cole Decl.*, ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | | Date | December 23, 2013 |
|---|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | | |

Fed. R. Civ. P. 11(b). "Rule 11 permits a court to impose a sanction for any violation of these certification requirements, either upon the attorney or the party 'responsible for the violation.'" *Truesdell*, 209 F.R.D. at 174 (citing Fed. R. Civ. P. 11(c)). The imposed sanction should be limited to "what is sufficient to deter repetition of the conduct or comparable harm by others similarly situated." Fed. R. Civ. P. 11(c)(1).

A court considering Rule 11 sanctions should consider whether the party or parties' submissions were "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362-65 (9th Cir. 1990) (en banc). "Our cases have established that sanctions [under Rule 11] must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'" *Townsend*, 929 F.2d at 1362. Thus, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Schutts v. Bently Nevada Corp.*, 966 F. Supp. 1549, 1562 (D. Nev.1997) (citation omitted).

III.   Discussion

In light of the standard enunciated in Rule 11(b), Defendants' Motion argues that Plaintiffs and Counsel must be sanctioned for maintaining frivolous claims throughout numerous stages of this litigation. *See Mot.* 1:2-18. Defendants primarily contend that had Counsel conducted even a cursory pre-suit investigation – let alone "an inquiry reasonable under the circumstances" as required by Rule 11(b) – they would have readily ascertained that their claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage were time barred by a two-year statute of limitations. *See Mot.* 1:13-17. Defendants also aver that Plaintiffs and Counsel maintained a frivolous claim for trade secret misappropriation in the FAC and SAC, even though Plaintiffs voluntarily dropped this claim from the TAC. *See Mot.* 1:10-13.

For the reasons discussed *infra*, the Court agrees with Defendants in part, but not in full. While Counsel must be sanctioned under Rule 11 for filing Plaintiffs claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage, the same does not apply to Plaintiffs' trade secret misappropriation claim. The Court hereinafter refers to Plaintiffs' claims for breach of contract, breach of duty of loyalty, and tortious interference with prospective business advantage as the "time barred claims."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | | Date | December 23, 2013 |
|---|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | | |

A.     The Time Barred Claims

As an initial matter, the Court recognizes that Rule 11 sanctions are often unnecessary when a plaintiff simply asserts a time barred claim, with no hint of additional misconduct. *See, e.g., Czajkowski v. Reed Elsevier, Inc.*, No. 07-cv-2383 JM (LSP), 2008 U.S. Dist. LEXIS 22172, at *18-21 (S.D. Cal. March 20, 2008); *Franco v. American Gas Laboratories*, No. CV 87-3032, 1987 U.S. Dist. LEXIS 15221, at *20 (C.D. Cal. Oct. 5, 1987) (holding that dismissal of an action based on a statute of limitations defense does not warrant sanctions). Most of the time, this makes good sense. Asserting a time barred claim is not so "rare and exceptional" that sanctions are required under Rule 11. *See Czajkowski*, 2008 U.S. Dist. LEXIS 22172, at *20 (finding that plaintiff's assertion of time barred claims was not rare and exceptional and therefore did not warrant Rule 11 sanctions). If the rule were otherwise, nearly every dismissal of a claim due to a statute of limitations defense would result in Rule 11 sanctions – a clearly impermissible outcome.

There are rare and exceptional circumstances, however, when the dismissal of a claim under procedural limitations, like a statute of limitations defense, does warrant Rule 11 sanctions. *See Mir v. Little Company of Mary Hospital*, 844 F.2d 646, 652 (9th Cir. 1988) ("We are persuaded that [plaintiff] acted unreasonably in bringing an action for $27,000,000 in the face of clear authority that each claim was barred by procedural limitations."); *Taylor v. Merchants Credit Corp.*, No. 13-395 RSM, 2013 U.S. Dist. LEXIS 124810, at *4-8 (W.D. Wash. Aug. 30, 2013) (deeming plaintiffs' filing of a claim under the FDCPA "frivolous" because the statute of limitations on that claim had expired, but plaintiff neither withdrew the claim nor persuasively opposed the motion for sanctions). Along with those cases, Plaintiffs' action here is a case in point, for a number of reasons.

Most notably, Counsel violated Rule 11(b) by failing to conduct a reasonable inquiry into the facts and law of Plaintiffs' time barred claims. *See Schutts*, 966 F. Supp. at 1562. By filing the Complaint, FAC, SAC, and TAC, all of which contained Plaintiffs' time barred claims, Counsel continually represented, pursuant to Rule 11, that these claims were factually and legally warranted. However, after at least 15 months of litigation, and two rounds of 12(b)(6) motions by Defendants, Plaintiffs' TAC finally admitted that Plaintiffs first learned of Defendants' alleged tortious and dishonest conduct "in or about 2009." *See TAC* ¶ 15. There is no question, then, that Plaintiffs made no mention of this critical fact in their Complaint, filed on March 29, 2012, signed by Counsel Fong. *See* Dkt. # 1 at 12. Nor did Plaintiffs in the FAC, filed on May 9, 2012, signed again by Counsel Fong. *See* Dkt. # 13 at 13. And nor did Plaintiffs in the SAC, filed on November 13, 2012, signed by Counsel Cole. *See* Dkt. # 30 at 13. But

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | | Date | December 23, 2013 |
|---|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | | |

once Plaintiffs finally disclosed this information, presumably as a result of Counsel's investigation into the basic facts underlying these claims, it was no surprise that each and every one of the claims was time barred by a two-year limitations period. Indeed, it took the Court only a few pages of opinion writing to dismiss with prejudice all three claims in its September 2013 Order. *See* Dkt. # 73 at 4-5.

One might reasonably wonder why it took Plaintiffs and Counsel over 15 months, through the course of filing the Complaint, FAC, SAC, and TAC, to unearth and disclose this information. The Court has certainly cogitated over the question. Yet Plaintiffs' Opposition offers nary a word of clarification, failing to state a single fact demonstrating that they conducted any investigation – much less a reasonable one – into any of the time barred claims. *See generally Opp.* Instead, Plaintiffs' Opposition beats around the bush, offering superfluity after superfluity in defense of Counsel's failure to conduct a reasonable investigation of the facts and law of Plaintiffs' time barred claims.

Plaintiffs' Opposition initially argues that the Court should overlook Counsel's failure to disclose when Plaintiffs first learned of Defendants' tortious conduct because neither Defendants nor the Court ever mentioned the statute of limitations applicable to these claims. *See Opp.* 6:14-17, 9:19-20. In a rather obtuse way, Plaintiffs are correct – neither Defendants nor the Court mentioned the applicable statute of limitations to these claims throughout the many months of litigation leading up to September 2013 Order dismissing those claims. But so what? Plaintiffs cannot shift the blame for *their* mistake to the Court, or even Defendants for that matter. As Counsel well know, or certainly should know given their experience in the profession, Rule 11 places the onus on *them*, as the advocates of *their* claims, to make a reasonable inquiry into the facts of *their* case. *Truesdell*, 209 F.R.D. at 174 ("Rule 11 permits a court to impose a sanction for any violation of these certification requirements, either upon the attorney or the party 'responsible for the violation.'") (citing Fed. R. Civ. P. 11(c)). The Court has no duty to *sua sponte* inform Counsel that their client's claims might be time barred under the relevant statute of limitations. Nor do Defendants. Without knowledge as to when Plaintiffs first learned of Defendants' tortious and dishonest conduct, Defendants had no way to even raise a statute of limitations defense.

Plaintiffs' Opposition also contends that Counsel's failure to disclose this critical information was no subterfuge, let alone an act of bad faith. Rather, Counsel was "open and honest about what they knew, [but] to their own detriment." *Opp.* 10:1-3. While the Court appreciates Counsel's belated honesty in disclosing this information after many months of litigation, the fact remains that Plaintiffs and Counsel waited until the TAC to unveil when Plaintiffs first learned of Defendants' "tortious and dishonest conduct." *See TAC* ¶ 15. Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

even assuming, for the sake of argument, that Counsel truly meant no harm by their dilatory investigation, Defendants were harmed, so there is a foul. Counsel cannot "avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). Put simply, Counsel's ostensible good faith does not save them Rule 11. *See Zaldivar*, 780 F.2d at 831; *Townsend*, 929 F.2d at 1362-65.

Finally, Plaintiffs' Opposition avers that Counsel reasonably argued for a three year statute of limitations period in rebutting Defendants' motion to dismiss the TAC. *See Opp.* 12:17-13:4. But this contention, like all of Plaintiffs' other responses, falls short. Whether or not Counsel reasonably argued for a three year limitations period in defending the TAC, Plaintiffs' pleadings still did not assert when Plaintiffs first learned of Defendants' "tortious and dishonest conduct" until Counsel filed the TAC, after 15 months of litigation. *See TAC* ¶ 15. Counsel has not, therefore, assuaged their failure to conduct a reasonable factual inquiry of Plaintiffs' time barred claims.

But even if Counsel made a reasonable inquiry into the facts and law of Plaintiffs' time barred claims, Counsel hyperbolizes the merits of their statute of limitations argument. From the Court's point of view, such an argument was doomed from the start. In dismissing Plaintiffs' breach of contract claim as time barred under a two-year limitations period, the Court cited a century-old case from the Supreme Court of California. *See* Dkt. # 73 at 4 (*citing O'Brien v. King*, 174 Cal. 769, 772 (1917)). Similarly, the Court cited a decade-old case in holding that Plaintiffs' claims for intentional interference with prospective business advantage and breach of duty of loyalty were barred by a two-year limitations period. *See id.* (*citing August v. United Servs. Auto Assn.*, 13 Cal. App. 4th 4, 10 (1993)). Contrary to Counsel's argument, then, there is no way that they could have reasonably believed that existing case law could be extended to fit the facts of Plaintiffs' case – a two year limitations period applied, without question. *See Schutts*, 966 F. Supp. at 1562 ("The issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded.").

For this reason and all of the reasons discussed *supra*, Plaintiffs' Opposition does not advance any meaningful explanation for why Counsel failed, over a period of at least 15 months and multiple rounds of 12(b)(6) motions, to inquire into the facts and law of Plaintiffs' time barred claims. Had Counsel conducted even a cursory pre-suit investigation in the first place – let alone an "inquiry reasonable under the circumstances" as required under Rule 11(b) – they would have readily ascertained these claims were time barred before filing the Complaint, FAC, SAC and TAC. Counsel's failure to conduct a reasonable investigation into Plaintiffs' time barred claims is therefore far from ordinary – it is extraordinary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

Yet the story continues.  The Court finds Rule 11 sanctions necessary for two additional reasons as well.  First, notwithstanding the frivolity of Plaintiffs' time barred claims, Plaintiffs demand significant damages as a result of Defendants' purported conduct.  The TAC, like the Complaint, FAC and SAC, demands "[g]eneral damages in an amount subject to proof at trial, but not less than *Ten Million Dollars* ($10,000,000)."  *E.g.*, Dkt. # 65 at 14 (emphasis added).  According to the Ninth Circuit, the Court may consider the gravity of Plaintiffs' damages request when evaluating the reasonableness of Plaintiffs' actions under Rule 11.  *See Mir*, 844 F.2d at 653; *see also Unioil, Inc. v. E. F. Hutton & Co.*, 809 F.2d 548, 557 (9th Cir. 1986) ("[J]ust as the gravity of foreseeable injury is relevant to determining a party's standard of care in a negligence case, so should the cost of a foreseeable response by opposing parties be relevant to determining an attorney's standard of reasonable inquiry."), *cert denied*, 484 U.S. 822 (1987).

In *Mir*, the Ninth Circuit determined that a plaintiff acted "unreasonably [under Rule 11] in bringing an action for $27,000,000 in the face of clear authority that each claim was barred by procedural limitations."  *Mir*, 844 F.2d at 653.  Relying on that fact, among others, the Ninth Circuit upheld the district court's sanction award because "a prayer for this amount of money forces an opposing party to mount a vigorous and costly defense."  *Id.* (internal citations omitted).  Even though Plaintiffs' request for damages in this case does not rise to the level of damages requested in *Mir*, Plaintiffs' $10,000,000 request is far from pocket change, and thus required Defendants to mount a "vigorous and costly defense" over the course of 15 months to dismiss Plaintiffs' time barred claims.  *See id.*  In addition to Plaintiffs' unreasonable inquiry into the facts and law of these claims, Plaintiffs' substantial damages request also favors Rule 11 sanctions.

Second and finally, the Court briefly notes that Counsel are far from first-year lawyers.  As the Ninth Circuit explained in *Heuttig & Schromm, Inc.*, the Court may also consider this fact in determining whether to apply Rule 11 sanctions.  *See Huettig & Schromm, Inc. v. Landscape Contractors Council*, 790 F.2d 1421, 1426-427 (9th Cir. 1986) (upholding district court's decision to sanction attorneys in part because "the sanctioned attorneys were experienced labor law practitioners" and "must have known that they could not relitigate the issue"); *see also United States v. Nelson*, 885 F.2d 547, 549-50 (9th Cir. 1989); *Lloyd v. Schlag*, 884 F.2d 409, 413 (9th Cir. 1989) ("Given counsel's experience [among other factors], counsel's signature on the original Complaint unquestionably violated Rule 11.").

Mr. Fong, who signed the Complaint and the FAC, was admitted to the bar over forty years ago.  *See Mot.* 8:14-20; *see also* Dkts. # 1, 13.  Mr. Cole, who signed the SAC and the TAC, was admitted to the bar almost twenty-five years ago.  *See Mot.* 8:14-20; *see also* Dkts. #

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

30, 65. Mr. Fong and Mr. Cole are also named partners at their respective law firms. *See Mot.* 8:14-20. Nonetheless, despite their presumable sagacity and training in the profession, both Mr. Fong and Mr. Cole failed to do the most rudimentary factual and legal research regarding the viability of Plaintiffs' time barred claims. All they had to do was look at Section 339(1) of the California Civil Code and a calendar. Accordingly, the Court determines that Counsel's experience in the profession, combined with their failure to conduct a reasonable inquiry into the facts and law of the time barred claims, requires the Court to impose Rule 11 sanctions.

B.    Trade Secret Misappropriation Claim

Along with Plaintiffs' time barred claims, Defendants further aver that Plaintiffs and Counsel must be sanctioned for maintaining a frivolous misappropriation of trade secrets claim, even though Plaintiffs voluntarily dropped that claim from their TAC. *See Mot.* 1:10:13. In support of this conclusion, Defendants contend that "it's undisputed that Defendants generated all of their own customers and sales leads." *Mot.* 5:4-7. However, because Defendants offer no evidence in support of this assertions, this does not, by itself, convince the Court of the frivolity of Plaintiffs' trade secret claim.

Defendants' second argument fares no better. Defendants contend that because Plaintiffs pleaded their trade secret claim in the FAC and SAC, but suddenly dropped the claim from their TAC, this necessarily shows frivolity. *See Mot.* 7:9-18. The Court disagrees. Plaintiffs' decision to forgo litigating their trade secret misappropriation claim does not necessarily mean that it lacked merit. If this were the rule, the Court could impose sanctions on any plaintiff who simply decided to drop a claim after a few rounds of pleadings. But it's not. Without more, Defendants fail to show that Plaintiffs' trade secret misappropriation claim was not well founded. The Court thus refuses to sanction Plaintiffs or Counsel under Rule 11 for raising the trade secret misappropriation claim.

C.    Appropriate Sanctions

Although Plaintiffs' trade secret misappropriation claim does not warrant sanctions under Rule 11, as discussed *supra*, sanctions are appropriate with respect to Counsel's failure to properly investigate Plaintiffs' time barred claims. Under Rule 11(c), the Court may impose "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Defendants request that the Court impose three sanctions against Plaintiffs and Counsel: (1) penalties sufficient to deter future conduct of a similar nature; (2) all reasonable attorneys' fees and expenses incurred by Defendants in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

defending against this litigation, or at minimum the fees incurred by Defendants to dismiss the frivolous claims; and (3) an Order dismissing Plaintiffs' remaining claims, with prejudice. *See Mot.* 9:16-20.

The Court initially notes that nothing in Defendants' Motion or Reply suggests that Plaintiffs are at fault for Counsel's failure to investigate the facts and law of the time barred claims. The Court also finds no reason to sanction Plaintiffs for Counsel's violations of Rule 11. The blame resides with Counsel, and Counsel alone.

In terms of what sanctions must be applied to Counsel, the Court initially finds that terminating sanctions are not appropriate. Although Counsel's conduct certainly violates Rule 11, it does not rises to such a level that Plaintiffs' entire action, including their claims that have survived up until this point in time, must be dismissed in to-to. Counsel's conduct does, though, merit a penalty and attorneys' fees, just as Defendants request. To deter similar conduct in the future, the Court finds that Mr. Fong must be penalized in the amount of $2,000 for including the time barred claims in the Complaint and FAC, and Mr. Cole must be penalized in the amount of $1,000 for including the time barred claims in the SAC. This amount is no more than reasonable given Counsel's failure to reasonably investigate the facts and law of Plaintiffs' time barred claims over 15 months of litigation and multiple rounds of 12(b)(6) motions. Counsel shall make this payment to the Court by January 6, 2014.

Counsel shall also reimburse Defendants for all attorneys' fees and expenses that Defendants incurred in defending against Plaintiffs' time barred claims. Plaintiffs may submit to the Court documentation of the fees and expenses incurred in defending against those claims, and those claims only, along with a motion explaining why those fees are reasonable, by February 10, 2014. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (explaining that the reasonableness of attorneys' fees is typically determined by the lodestar method, which involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate"); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622-23 (9th Cir. 1983) (holding that the moving party has the burden to produce evidence that the rates and hours worked are reasonable).

IV.   <u>Conclusion</u>

Thus, for the foregoing reasons, the Court GRANTS Defendants' Motion for Sanctions. Mr. Fong shall make payment of $2,000 to the Court by **<u>January 6, 2014</u>**. Mr. Cole shall make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           cc: Fiscal Section

| Case No. | CV 12-2734 PSG (SSx) | Date | December 23, 2013 |
|---|---|---|---|
| Title | *Jun-En Enterprise, et al. v. Lin, et al.* | | |

payment of $1,000 to the Court by **January 6, 2014**.  Defendants may file a motion for attorneys' fees with respect to Plaintiffs' time barred claims by **February 10, 2014**.

**IT IS SO ORDERED.**